UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK,

                               Plaintiff,

v.                                           Civil Action No. _____

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC

                               Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Michael Hallmark, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Cohen & Slamowitz, LLC ("Cohen"), is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC ("Midland"), is a foreign registered limited liability partnership organized

1

and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

10. That at all times relevant herein, Cohen acted as agent for Midland.

11. That all of the acts of Cohen alleged herein were done within the scope of their agency relationship with Midland.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a debt to HSBC Bank Nevada, N.A. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff thereafter defaulted on the subject debt.

15. That upon information and belief Defendant Cohen was employed by the current holder of the account, Midland to collect on the subject debt.

16. That on or about August 1, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was $1,835.31.

17. That on or about August 17, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was now $1,982.89; $147.58 more than the balance indicated 16 days prior.

18. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e(2) by misrepresenting the amount of the debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

22. That Defendant R.A.B. is liable for all of the acts of Defendant Cohen as alleged in this complaint pursuant to the laws of agency.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 5, 2011

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

3