UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

MICHAEL HALLMARK,

                                                No. 11-cv-0842(WMS)(LGF)

                Plaintiff,

  v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC

                Defendants.
———————————————————————

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT

**I.    PRELIMINARY STATEMENT**

This is a case brought by Plaintiff under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.* for Defendants' abusive tactics employed in the course of their attempt to collect a consumer debt from Plaintiff Michael Hallmark. The complaint, and the proposed amended complaint, alleges that two of Defendants' letters to Plaintiff were deceptive in violation of the FDCPA.

Specifically, Plaintiff alleges that on August 1, 2011, Defendants mailed Plaintiff a letter stating that he owed $1,835.31 on an alleged credit card debt. (See <u>Exhibit A</u> annexed to proposed amended complaint). Sixteen days later, on August 17, 2011, the Defendants mailed Plaintiff a letter indicating that 1) they were authorized to file a lawsuit to collect the debt,

1

and 2) the balance due on the debt had increased to $1,982.89. (See Exhibit B annexed to Plaintiff's proposed amended complaint). The August 17, 2011 letter gave no explanation as to why the balance of the debt had increased $147.58 in sixteen days.[1]

Plaintiff filed this action on October 6, 2011. At the time he filed the complaint, and until February 10, 2012, Plaintiff did not know what had caused the increase in his debt, and assumed it was simply exorbitant interest. (Seth Andrews affirmation, ¶¶ 4-9).

Upon learning on February 10, 2012 that $140.00 of the increase in the debt represented anticipated court filing fees that had not yet been incurred, Plaintiff diligently researched and prepared this motion to amend his complaint to a class action.

## ARGUMENT

I. **THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRE ALLOWANCE OF THE PROPOSED AMENDMENT TO THE COMPLAINT.**

The Federal Rules provide that with respect to the amendment of pleadings "[t]he court should freely give leave to [to allow amendments] when justice so requires." Fed. R. Civ. P. 15(a)(3). As noted by the U.S. Supreme Court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the

---

[1] The increase in the balance, if calculated as interest, would represent an increase in the debt at an annual rate of approximately 183%.

> absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Foman v. Davis*, 378 U.S. 178, 182 (1962).

Here, the deadline to amend pleadings was February 9, 2012. (Docket No. 13). When an amendment is sought after the deadline to amend has passed, the party seeking to amend is required to show good cause for not moving within the time set by the Court. *Kodak Graphic Communications Canada Co. v. E. I. Du Pont de Nemours*, 2011 WL 6826650 (W.D.N.Y.2011) (citing *Kassner v. 2nd Delicatessen Inc.*, 496 F.3d 229, 242-45 (2d Cir. 2007). Determining whether there is good cause to amend a complaint involves a two part analysis. First, the Court must find that the moving party was diligent. After such a finding is made, the Court may consider other relevant factors, such as whether there is any prejudice to the non-moving party. *Id.*

Here, Plaintiff has been diligent. No discovery was permitted until the parties conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d)(1). That conference occurred on January 12, 2012. *See* Attached Declaration of Seth Andrews, dated March 5, 2012. At that meeting, and in discussions with opposing counsel shortly thereafter, Plaintiff's counsel inquired as to the cause of the unexplained rapid increase

3

in Plaintiff's debt balance, and finally obtained an explanation on February 10, 2012. *Id.* Now, just three weeks later, Plaintiff has filed his motion to amend.

It is hard to imagine what Plaintiff could have done to be more diligent. If Plaintiff had he served discovery demands on Defendants rather than seeking the information informally, he would probably still not know the cause of the precipitous increase in his debt. In addition, there is no prejudice to Defendant whatsoever. The discovery deadline is this matter is more than seven months away. No depositions have been held. Accordingly, the Defendants will have every opportunity to protect their interests. It is submitted, therefore, that Plaintiff has established good cause for not seeking to amend his complaint by the deadline imposed in the Court's scheduling order.

## II.  PLAINTIFF'S CLAIMS ARE NOT FUTILE.

Plaintiff's amended complaint alleges multiple counts of deceptive practices on the part of the Defendants which, if proven, establish liability under the FDCPA.

The FDCPA prohibits the misrepresentation of the amount of a debt. 15 U.S.C. § 1692e(2)(A). The proposed amended complaint alleges that the Defendant's included a $140.00 court filing fee in the balance due on Plaintiff's account before they had actually incurred that expense. *See* Proposed Amended Complaint, ¶¶ 12-16.

Generally, a debt collector may add court costs to the amount of a debt only after they have actually incurred the expense. They may not charge for prospectively for fees or expenses to be incurred in the future. *Veach v. Sheeks*, 316 F.3d 690, 693-94 (7th Cir. 2003). By including the $140.00 filing fee in the amount due before actually incurring it, the Defendants violated this principle and 15 U.S.C. § 1692e(2)(A).

The August 17, 2011 letter of Cohen & Slamowitz also violated the FDCPA by failing to disclose that the $140.00 filing fee had been included in the amount due. It has been held that an unsophisticated consumer might conclude that his debt had escalated by $140.00 for some other reason, perhaps exorbitant interest. By failing to disclose that $140.00 of the amount claimed to be due was in the nature of future court filing fees, the Defendants engaged in deceptive conduct in violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692f . *Fields v. Wilbur Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004).

Finally, the August 17, 2011 letter was misleading and deceptive concerning the amount that the Plaintiff was required to pay to settle the account. On August 1, 2011, Cohen & Slamowitz had offered to settle the debt for $1,468.25 if paid by August 29, 2011. The August 17, 2011 letter demanded $1,982.89, and made no reference to the earlier settlement offer. This led Plaintiff, and would lead the least sophisticated consumer, to be confused as to the amount that was needed to settle the account. By offering

violated FDCPA §§ 1692e, e(2)(A), e(5), e(10), f, and f(1)

Accordingly, the claims raised by Plaintiff in the amended complaint are not futile.

## CONCLUSION

By reason of the foregoing, this Court should grant Plaintiff's motion to amend the complaint.

Dated: March 5, 2012

/s/ Kenneth R. Hiller\_\_\_\_
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com