UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MICHAEL HALLMARK,

                                                         No. 11-cv-0842(WMS)(LGF)

                    Plaintiff,

    v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC

                    Defendants.
───────────────────────────────


### PLAINTIFF'S REPLY MEMORANDUM OF LAW

**I.    PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in Reply to Defendant's Response to Plaintiff's Motion to Amend the Complaint.

### ARGUMENT

**II.    THE SUCCESS OF PLAINTIFF'S MOTION TO AMEND DOES NOT RELY UPON DEFENDANT'S COUNSEL'S STATEMENTS TO PLAINTIFF'S COUNSEL.**

The Defendant makes much of the fact that Plaintiff quotes Defendant's counsel in an effort to establish good cause to amend the complaint. However, those statements are merely corroboration of the fact that Plaintiff and his counsel did not know that the increase in Plaintiff's debt had been caused by the addition of a state court filing fee to the balance of the debt until February 10, 2012. Thus, even if this Court were not to consider the statements Mr. Ryan made to Mr. Andrews, this motion is still

1

supported by Mr. Andrews affirmation that he did not know the facts necessary to amend this complaint to assert a class action until February 10, 2010.

Every allegation made in Plaintiff's proposed amended complaint alleges facts that can be and were established independent of Mr. Ryan's statements. The date of Defendant's letter to Mr. Hallmark is established in the document itself. The date that the lawsuit was filed and filing fee paid is are matters of public record. As such, there is no reliance on Mr. Ryan's statements to establish liability in this case.

### III. DEFENDANT'S COUNSEL'S STATEMENTS TO PLAINTIFF'S COUNSEL ARE NOT PRIVILEGED.

#### A. Mr. Ryan's Statements to Plaintiff's Counsel Were Not Made In Settlement Negotiations.

As noted in the accompanying affirmation of Seth Andrews, Esq., settlement negotiations had stalled by the time Mr. Ryan disclosed that the state court filing fee had been added to Plaintiff's account balance by his client. Mr. Ryan had presented an offer of $1,000.00 inclusive of costs in a "take it or leave it" manner. There were no pending settlement discussions as of February 10, 2012. As such, Mr. Ryan's statements should be considered a gratuitous offer of information to Plaintiff's counsel, which would not be subject to Rule 408 of the Federal Rules of Evidence.

2

### B. Plaintiff Does Not Seek to Use Mr. Ryan's Statements to Establish Liability or the Amount of Plaintiff's Claim.

Rule 408 applies when evidence is offered:

> To prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction . . .

Rule 408 of the Federal Rules of Civil Procedure.

In this instance, Plaintiff does not seek to establish any element of Plaintiff's claims. Rather, he merely seeks to provide evidence to the Court explaining why he waited until March 8, 2011 to amend the complaint. Nothing in the language of Rule 408 immunizes settlement discussions for the limited purpose of establishing good cause to file a Motion to Amend a complaint after the Court imposed deadline.

### IV. THE PUTATIVE PLAINTIFFS HAVE MET THEIR MINIMAL BURDEN OF ESTABLISHING THEIR ENTITLEMENT TO AMEND THE COMPLAINT TO ASSERT A CLASS ACTION AT THIS EARLY STAGE IN THE PROCEEDINGS.

This is not a Motion for Class Certification. It is simply a Motion to Amend the Complaint to assert a class action. A determination as to whether a class should be certified should occur at a later time when Plaintiff brings a motion for class certification. Nonetheless, this Court should examine whether there is a likelihood of success with respect to the class action. As noted in two of the cases cited by the Defendant, this review is limited given the fact that Plaintiff has not had the opportunity to initiate discovery to

3

obtain evidence supporting their effort to obtain class certification. *Pierre v. J.C. Penney Company, Inc.*, 2006 WL 407553, fn 11 (E.D.N.Y.2006); *Presser v. Key Food Stores Cooperative, Inc.*, 218 F.R.D. 53, 56-57 (E.D.N.Y.2003).

### A. It is Virtually Certain That the Putative Plaintiffs Will Meet Their Burden of Proving Numerosity.

Defendant opposes Plaintiff's motion on the grounds that he has failed to provide any evidence regarding the size (i.e. the numerosity) of the class. (Defendant Cohen & Slamowitz's Memorandum of Law, at p.8). Defendant asserts that Plaintiff has merely alleged that the offending letters were "form letters". However, the proposed amended complaint also alleges that these form letters were mailed to hundreds, if not thousands, of consumers in New York, and that in all of these letters the Defendant adds court filing fees not yet incurred to the balance due on the consumer's debt. (Proposed Amended Complaint, ¶ 18-19).

It is entirely expected that through discovery, Plaintiff will be able to unequivocally establish that these letters were mailed to numerous consumers across the State of New York. Cohen & Slamowitz is in sole possession of the evidence that would establish the number of recipients of those letters, as well as the identity of other potential class members. This is exactly the type of issue that should not be determined at this early stage and before Plaintiff has had the opportunity to conduct any discovery.

A similar situation existed in the case of *Harrison v. Great Springwaters of America, Inc.*, 1997 WL 469996 (E.D.N.Y.,1997). In that case, the Court held:

> Although the plaintiffs do not yet know the size of any of their proposed classes, "precise quantification of class members is not necessary; rather, the court may make common sense assumptions to support a finding of numerosity." *Id.* at *7. Plaintiffs argue that a large number of customers will have received a form collection letter that is disseminated by a high volume business like Great Spring. This court agrees it is reasonable to assume that the proposed classes will be large enough to meet numerosity requirements and to make joinder impractical.

*Id.,* *3.

As noted in the complaint, the letters that give rise to the class all have the appearance of a form letter. In addition, previously reported cases involving Cohen & Slamowitz establish that the use of form letters as an essential part of their practice. *Squilanda v. Cohen & Slamowitz, LLP.*, 2011 WL 4344044 (S.D.N.Y.,2011) (refusing to dismiss class action based upon "a standardized form letter produced by defendants" and to consumers); *Miller v. Cohen & Slamowitz* (refusing to dismiss class action based upon "a standardized form letter produced by defendants" and to consumers); *Ellis v. Cohen & Slamowitz, LLP*, 701 F.Supp.2d 215, 224 (N.D.N.Y.,2010) (refusing to dismiss action under New York General Business Law §349 on grounds that defendant's letters were "boilerplate" in nature and

5

therefore consumer oriented); *Miller v. Upton, Cohen & Slamowitz,* 687 F.Supp.2d 86, 94 (E.D.N.Y.,2009) (Court refuses to dismiss class action against defendant based upon letters sent to consumers by defendant based, in part, on evidence that defendant performed perfunctory review of facts before allowing form debt-collection letters to be generated by its' computer system).

As further evidence of the fact that Cohen & Slamowitz's letters are form letters that were mailed to numerous New York residents, Plaintiff submits relevant portions of the deposition of David Cohen, one of the principals of Defendant Cohen & Slamowitz.  Mr. Cohen testified to their firms use of form letters.  For example, he testified that he drafted "the form of the letter" that went out to the plaintiff. (Tr. 12).  He further testified that they "pull certain fields of data-electronic bits of data-and use that information to re-format it and print the letter". (Tr. 73).  Thus, it is quite apparent that Cohen & Slamowitz has been sending form letters to consumers for years.  From all of the evidence available at this early stage, it would appear that the sending of form letters to consumers is the essence of Cohen & Slamowitz's business model.

Finally, it is noteworthy that Cohen & Slamowitz has not denied that the letters that are the subject of this action are form letters sent to numerous New York residents.  As such, it is submitted that Plaintiff has

met his burden of establishing a likelihood of establishing the numerosity requirement for class certification when that motion comes before this Court.

### B. Common Questions Exist Among All Class Members That Predominate Over Individual Issues.

Defendant cites *Luedke v. Delta Air Lines, Inc.*, 1993 WL 313577 (S.D.N.Y.1993) in support of their motion. In *Luedke*, the proposed class included employees of Pan Am who were advised that they would be employed by Pan Am II or its' unions. The court noted that such a class would require individualized determinations as to each proposed class members, including the authority of the person who "advised" each class member of their eligibility for future employment, the reasonableness of the reliance of each class member on the assurance of employment, and the credibility of each class member. *Id.,* at 330.

No such determinations would be necessary in this case. All that will be needed is the names and addresses of each consumer who was mailed the offending letters. The simple inquiry after that would be whether the letter was sent before or after the filing of the civil complaint. Presumably, this information could be easily learned by simply looking at Cohen & Slamowitz's computer records, which should contain these dates.

There are also no issues of reasonable reliance as the FDCPA is a strict liability statute. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996). Thus, no individualized determinations are necessary in that regard.

The Defendant further argues that Plaintiff's assumption that the recipient of these letters must have been similarly harmed is unfounded. (Affirmation of Daniel R. Ryan, ¶ 12). This complaint seeks statutory and actual damages for the proposed class members. However, no emotional distress is alleged, nor are any damages sought for emotional distress. The statutory damages sought would be based upon "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C.§1692k(b)(2). There would be no consideration relative to the extent to which each consumer was "harmed".

The actual damage claim seeks reimbursement of any unincurred filing fees members of the class paid to Cohen & Slamowitz. This would be easily determined through the records of Cohen & Slamowitz, i.e. a list of all consumers who paid "filing fees" and which Cohen & Slamowitz never subsequently filed a lawsuit. In addition, in FDCPA cases, it has been held that the fact that some class members may have only statutory damages, while others may have statutory and actual damages is not a barrier to class certification. *Keele v. Wexler & Wexler*, 149 F.3d 589, 593 (7th Cir.,1998).

The other cases cited by Defendant are inapposite in that they involved determinations as to whether class certification should be granted. Plaintiff

fully expects, after conducting discovery, to be in a position establish eligibility for class certification at a later date.

## CONCLUSION

By reason of the foregoing, this Court should grant Plaintiff's motion to amend the complaint.

Dated: March 23, 2012

                                              /s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com