UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK,
                      Plaintiff,                        **DECISION**
                                                      **and**
        v.                                                  **ORDER**

COHEN & SLAMOWITZ, LLP,                                **11-CV-842S(F)**
MIDLAND FUNDING LLC,
                      Defendants.
_____

APPEARANCES:    LAW OFFICES OF KENNETH HILLER, PPLC
                            Attorneys for Plaintiff
                            SETH ANDREWS, of Counsel
                            6000 North Bailey Avenue, Suite 1A
                            Amherst, New York   14226

                            SMITH, SOVIK, KENDRICK & SUGNET, P.C.
                            Attorneys for Defendant Cohen & Slamowitz, LLP
                            DANIEL R. RYAN, of Counsel
                            250 S. Clinton Street, Suite 600
                            Syracuse, New York   13202

                            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
                            Attorneys for Defendant Midland Funding, LLC
                            THOMAS A. LEGHORN, of Counsel
                            150 East 42nd Street
                            New York, New York   10017

## **JURISDICTION**

        This action was referred to the undersigned by Honorable William M. Skretny on November 10, 2011, for all nondispositive, pre-trial matters.  The matter is presently before the court on Plaintiff's motion, filed March 9, 2012, seeking leave to file an amended complaint (Doc. No. 18).

## BACKGROUND AND FACTS[1]

On October 6, 2011, Plaintiff Michael Hallmark ("Plaintiff" or "Hallmark"), commenced the instant action alleging Defendants Cohen & Slamowitz, LLP ("Cohen") and Midland Funding LLC d/b/a Midland Funding of Delaware LLC ("Midland") (together, "Defendants"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("the FDCPA" or "the Act"), by engaging in abusive, deceptive, and unfair debt collection practices in connection with Defendants' attempts to collect a debt Plaintiff concedes incurring to HSBC Bank Nevada, N.A. ("the subject debt"), and upon which Plaintiff subsequently defaulted.  Complaint ¶¶ 12-13.  In particular, Plaintiff alleges that Midland, the current holder of the subject debt, employed Cohen to collect on the subject debt from Plaintiff.  *Id.* ¶¶ 14-15.  In a letter from Cohen to Plaintiff dated August 1, 2011 ("August 1, 2011 letter"), the balance of the subject debt was stated as $ 1,835.31. *Id.* ¶ 16. In a subsequent letter from Cohen to Plaintiff dated August 17, 2011 ("August 17, 2011 letter"), the balance of the subject debt was stated as $ 1,982.89, or $ 147.58 more than the balance stated in the August 1, 2011 letter.  *Id.* ¶ 17.  Plaintiff claims that Defendants' alleged unlawful conduct in misrepresenting the amount of the subject debt in violation of 15 U.S.C. § 1692e(2) caused Plaintiff to become nervous, upset, anxious, and to suffer from emotional distress.  *Id.* ¶¶ 18, 20. In connection with Defendants' alleged unlawful activity, Plaintiff seeks actual damages, statutory damages, and costs, disbursements and attorneys fees pursuant to 15 U.S.C. § 1692k.  Answers to the Complaint were filed by Midland on November 7, 2011 (Doc.

---

[1] The facts are taken from the pleadings and motion papers filed in this action.

No. 8), and by Cohen on November 14, 2011 (Doc. No. 10).

The parties failed to reach a settlement during subsequent mediation. On February 10, 2012, while engaged in mediation, Plaintiff learned for the first time that $ 140.00 of the increased debt balance stated in the second letter was the filing fee for legal action in a local city court on the subject debt that was anticipated, but not yet incurred.

On March 9, 2012, Plaintiff filed the instant motion (Doc. No. 18) ("Plaintiff's motion") seeking leave to file an amended complaint asserting a class action based on Defendants' alleged practice of including the prospective $ 140 court filing fee in the balance due on accounts prior to actually filing legal action and thus incurring such fees, and by failing to disclose the basis for such increase in the debt balance. Attached to Plaintiff's motion are Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Amend Complaint (Doc. No. 18-1) ("Plaintiff's Memorandum"), the Affirmation of Seth Andrews, Esq. (Doc. No. 18-2) ("Andrews Affirmation"), and exhibits A through D (Docs. Nos. 18-3 through 18-6) ("Plaintiff's Exh(s). __"). A copy of Plaintiff's Proposed Amended Complaint ("Proposed Amended Complaint") is filed as Plaintiff's Exh. D. In opposition to Plaintiff's motion, Cohen filed on March 20, 2012 the Affidavit of Daniel R. Ryan, Esq. (Doc. No. 20) ("Ryan Affidavit"), and the attached Memorandum of Law on Behalf of Defendant Cohen & Slamowitz, LLP (Doc. No. 20-1) ("Defendants' Memorandum"). Also filed on March 20, 2012 was Midland's notice of joinder in Cohen's motion (Doc. No. 21) ("Midland's joinder"). In further support of Plaintiff's motion, Plaintiff filed on March 23, 2012, Plaintiff's Reply Memorandum of Law (Doc. No. 23) ("Plaintiff's Reply"), attached to which are the Affirmation of Seth Andrews, Esq.

n/a
n/a

(Doc. No. 23-1) ("Andrews Reply Affirmation"), Affirmation of Brian L. Bromberg, Esq. (Doc. No. 23-2) ("Bromberg Affirmation"), portions of the transcript of the deposition of David A. Cohen, Esq. (Doc. No. 23-3) ("Cohen Deposition Tr. at __"), and copies of Exhibits 5 and 6 from the Cohen Deposition (Doc. No. 23-4) ("Cohen Deposition Exh(s). __").

On April 17, 2012, Midland filed a motion seeking leave to file a sur-reply (Doc. No. 24), and Plaintiff's opposition to the motion was filed on April 18, 2012 (Doc. No. 25). On June 14, 2012, Midland's request for permission to file a sur-reply was granted (Doc. No. 26), with Midland directed to file the sur-reply by June 18, 2012. Midland, however, did not file the sur-reply. Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion seeking leave to file an amended complaint is GRANTED.

## DISCUSSION

Defendants oppose Plaintiff's motion on two grounds. First, Defendants contend that the Proposed Amended Complaint's allegations that Defendants' August 17, 2011 letter violated the FDCPA are improperly based on information Plaintiff obtained during settlement conversations with one of Defendant Cohen & Slamowitz's attorneys who is representing Defendant in this matter. Defendants' Memorandum at 1-6. Specifically, Defendants argue that Plaintiff's knowledge that $ 140 of the amount added to the balance due as stated in the August 17, 2011 letter was to cover the costs of court filing fees Defendants anticipated incurring in a legal action against Plaintiff came from a statement made by Cohen's attorney, Daniel R. Ryan ("Ryan"), in response to a

question posed by Plaintiff's attorney during a telephone call for settlement purposes following a Rule 16(b) conference conducted by the court on January 17, 2012. Defendants' Memorandum at 3, 4.  Defendants therefore maintain that as Plaintiff's allegations in the Proposed Amended Complaint regarding the addition of the court filing fee, an amount Defendants, specifically Ryan, evidently also advised Plaintiff's attorney had not in fact been paid by Defendants until August 24, 2011, several days after the second letter was sent, are based on the statements made by Defendants during a settlement discussion, such statements are inadmissible under Fed.R.Evid. 408(a)(2) ("Rule 408(a)(2)") and therefore Plaintiff's allegations, based on the inadmissible statements, are insufficient.  Defendants' Memorandum at 5-6. Defendants note that in the Complaint, Plaintiff alleges a single violation of the FDCPA, that the unexplained disparity in the amounts due as stated in the August 1 and August 17, 2011 letters constituted an actionable misrepresentation in violation of 15 U.S.C. § 1692e(2).  Ryan Affirmation ¶ 6; Complaint ¶ ¶ 16-17, 20A.  However, in the Proposed Amended Complaint, based on the statements or admissions given to Plaintiff regarding Defendants' inclusion of the $140 court filing fee in the amount Defendants asserted was due from Plaintiff prior to Defendants' actual payment, the Proposed Amended Complaint alleges violations of 15 U.S.C. §§ 1692(e), e(2)(A), (e)(5), e(10), f, and f(1), prohibiting false representation of the amount of the asserted debt, unfounded threats of legal action, use of deception in debt collection, unfair collection activities, and attempts to collect an unauthorized amount.  Proposed Amended Complaint ¶¶ 25, 27 - 39.  Plaintiff also seeks to assert a class action claim based on Defendants' use of form letters like Defendants' August 17th letter which include a court filing fee as part of

the debt prior to the fee being actually paid by Defendants and thus improperly alleged as recoverable through Defendants' collection efforts.  Proposed Amended Complaint ¶¶ 26, 38-39.

Defendants rely on *Lehman Bros. Commercial Corporation v. China Int'l United Petroleum and Chemicals Co. Ltd.,* 1995 WL 380106, **2-3 (S.D.N.Y. June 26, 1995) (citing *Lipsky v. Commonwealth United Corporation,* 551 F.2d 887, 893 (2d. Cir. 1976)) for the proposition that allegations which include information inadmissible under Rule 408(a) should be stricken pursuant to Fed.R.Civ.P. 12(f).  Defendants' Memorandum at 5-6.  Defendants' argument misapprehends the scope of protection available under Rule 408 which prohibits, as relevant, the admissibility evidence of "a statement made during compromise negotiations about the claim."  Fed.R.Evid. 408(a)(2).  By its terms Rule 408(a)(2) does not immunize from proof the establishment of facts learned during settlement discussions other than information specifically regarding compromise negotiations.  Prior to its 2006 amendments Rule 408(a)(2) provided that it "'does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.'" *Ramada Development Company v. Rauch*, 644 F.2d 1097, 1107 (5th Cir. 1981) (quoting S.Rep. No. 1277, 93d Cong. 2d Sess., reprinted in (1974) U.S. Code Cong. & Ad. News 7051, 7057).  *See* Revisors Note to 2006 Amendment ("sentence of Rule referring to evidence 'otherwise discoverable' has been deleted as superfluous.").  "The intent of the sentence was to prevent a party from trying to immunize admissible information such as a pre-existing document, through the pretense of disclosing it during compromise negotiations.  But even without the sentence, the Rule <u>cannot be read to protect pre-existing information</u>

6

simply because it was presented to the adversary in compromise negotiations." *Id.* (underlining added). Thus, as is evident from the papers filed by Defendants in opposition to Plaintiff's motion, the fact that Defendants may have improperly attempted to collect a court filing fee prior to Defendants' payment of the fee in violation of the FDCPA constitutes a pre-existing fact or information falling outside the restrictions of Rule 408(a)(2). Such pre-existing information could readily be ascertained through discovery of Defendants, and its establishment at trial does not depend on admitting the statements made by Defendants to Plaintiff during their conversations following the Rule 16(b) conference. Moreover, unlike the facts in *Lipsky*, Plaintiff's allegations do not reference the settlement discussions and there is therefore no reason to strike Plaintiff's allegations related to this issue. *Lipsky*, 551 F.2d at 893 (striking reference to SEC complaint based on conceded inadmissibility of the complaint because "no evidence in support of the allegation would be admissible.") (citing cases). Further, as the court in *Lehman Brothers,* relied on by Defendants, stated "[a] motion to strike based on inadmissibility of evidence will fail 'if there is any possibility that the pleading could form the basis for admissible evidence.'" *Lehman Bros.*, 1995 WL 380106, *2 (quoting *Eskofot A/S v. E.I. DuPont de Nemours & Co.,* 872 F.Supp. 81, 94 (S.D.N.Y. 1995)). Thus, there is no merit to Defendants' assertion that Plaintiff's motion be denied based on a violation of Rule 408(a)(2).

In light of the foregoing, it is unnecessary to address Plaintiff's contention that the information provided by Ryan was transmitted after Plaintiff's attorney rejected Defendants' offer, and thus after settlement discussions, even assuming such actually occurred. Affidavit of Seth Andrews (Doc. No. 23-1) ¶ ¶ 5-6.

The court therefore turns to Defendants' second ground for opposing Plaintiff's motion that Plaintiff's allegations in support of a class action based on Defendant's use of form letters similar to those used by Defendants to collect an unauthorized amount are futile.  Defendants' Memorandum at 6-11.  Specifically, Defendants contend that Plaintiff's class action allegations fail to state a claim and are thus futile.  *Id*. at 6.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 570.  A motion to amend will be denied as futile where the proposed allegations would require dismissal under Rule 12(b)(6) for failure to state a claim.  *See Kropelnicki v. Siegel*, 290 F.3d 118, 130-31 (2d Cir. 2002) (affirming district court's denial of motion to amend complaint where proposed amended complaint alleged no facts, nor was there any possible set of facts to be alleged, supporting claim the plaintiff sought to add).

Because Plaintiff seeks to amend his complaint to include a class action alleging Defendant's use of form letters that indicated the debtor was liable for costs of court filing fees that had yet to be authorized or incurred, Plaintiff must allege sufficient facts to demonstrate that such amendment would survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, but Plaintiff need not establish the factual merits of such proposed claim.  *Presser v. Key Food Stores Cooperative, Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003).  In determining whether the proposed amendment is futile, it is

necessary to evaluate the likelihood that the proposed class will be certified under Fed.R.Civ.P. 23(c). *Id.* Nevertheless, where, as here, the proposed amendment concerns the assertion of a new claim on behalf of a class, the certification of which will occur at a later date, rather than an amendment that would redefine an already-certified class, the court's inquiry into the class action requirements at the pleadings amendment stage, is limited. *Id.* at 57 (citing *Academy of Ambulatory Foot Surgery (AAFS) v. American Podiatry Ass'n*, 516 F.Supp. 378, 383 (S.D.N.Y. 1981) (granting plaintiff's motion seeking leave to amend complaint to contract plaintiff class where defendant's arguments against such amendment were "more appropriately addressed in the context of motions to decertify the proposed classes.")).

Here, Defendants assert that (1) Plaintiff's allegations regarding the numerosity requirement by Fed.R.Civ.P. 23(a)(1) are too unspecific. Defendants' Memorandum at 10 (citing *Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393, 396 (S.D.N.Y. 2001) ("bare allegations of numerosity based upon mere conjecture" insufficient)). However, the court also recognizes that in FDCPA cases, while a plaintiff may not have precise information supporting a specific class size, a "'court may make common sense assumptions to support a finding of numerosity.'" *Harrison v. Great Springwaters of America, Inc.*, 1997 WL 469996, *3 (E.D.N.Y. June 18, 1997) (quoting *In re Frontier Ins. Group, Inc. Sec. Litig.*, 172 F.R.D. 31, 40 (E.D.N.Y. 1997)). In *Harrison*, Given the nature of defendant's high volume collection business, the court found it "reasonable to assume" that the proposed class would satisfy the numerosity requirement of Rule 23(a)(1). *Id.*

Here, Defendants do not deny that Cohen is a high volume collection law firm

which uses form letters like those appended to Plaintiff's proposed amended complaint one of which Plaintiff alleges contained material misrepresentation as to the amount owed by Plaintiff when it was sent by Cohen. In this case, the court elects to use the commonsense analysis approved by the court in *Harrison* and finds Plaintiff's numerosity allegation is sufficiently pleaded. Should fact discovery reveal otherwise, Defendants may seek to dismiss or decertify assuming certification is granted.

As to the requirements of commonality, typicality and competent representations, Defendants' arguments in opposition to Plaintiff's request are also unavailing. If, as Plaintiff alleges, Defendants have used identical misrepresentations in its form collection letters to similarly situated consumers within New York wherein city courts operate with filing fee requirements such as Plaintiff has alleged, Plaintiff has satisfactorily alleged a plausible basis to believe that the numerous violations of the FDCPA described by Plaintiff's Proposed Amended Complaint has occurred. Further, as Plaintiff's allegations limit the proposed class to persons who received similarly actionable letters, the identification of such putative class members will be reasonably ascertainable through discovery of Defendants' records. Given the relatively narrow basis of Plaintiff's class allegations predicated on Defendants' improper representation regarding the addition to the stated debt based on then unpaid court filing fees, there is little reason to find that the requirements of Rule 23(b) will not be satisfied as well. Indeed, Defendants fail to point to any reason to conclude otherwise. Accordingly, on this record, Plaintiff's Proposed Amended Complaint meets the pleading requirements of Rule 23(a) and (b).

Plaintiff thus is granted leave to amend to assert a class action based on

Defendant's use of form letters similar to those used by Defendants to collect an unauthorized amount.  Plaintiff, however, must still move for certification of such class pursuant to Fed.R.Civ.P. 23(c).  *Presser*, 218 F.R.D. at 58 (permitting plaintiff to amend complaint to assert class action where certification of the action under Rule 23 was to occur at a later time and proposed amendment, viewed in light most favorable to the plaintiff, established such certification could be established).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion seeking leave to file an amended complaint (Doc. No. 18), is GRANTED.  Plaintiff is directed to file the amended complaint **within ten (10) days** of receipt of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

---
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:      June 19, 2012
            Buffalo, New York