UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK, on behalf of
himself and all others similarly situated

                      Plaintiff,

v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC
                      Defendants.
_____

No. 11-cv-0842(WMS)(LGF)

CLASS ACTION
JURY DEMAND

### PLAINTIFF'S FIRST AMENDED COMPLAINT

*Introduction*

1.    This is a consumer class action brought on behalf of consumers subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

*Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the plaintiff resides in this district, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Parties

4. Plaintiff, Michael Hallmark, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Cohen & Slamowitz, LLC ("Cohen"), is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC ("Midland"), is a foreign registered limited liability partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

7. That Plaintiff incurred a debt to HSBC Bank Nevada, N.A. This debt will be referred to as "the subject debt."

8. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. That Plaintiff thereafter defaulted on the subject debt.

10. That upon information and belief Defendant Cohen was employed by the current holder of the account, Midland, to collect on the subject debt.

11.     That on or about August 1, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was $1,835.31. The letter also stated:

> "We are authorized to offer you an 80% settlement of the above referenced debt. Your balance due is currently $1,835.31.  Our client will accept the reduced sum of $1,468.25 if you pay on or before August 29, 2011."

A copy of this letter is attached as Exhibit A.

12.     That on or about August 17, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was now $1,982.89, $147.58 more than the balance indicated 16 days prior. The letter also stated that their client had authorized the commencement of a lawsuit against him. A copy of this letter is attached as Exhibit B.

13.     That on or about August 17, 2011, Defendant Cohen mailed a summons, complaint and a check for $140.00 to the Buffalo City Court for the purpose of filing a lawsuit against Plaintiff on the subject debt.

14.     That the $140.00 mailed to the Buffalo City Court was to pay the filing fee required to file a lawsuit with that Court.

15.     That Defendant Cohen's August 17, 2011 letter did not disclose to Plaintiff that they had included a $140.00 charge to his account for reimbursement of court filing fees.

16.     That the Buffalo City Court did not negotiate Cohen's check or file the summons and complaint until August 24, 2011 or shortly thereafter.

17.     Upon information and belief, Exhibit A and Exhibit B are form letters.

18.     Upon information and belief, Defendant Cohen sends form letters containing language substantially similar or materially identical to that contained in <u>Exhibit A</u> and <u>Exhibit B</u> to hundreds, if not thousands, of consumers in New York State.

19.     Upon information and belief, Defendant Cohen sends letters to debtors adding the court filing fees to the balance allegedly due on the debt they are collecting before the filing fee is actually paid by Defendant and before a judgment is entered.

### *Class Action Allegations*

20.     Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.   Based on the fact that the collection letters at the heart of this litigation are mass mailed form letters, the class is so numerous that joinder of all members is impractical.

    b.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions presented by this case are whether the letter sent by Defendant (Exhibit B) violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e,  § 1692e(2)(A), § 1692e(10), § 1692f, and § 1692f(1).

    c.   The only individual issues is the identification of the consumers who received the letters (i.e. the class members), and those class members who paid Defendant Cohen court filing fees prior to them actually incurring the expense. These issues are matters capable of ministerial determination from Defendant's records.

    d.   Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

      e.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

22.    The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

23.    Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

24.    If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

### COUNT I
**Violations of Sections 1692e, e(2)(A), e(5), e(10), and f
of the Fair Debt Collection Practices Act**

25.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

26.    This Count is brought by Plaintiff, individually and on behalf of a class consisting of consumers with New York addresses, who:

    a.  within one year before the filing of Plaintiff's Motion to Amend in this action;

    b. were sent a debt collection letter by Defendant in a form materially identical or substantially similar to the letter attached as <u>Exhibit B</u> sent to the Plaintiff; or

    c. were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or

    d. were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and

    e. the letter was not returned by the postal service as undelivered.

27. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

29. Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

30. Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

31. In addition, Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

32. In addition, Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

33. By sending the August 17, 2011 letter, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1).

34. The August 17, 2011 letter violates 15 U.S.C. § 1692e(2)(A) by stating $1,982.89 was due on the plaintiff's account. This amount included a $140.00 court filing fee that Defendant Cohen had not yet incurred and, therefore, was not legally entitled to charge. As such, this statement falsely represents the amount of the debt. This is also a false and deceptive act under 15 U.S.C. § 1692e(10), and an unfair and unconscionable act under 15 U.S.C. § 1692f.

35. The letter also violates 15 U.S.C. § 1692e(2)(A) because it does not disclose to the plaintiff that the amount due on his account includes the $140.00 City Court filing fee.

36. The letter also violates 15 U.S.C. § 1692f(1), because it sought to charge plaintiff for an expense that it had not yet incurred and was not legally entitled to until entry of judgment. For the same reasons, the letter was also a false

37. Defendant Cohen's August 1, 2011 letter informed the plaintiff that he could pay off the account by tendering the sum of $1,468.25, if that sum was paid on or before August 29, 2011. But, Defendant Cohen's August 17, 2011 letter informed the debtor that 1) $1,982.89 was due, and 2) that they had been authorized to commence a lawsuit against him. These two letters thus provided confusing, contradictory, deceptive, and misleading information regarding the amount necessary to pay off the debt. In the former letter, Defendant Cohen was offering to accept a lower amount, whereas in the later letter, Defendant was demanding full payment plus filing fees within the forbearance period and ignored the forbearance period by filing suit. In these ways, Defendant violated FDCPA §§ 1692e, e(2)(A), e(5), e(10), f, and f(1) by engaging in deceptive, misleading, unfair, and unconscionable behavior. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render them liable to Plaintiff and the members of the class.

38. As a result of Defendant Cohen's deceptive and unfair debt collection practices, it is liable to the Plaintiff and the members of the class.

39. That Defendant Midland is vicariously liable for the acts of Defendant Cohen described herein and, as such, is also liable to Plaintiff and the members of the class.

### *Demand for Jury Trial*

40. Plaintiff demands a trial by Jury.

*Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against the Defendants, and each of them, for the following:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages;

(C) Attorneys' fees, litigation expenses and costs;

(C) A declaration that Defendant Cohen's form letters, represented by the forms sent to the Plaintiff on or about August 1, 2011 and August 17, 2011, violate the FDCPA; and

(D) Any other relief that this Court deems appropriate under the circumstances.

Dated: Amherst, New York
       March 5, 2012

                                        Respectfully submitted,


                                        By:  /s/ Kenneth R. Hiller
                                             Kenneth R. Hiller
                                             One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Kenneth R. Hiller
Law Offices of Kenneth Hiller
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
(716) 564-3288
khiller@kennethhiller.com

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005

(212) 248-7906
brian@bromberglawoffice.com