UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK,

        Plaintiff,

v.

COHEN & SLAMOWITZ LLP, and MIDLAND
FUNDING, LLC d/b/a MIDLAND FUNDING OF
DELAWARE, LLC,

        Defendants.

**DECISION AND ORDER**
11-CV-842S

    1.    On September 16, 2013, this Court issued a Decision and Order that, among other things, denied Defendants Cohen & Slamowitz's and Midland Funding's motions to dismiss. It also granted Plaintiff Michael Hallmark's motion for class certification. Familiarity with that ruling and the facts of this case are presumed.  Both Defendants now move for reconsideration of that Decision.

    Also currently pending before this Court is Plaintiff's motion for approval of class notice.

    2.    The standard for a motion for reconsideration is well settled, and need not be repeated here. It is sufficient to note that Defendants base their motion on the ground that this Court "overlooked controlling decisions or data." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

    3.    Initially, Defendants argue that this court erred when it denied their motions to dismiss. Defendants argue that, contrary to this Court's finding, they did in fact raise the argument, in their original memorandum, that they were authorized by an underlying agreement to charge Hallmark court costs associated with the collection of his debt.

This assertion borders on the frivolous. Defendants point to a single point heading that reads, "C&S is authorized by statute *and agreement* to charge additional collection costs to Plaintiff." (See Docket No. 42-4, at 21) (emphasis added). But the discussion that follows, far beyond a simple failure to attach the purported agreement, completely fails to suggest that any agreement even exists, much less what the agreement provides, or how it affects this case, or why the agreement authorizes them to charge collection costs. This is plainly insufficient.

Even more bewildering, Defendants focus exclusively on this element of the Decision, and ignore that this Court offered three independent reasons for rejecting their argument that the purported underlying agreement controlled this case.

The motion for reconsideration of the motion to dismiss is therefore denied.

4.	Defendants also move for reconsideration of that part of the Decision that granted Hallmark's motion for class certification. In their initial opposition, Defendants relied on the same argument they asserted in support of their motion to dismiss: they were authorized to collect the court costs because an underlying agreement between Hallmark and his creditor authorized this practice. For this reason, Defendants initially argued, Hallmark failed each factor of the Rule 23 analysis. The "commonality" factor, for example, was not met because "C&S was authorized to include in the total amount owed any incurred collection costs pursuant to the credit card agreement and state law. Plaintiff is alleging that all plaintiffs have a similar cause of action that carries no right to relief. Therefore, the commonality requirement cannot be fulfilled and the class certification must be denied." (Docket No. 43-3, at 9–11.)

Now, contrary to the limited confines of a motion for reconsideration, see Koehler

v. Bank of Berm., Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (reconsideration motion "cannot assert new arguments or claims which were not before the court on the original motion"), Defendants take a different tack, arguing that:

> to determine commonality, typicality and predominance amongst all members of Plaintiff's proposed class and their claims, the Court would have to conduct individualized fact-intensive investigations as to (1) the nature/origin of all class members' subject debt; (2) any underlying contracts or agreements regarding their debt; and (3) the dates of filing, judicial judgment, as well as the date the collection cost was incurred by C&S.

Relying on Myers v. Hertz Corporation, Defendants argue that these inquires will predominate over issues common to the class and that, therefore, class certification should be revoked. 624 F.3d 537, 549 (2d Cir. 2010).

5.  Putting aside the belated nature of this argument, "[a]s long as a sufficient constellation of common issues binds class members together, variations in the sources and application of a defense will not automatically foreclose class certification under Rule 23(b)(3)." In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 138 (2d Cir. 2001). This Court reaffirms its finding that Hallmark has sufficiently demonstrated that the attempted collection of court costs remains a more substantial issue than the possibility of individual defenses. Discovery, about which there are ongoing disputes, may reveal that underlying agreements, if they exist, are likely to bar claims against some class members. Or, if the agreements are produced, it may become clear that individual differences among them will predominate.  If that is the case, "then a court has available adequate procedural mechanisms. For example, it can place class members with potentially barred claims in a separate subclass, [] exclude them from the class altogether," or it can decertify the class.

See Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 45 (E.D.N.Y. 2008). Although the class certification inquiry may "entail some overlap with the merits of the plaintiff's underlying claim," Wal–Mart Stores, Inc. v. Dukes, 564 U.S. ----, ----, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011), there is no competent evidence before the court at this time to suggest that individual defenses will predominate. Indeed, these agreements, which purportedly authorize the collection of court costs, are presumably in Defendants' possession. Yet none has been adequately identified, filed with the Court, or (to this Court's knowledge) turned over to Plaintiff.

Defendants motions for reconsideration on this ground are, accordingly, denied. Further, this Court has considered each of the other arguments raised in the motions for reconsideration and finds them to be without merit.

6.   As a separate matter, Plaintiff moves for approval of class notice. Defendants oppose the motion on several grounds, including the fact that Cohen and Slamowitz filed a motion for leave to appeal this Court's certification decision with the Second Circuit Court of Appeals. This Court finds it prudent to defer ruling on this motion until the outstanding discovery disputes are resolved. That discovery process shall continue despite the application for leave to appeal.

****

IT HEREBY IS ORDERED, that Cohen and Slamowitz's motion for reconsideration (Docket No. 132) is DENIED.

FURTHER, that Midland's motion for reconsideration (Docket No. 127) is DENIED.

FURTHER, that Hallmark's motion for approval of class notice (Docket No. 124) is DEFERRED.

SO ORDERED.

Dated: January 5, 2014
       Buffalo, New York

                                              /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                                    Chief Judge
                                        United States District Court