UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK, on behalf of himself and
  all others similarly situated,

                                 Plaintiff,

                   v.

COHEN & SLAMOWITZ, LLP, and
MIDLAND FUNDING LLC, doing business as
  MIDLAND FUNDING OF DELAWARE LLC,

                            Defendants.
_____

REPORT
and
RECOMMENDATION

11-CV-00842S(F)

APPEARANCES:   BROMBERG LAW OFFICE, P.C.
                  Attorneys for Plaintiff
                  BRIAN L. BROMBERG, and
                  JONATHAN R. MILLER, of Counsel
                  40 Exchange Place
                  Suite 2010
                  New York, New York  10005

                  LAW OFFICES OF KENNETH HILLER, PPLC
                  Attorneys for Plaintiff
                  SETH ANDREWS, of Counsel
                  6000 North Bailey Avenue, Suite 1A
                  Amherst, New York  14226

                  CONNELL FOLEY LLP
                  Attorneys for Defendant Cohen & Slamowitz, LLP
                  ANDREW C. SAYLES, of Counsel
                  85 Livingston Avenue
                  Roseland, New Jersey  09068

                  WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
                  Attorneys for Defendant Midland Funding, LLC
                  THOMAS A. LEGHORN, of Counsel
                  150 East 42nd Street
                  New York, New York  10017

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny on November 21, 2013, for preparation of a Report and Recommendation on Plaintiffs' pending motions filed October 22, 2013, seeking to strike the affirmative defenses asserted by Defendants Cohen & Slamowitz, LLP (Doc. No. 142), and Midland Funding, LLC (Doc. No. 143).

## BACKGROUND and FACTS[1]

Plaintiffs commenced this class action on October 6, 2011, claiming Defendant Cohen & Slamowitz, LLC ("C&S"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by including a $140 court filing fee ("the fee") in a collection letter ("the collection letter") C&S sent to Plaintiffs prior to the actual payment of such fee.  Plaintiffs also allege Defendant Midland Funding, LLC ("Midland"), which hired C&S as its debt collector, is vicariously liable for the alleged unlawful actions of C&S.  Amended complaints have been filed twice including on July 2, 2012 (Doc. No. 28) ("First Amended Complaint"), and September 18, 2013 (Doc. No. 112) ("Second Amended Complaint").  In a Decision and Order filed September 16, 2013 (Doc. No. 110), Chief District Judge William M. Skretny certified the class of plaintiffs.  In their answers filed with regard to the Second Amended Complaint (Docs. Nos. 117 ("Midland Answer"), and 119 ("C&S Answer")), Defendants assert several affirmative defenses Plaintiffs seek, in the instant motions, to strike.

In particular, on October 22, 2013, Plaintiffs filed motions seeking to strike, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f), all 12 affirmative defenses asserted by

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

C&S (Doc. No. 142) ("Motion to Strike – C&S"), supported by the attached

Memorandum of Law in Support of Motion to Strike Cohen & Slamowitz, LLP's

Affirmative Defenses (Doc. No. 142-1) ("Plaintiff's Memorandum – C&S"), as well as the

five affirmative defenses asserted by Midland. (Doc. No. 143) ("Motion to Strike -

Midland"), supported by the attached Memorandum of Law in Support of Motion to

Strike Midland Funding, LLC's Affirmative Defenses (Doc. No. 143-1) ("Plaintiff's

Memorandum – Midland").  On November 18. 2013, Midland filed the Memorandum of

Law in Opposition to Plaintiff's Motion to Strike Midland Funding, LLC's Affirmative

Defenses (Doc. No. 163) ("Midland's Response"), and C&S filed Defendant Cohen &

Slamowitz, LLP's Memorandum of Law in Opposition to Plaintiff's Motion to Strike

Affirmative Defendants (Doc. No. 168) ("C&S's Response").  On November 26, 2013,

Plaintiffs filed the Reply Memorandum in Further Support of Plaintiff's Motions to Strike

Affirmative Defenses of Defendants (Doc. No. 173) ("Plaintiffs' Reply").  Oral argument

was deemed unnecessary.

> Based on the following, Plaintiffs' motions should be GRANTED.

## DISCUSSION

> Midland asserts five affirmative defenses, whereas C&S asserts 12 affirmative

defenses, including four of those asserted by Midland, for a total of 13 different

affirmative defenses Plaintiffs seek to strike.  The parties disagree as to the correct

analysis applicable to a motion to strike affirmative defenses, with Plaintiffs arguing the

affirmative defenses should be stricken because they fail to meet the specificity

requirements for pleadings set forth by the Supreme Court in *Bell Atlantic Corp. v.

Twombly* ("*Twombly*"), 550 U.S. 544 (2007), and *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S.

662 (2009), Plaintiff's Memorandum – C&S at 2-3; Plaintiff's Memorandum – Midland at

2-3, which have been applied to affirmative defenses by "many" district courts, including

this court.  Plaintiff's Memorandum – C&S at 3-5; Plaintiff's Memorandum – Midland at

3-5 (citing cases, including *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255

(W.D.N.Y. 2012)).  According to Plaintiffs, Defendants' affirmative defenses are mere

boilerplate, "lacking any scintilla of specificity or detail" relevant to Plaintiffs, and are so

lacking in supporting factual detail as to be "vague," thereby significantly increasing the

amount of discovery necessary to oppose each affirmative defense at significant cost to

Plaintiffs, causing Plaintiffs to seek, in the interest of judicial economy, to strike or

dismiss all Defendants' affirmative defenses.  Plaintiffs' Memorandum – C&S at 1-2;

Plaintiffs' Memorandum – Midland at 1-2.

　　　In opposition, C&S argues Plaintiffs are erroneously applying a heightened

pleading standard to the affirmative defenses, C&S's Response at 5-6, Plaintiffs' have

failed to meet their rigorous burden of demonstrating the affirmative defenses are legally

unsustainable, *id.* at 6-10, Plaintiffs have not established the inclusion of any of the

affirmative defenses would subject them to prejudice, *id.* at 11-12, and, alternatively,

should the district court strike any of C&S's affirmative defenses, that C&S be allowed to

replead such defense pursuant to Fed.R.Civ.P. 15(a)(2).  *Id.* at 13.  Similarly, Midland

argues in opposition the pleading standards established by *Twombly* and *Iqbal* do not

apply to affirmative defenses, Midland's Response at 2-3, Plaintiffs have met their

burden under Rule 12(f) to strike affirmative defenses, *id.* at 3-4, Midland's affirmative

defenses sufficiently provide adequate notice, *id.* at 4-9, and Plaintiffs are not prejudiced

by the inclusion of any of the affirmative defenses, although striking any defense would

prejudice Midland.  *Id*. at 9-10.  In further support of their motions, Plaintiffs argue that regardless of which standard is applied, Defendants' affirmative defenses must be dismissed based on lack of supporting facts or law, and permitting the affirmative defenses to remain in the action will result in prejudice to Plaintiffs by greatly increasing the need for discovery so as to oppose the defenses.  Plaintiffs' Reply at 1-4.

The 13 affirmative defenses Plaintiffs seek to strike include (1) whatever damages sustained by Plaintiffs as alleged were caused, in whole or in part, by Plaintiff's culpable conduct and must be proportionally reduced, 1st C&S Affirmative Defense; (2) one or more causes of action fail to state a claim for which relief may be granted, 2nd C&S Affirmative Defense; 1st Midland Affirmative Defense; (3) failure to mitigate damages, 3rd C&S Affirmative Defense; (4) C&S did not violate any part or provision of the FDCPA, 4th C&S Affirmative Defense; (5) Plaintiffs, by contract or agreement, authorized the conduct claimed to in violation of the FDCPA, 5th C&S Affirmative Defense; (6) Plaintiffs, by contract or agreement, consented to the acts and conduct set forth in the Amended Complaint, 6th C&S Affirmative Defense; (7) any violation of 15 U.S.C, § 1692 later determined to have occurred was not intentional and resulted from a bona fide error despite the adoption of reasonable procedures to avoid such error, 7th C&S Affirmative Defense; (8) waiver and estoppel bar Plaintiffs' claims, 8th C&S Affirmative Defense; (9) any damages claims are barred by 15 U.S.C. § 1692(k), 9th C&S Affirmative Defense; (10) Plaintiff sustained no actual damages, 10th C&S Affirmative Defense; 2nd Midland Affirmative Defense; (11) any damages Plaintiffs sustained are limited to statutory damages, actual damages, and reasonable attorneys' fees under the FDCPA, 11th C&S Affirmative Defense; 4th Midland Affirmative Defense;

(12) any damages Plaintiffs sustained should be reduced by the amount of outstanding debt identified in the Amended Complaint, 12th C&S Affirmative Defense; 5th Midland Affirmative Defense; and (13) Plaintiffs failed to conduct a good faith inquiry into the validity of the § 1692k claim prior to commencing this action, 3rd Midland Affirmative Defense.

"A motion to strike an affirmative defense under Rule 12(f), for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."[2]  *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks and citation omitted), *vacated on other grounds*, 478 U.S. 1015 (1986).  Although not addressed by the Second Circuit, district courts, including a court within this District, have held the Supreme Court's plausibility standard articulated in *Twombly* and *Iqbal*, with regard to striking a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), applies to affirmative defenses.  *See*, *e.g.*, *Tracy v. NVR, Inc.*, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) ("These affirmative defenses are plainly deficient under the *Iqbal* standard and should be stricken"), *adopted in relevant part*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009).  Other courts maintain *Twombly* and *Iqbal* do not apply to affirmative defenses based either on differences in pleading requirements for claims and affirmative defenses, *see*, *e.g.*, *Odyssey Imaging, LLC v. Cardiology Associates of Johnston, LLC*, 752 F.Supp.2d 721, 726 (W.D.Va. 2010) ("Pleading standards that account for the differences between the

---

[2] At least one court had found motions to strike affirmative defenses to be an unnecessary drain of court resources.  *See Raymond Weil, S.A. v. Theron*, 585 F.Supp.2d 473, 489 (S.D.N.Y. 2008) ("There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").

pleading of claims and defenses make sense" and establish that "Rules 8(b) and 8(c) do not require a court to subject defenses pleaded by a defendant to the same stringent plausibility standards that *Iqbal* and *Twombly* demand of claims for relief under Rule 8(a)."), or because the Supreme Court did not address affirmative defenses in *Twombly* or *Iqbal*. *See*, *e.g.*, *Romantine v. CH2M Hill Engineers*, 2009 WL 3417469, at *1 (W.D.Pa. Oct. 23, 2009) (declining to extend *Twombly* pleading requirements to either general defenses under Rule 8(b), or affirmative defenses under Rule 8(c)).

In *Godson*, 285 F.R.D. 255, an FDCPA action on which Plaintiffs rely in support of their motions, this court struck six defenses similar to the thirteen affirmative defenses asserted by Defendants which the instant Plaintiffs seek to strike.[3]  In particular, Chief Judge Skretny struck three affirmative defenses that failed to meet a standard requiring Defendants "do more than simply name the asserted defense." *Godson*, 285 F.R.D. at 259.  The defenses stricken under this standard are essentially identical to the 1st C&S Affirmative Defense (whatever damages sustained by Plaintiffs as alleged were caused, in whole or in part, by Plaintiff's culpable conduct and must be proportionally reduced); the 7th C&S Affirmative Defense (any violation of 15 U.S.C, § 1692 later determined to have occurred was not intentional and resulted from a bona fide error despite the adoption of reasonable procedures to avoid such error); and the 8th C&S Affirmative Defense (waiver and estoppel bar Plaintiffs' claims).  Because C&S's Answer similarly fails to allege any facts supporting these affirmative defenses, such as facts identifying the asserted bona fide error, the culpable conduct of C&S, or

---

[3] Attached as Exhibit A to both of Plaintiffs' motions are those portions of the answer filed in *Godson* in which the affirmative defenses are asserted.

the basis for the waiver and estoppel bars, these affirmative defenses likewise should be stricken.

Chief Judge Skretny also struck defenses that were either not truly affirmative defenses because they simply denied allegations of the complaint, or were inapplicable to the action. *Godson*, 285 F.R.D. at 260.  Essentially identical affirmative defenses asserted by the instant Defendants include the 3rd C&S Affirmative Defense (failure to mitigate damages), and the 10th C&S Affirmative Defense, and 2nd Midland Affirmative Defense (Plaintiff sustained no actual damages), which simply deny allegations of the Amended Complaint, as well as the 12th C&S Affirmative Defense, and 5th Midland Affirmative Defense (any damages Plaintiffs sustained should be reduced by the amount of outstanding debt identified in the Amended Complaint), which are inapplicable to Defendants' liability and relevant only to a damages calculation should Plaintiffs' succeed on their substantive claims.  Although not among the affirmative defenses asserted in *Godson*, other affirmative defenses should also be stricken because they are inapplicable to a liability determination, and relevant only to damages, including the 9th C&S Affirmative Defense (any damages claims are barred by 15 U.S.C. § 1692(k)), the 11th C&S Affirmative Defense (any damages Plaintiffs sustained are limited to statutory damages, actual damages, and reasonable attorneys' fees under the FDCPA), and the 4th Midland Affirmative Defense (same).  As such, these affirmative defenses should be stricken.  *Godson*, 285 F.R.D. at 260.

The C&S Affirmative Defenses, asserting C&S did not violate any part or provision of the FDCPA, 4th C&S Affirmative Defense, Plaintiffs, by contract or agreement, authorized the conduct claimed to in violation of the FDCPA, 5th C&S

Affirmative Defense, and Plaintiffs, by contract or agreement, consented to the acts and conduct set forth in the Amended Complaint, 6th C&S Affirmative Defense, as well as the 3rd Midland Affirmative Defense (Plaintiffs failed to conduct a good faith inquiry into the validity of the § 1692k claim prior to commencing this action), should be stricken because they are not affirmative defenses but, rather, seek to negate Plaintiffs' claims, rather than seek to preclude liability should Plaintiffs prove all elements of their claims, a point C&S concedes. *See* C&S's Response at 9 ("C&S's fourth, fifth and sixth affirmative defenses deny that it violated the FDCPA and assert that it was authorized to act by virtue of agreement or contract accepted by Plaintiff."); and Midland's Response at 7 ("Had [Plaintiffs] investigated the credit agreement and the provision permitting the charge of the $140 filing fee, then this action should have never been filed."). Should Defendants ultimately prove any or all of these defenses as to any of Plaintiffs' claims, it would necessarily follow that Plaintiffs would be unable to prove such claims, thereby establishing these defenses are not affirmative defenses. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ("An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."). Accordingly, these defenses do not qualify as affirmative defenses and should be stricken.

Plaintiffs also move to strike the 2nd C&S Affirmative Defense and the 1st Midland Affirmative Defense, both of which assert that the Amended Complaint fails to state a claim for relief. Plaintiffs' Memorandum – C&S at 6; Plaintiffs' Memorandum – Midland at 5. According to Plaintiff, in a Decision and Order filed September 16, 2013 (Doc. No.

110) ("D&O"), Judge Skretny, in ruling on motions for judgment on the pleadings filed by C&S (Doc. No. 42), and Midland (Doc. No. 48), held Plaintiffs have stated claims under 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(2)(10), and 1692f(1). *Id.* (citing D&O at 8). C&S disputes that the D&O's holding that Plaintiffs have stated claims under the FDCPA establishes such claims are sufficiently stated. C&S's Response at 8. Midland maintains that despite the conclusion in the D&O that Plaintiffs have stated FDCPA claims, such determination will not preclude Midland from providing proof that it was authorized to charge Plaintiffs for the disputed fees. Midland's Response at 5-7. A plain reading of the D&O, however, establishes that the FDCPA claims were sufficiently alleged to avoid dismissal based on the sufficiency of the pleadings. Significantly, the same analysis applies to motions pursuant to Rule 12(b)(6) to dismiss for failure to state a claim, and Rule 12(c) for judgment on the pleadings. *Hogan v. Fischer*, 738 F.3d 509, 514-15 (2d Cir. 2013) ("'The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.'" (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006))). Nor is there any merit to C&S's argument that Plaintiffs' further amendment of the complaint after the D&O was issued on September 16, 2013, breathes new life into the affirmative defense, C&S's Response at 8, because a comparison of the First Amended Complaint, which was the subject of Defendants' motions for judgment on the pleadings, establishes the factual allegations supporting Plaintiffs' FDCPA claims were not substantially changed. As such, Judge Skretny's determination that Plaintiffs have stated claims for relief under 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(2)(10), and

1692f(1), render the 2nd C&S Affirmative Defense and the 1st Midland Affirmative

Defense without any legal basis and the defenses should be stricken.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motions seeking to strike the affirmative

defenses asserted by Defendant Cohen & Slamowitz, LLP (Doc. No. 142), and

Defendant Midland Funding, LLC (Doc. No. 143), should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     May 16, 2014
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an</u>**

**<u>extension of such time waives the right to appeal the District Court's Order.</u>**

*Thomas v. Arn*,  474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      May 16, 2014
                 Buffalo, New York