## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HALLMARK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COHEN & SLAMOWITZ, LLC and MIDLAND FUNDING LLC d/b/a MIDLAND FUNDING OF DELAWARE, LLC,<br><br>Defendants. | Civil Action No. 11-cv-0842(WMS)(LGF)<br><br>**SUPPLEMENTAL DECLARATION OF ANDREW C. SAYLES, ESQ., IN SUPPORT OPPOSITION TO PLAINTIFF'S FOURTH MOTION TO COMPEL** |

ANDREW C. SAYLES, ESQ., hereby affirms that the following statements are true and correct to the best of his knowledge, information and belief:

1.      I am an attorney licensed to practice law in the State of New York and am admitted to practice in United States District Court for the Western District of New York.

2.      I am a partner with the law firm of Connell Foley LLP, attorneys for Defendant Cohen & Slamowitz, LLP ("C&S"), in the above entitled action.

3.      I submit this Declaration in support of C&S's opposition to Plaintiff Michael Hallmark's ("Hallmark") Fourth Motion to Compel (DR 230).

4.      Attached hereto as **Exhibit A** is a true and accurate copy of C&S's Responses to Plaintiff's Fourth Supplemental Discovery Demands, which were served on August 7, 2014.

5.      On July 20, 2014, C&S offered to provide Hallmark with a sampling of credit agreements, within its possession, corresponding to the original creditors identified within the Midland subset of class members.  A true and accurate copy of C&S's July 20, 2014 letter has

been attached to the October 2, 2014 Declaration of Jonathan Miller, Esq., as Exhibit E (DR 231).

6.      As part of its August 7, 2014 discovery responses, attached hereto as Exhibit A, C&S, similar to its offer regarding the Midland subset of class members, offered to provide Hallmark with a sampling of credit agreements, within its possession, corresponding to the original creditors identified within non-Midland subset of class members.

7.      C&S received no response or communications from Hallmark subsequent to its July 20, 2014 letter or service of its Responses to Plaintiff's Fourth Supplemental Discovery Demands.

8.      Presently, C&S is prepared to produce more than 1,200 pages worth of credit agreements corresponding to more than 100 original creditors.

Dated:  October 29, 2014                    /s/ Andrew C. Sayles_____

                                            **ANDREW C. SAYLES**
                                            **Connell Foley LLP**
                                            85 Livingston Avenue
                                            Roseland, New Jersey 07068
                                            Phone:        (973) 535-0500
                                            Facsimile:     (973) 535-9217
                                            Email: asayles@connellfoley.com
                                            Attorneys for Defendant
                                            COHEN & SLAMOWITZ, LLC

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL HALLMARK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COHEN & SLAMOWITZ, LLC and MIDLAND FUNDING LLC d/b/a MIDLAND FUNDING OF DELAWARE, LLC,<br><br>Defendants. | Civil Action No. 11-cv-0842(WMS)(LGF)<br><br>**DEFENDANT COHEN & SLAMOWITZ, LLP'S RESPONSES AND OBJECTIONS TO PLAITNIFF'S FOURTH SET OF DISCOVERY DEMANDS** |

COHEN & SLAMOWITZ, LLP, by and through its counsel, Connell Foley LLP, hereby provides these Responses to Plaintiff's Fourth Set of Discovery Demands as follows:

## GENERAL OBJECTIONS

A.    Defendant Cohen & Slamowitz, LLP ("C&S") objects to the Requests to the extent that the seek information which is protected by the attorney-client privilege and/or the work product doctrine.

B.    Defendant C&S objects to the Requests, including, but not limited to, the definitions and instructions to the extent that the attempt to impose obligations upon the Defendant C&S which are greater than those imposed by the Federal Rules of Civil Procedure.

C.      Defendant C&S objects to the Requests to the extent that they are duplicative or seek information which is already in the possession of Plaintiff and his attorneys, or seek information that is publicly available.

D.      Defendant C&S objects to the Requests to the extent they seek information and communications between C&S and its client that are subject to the attorney-client privilege and work-product doctrine.  The Requests seek privileged information as to each of the class members in this litigation and therefore C&S maintains that the Requests, as identified below, are categorically improper and overly burdensome.  Notwithstanding and subject to other identified objections, due to the breadth of the Requests, it would be unduly burdensome to require C&S to produce a privilege log as to categories of privileged materials sought as C&S would be required to individually review tens of thousands of files in order to describe specific privileged materials.

E.      These objections are incorporated into each and every one of Defendant C&S's responses to Plaintiff's Third Set of Requests for Production of Documents, whether or not they are specifically stated in response to a specific request.

F.      Defendant C&S reserves its right to supplement these and any other discovery responses.

G.      Defendant C&S reserves its right to make any further applicable objections, whether or not expressed above or herein.

2

## RESPONSES AS TO PLAITNIFF'S SECOND SET OF DISCOVERY DEMANDS

**1.     All information, records, statements and communications delivered by C&S to Midland since May 12, 2006 regarding C&S finances - including but not limited to all "quarterly financial information" and all "audited/reviewed financial statements for year-end delivered to Midland Account Handling Procedures (copy attached to Plaintiff's Demand as Ex. A) and relevant provisions of the MCM Firm Manual (copies attached to Plaintiff's Demand as Ex. B). Include all balance sheets, income statements, statements of cash flows, statements of equity, notes to the financial statements, and all other exhibits, attachments, addenda, or supporting documents C&S delivered to Midland regarding C&S finances.**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.   Moreover, to the extent this request is intended to discover net worth information for C&S, the scope of net worth discovery was addressed by the Court on April 2, 2014 and remains the subject of a pending motion by C&S.  As such, C&S further objects to the production of any such information until such time that C&S's motion for reconsideration is addressed.

**2.  All internal notes, memoranda, analyses and communications prepared by or for Midland concerning C&S Finances.**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.   Moreover, to the extent this request is intended to discover net worth information for C&S, the scope of net worth

discovery was addressed by the Court on April 2, 2014 and remains the subject of a pending

motion by C&S.  As such, C&S further objects to the production of any such information until

such time that C&S's motion for reconsideration is addressed.

**3.     All communications between Midland and C&S, or between Midland and any other**

**person, concerning C&S's finances including, but not limited to, emails, letters, recordings**

**of telephone calls, and notes or entries regarding telephone calls.**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and

seeks irrelevant information and or privileged and confidential information.   Moreover, to the

extent this request is intended to discover net worth information for C&S, the scope of net worth

discovery was addressed by the Court on April 2, 2014 and remains the subject of a pending

motion by C&S.  As such, C&S further objects to the production of any such information until

such time that C&S's motion for reconsideration is addressed.  Furthermore, as to all

communications between Midland and any other person, Plaintiff is seeking information not in

the custody and or control of C&S, and more properly directed to Midland.

**4.     All emails delivered to or sent from the email address fincompl@mcmcg.com**

**containing the terms "Cohen", "Slamowitz", "CS["], "C & S". "C&S", "C and S", "C + S",**

**or "C+S", or sent on behalf of or concerning C&S.**

Response:  C&S cannot fully comply with this request. Plaintiff seeks items "sent from"

an email address domain outside of C&S's control and therefore it is impossible for C&S to

identify "all" emails sent from that account.   As to the information sent "to" C&S from this

account or received by C&S from this this account, C&S objects to this request as it seeks

irrelevant information, is overbroad, harassing and seeks confidential and privileged information.

4

The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.   Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome.   Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

**5.     All versions of employee handbooks and training manuals prepared, maintained, or used by C&S that C&S has delivered to Midland since May 12, 2006, whether provided under section 4.1.1.4 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. C) or otherwise.**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.   The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  C&S has previously advised as to its practice concerning the collection of filing fees and has stated that it included the applicable filing fee as part of the outstanding debt after it prepared the check for the filing fee.  As such, there is no basis to conduct discovery regarding training materials.   Further, Plaintiff has sought and C&S has previously objected to the production of similar materials as,

5

*inter alia*, irrelevant, and repeats and maintains those objections. See, e.g., C&S's Response to

Plaintiff Third Set of Discovery Demands, Request No. 35.


**6.     All communications, notes, records, log entries, memoranda, or any other document relating to any review, inspection, or audit Midland performed as to C&S under section 4.2.2.1 of MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. D).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and

seeks irrelevant information and or privileged and confidential information.  The issue in this

litigation stems from whether C&S was permitted under law or applicable agreement to recover a

filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no

bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not

lead to the discovery of relevant information.    Further, this request would require C&S to

individually review thousands of files to identify "any" of the items identified in this request

regardless of the issue involved in this action and is therefore harassing, overbroad and unduly

burdensome.  Finally, the nature of this request seeks privileged and/or confidential information

between an attorney and its client and is therefore improper.


**7.     Any document of any kind evidencing a determination, under section 4.2.2.1 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. D.), by Midland that C&S failed to comply with the terms and conditions of the Collection Agreement.**

6

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.    Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome.   Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

8.      **Any invoices for expenses and fees incurred in connection with the discovery of any noncompliance, as provided for by section 4.2.2.2 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. D).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.    Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly

7

burdensome.   Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

**9.     Any and all communications between C&S (or any of its agents) and anyone designated as C&S's "firm manager," as that term is defined in section 3 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. E).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  Response: Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.    Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome. Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

Subject to and notwithstanding the foregoing objections, C&S has not designated a "firm manager" and is unable to respond to this request.

**10.     Any and all communications between C&S (or any of its agents) and anyone designated as C&S's "legal outsourcing specialist" or "specialist," as that term is defined in section 3 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. E).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  Response: Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.    Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome. Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

Subject to and notwithstanding the foregoing objections, C&S has not designated a "legal outsourcing specialist" or "specialist" and is unable to respond to this request.

**11.     All records prepared by C&S and subsequently delivered to Midland that document MCM-required employee training of C&S employees, as provided for by section 4.2.4.4 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. F).**

9

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.   The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  C&S has previously advised as to its practice concerning the collection of filing fees and has stated that it included the applicable filing fee as part of the outstanding debt after it prepared the check for the filing fee.  As such, there is no basis to conduct discovery regarding training materials.   Further, Plaintiff has sought and C&S has previously objected to the production of similar materials as, *inter alia*, irrelevant, and repeats and maintains those objections. See, e.g., C&S's Response to Plaintiff Third Set of Discovery Demands, Request No. 35.

**12.     Any communications delivered by C&S to Midland regarding significant management or ownership changes at C&S, as provided for by section 5.1.3.3 of the MCM Firm Manual Standard Operating Procedures (copy attached to Plaintiff's Demand as Ex. G).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.   Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly

10

burdensome.   Finally, the nature of this request seeks privileged and/or confidential information

between an attorney and its client and is therefore improper.

**13.     Any communications including all attachments thereto, sent by C&S to Midland**

**regarding changes or circumstances that could impact C&S's operational cash flow or**

**solvency, as provided for by section 5.1.3.5 of the MCM Firm Manual Standard Operating**

**Procedures (copy attached to Plaintiff's Demand as Ex. H).**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and

seeks irrelevant information and or privileged and confidential information.  The issue in this

litigation stems from whether C&S was permitted under law or applicable agreement to recover a

filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no

bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not

lead to the discovery of relevant information.    This request would also require C&S to

individually review thousands of files to identify "any" of the items identified in this request

regardless of the issue involved in this action and is therefore harassing, overbroad and unduly

burdensome.   Moreover, to the extent this request is intended to discover net worth information

for C&S, the scope of net worth discovery was addressed by the Court on April 2, 2014 and

remains the subject of a pending motion by C&S.  As such, C&S further objects to the

production of any such information until such time that C&S's motion for reconsideration is

addressed.  Finally, the nature of this request seeks privileged and/or confidential information

between an attorney and its client and is therefore improper.

11

**14.     All emails delivered to or sent from the email address LO-Operational@mcmcg.com containing the terms "Cohen", "Slamowitz", "CS["], "C & S". "C&S", "C and S", "C + S", or "C+S", or sent on behalf of or concerning C&S.**

Response:  C&S cannot fully comply with this request. Plaintiff seeks items "sent from" an email address domain outside of C&S's control and therefore it is impossible for C&S to identify "all" emails sent from that account.   As to the information sent "to" C&S from this account or received by C&S from this this account, C&S objects to this request as it seeks irrelevant information, is overbroad, harassing and seeks confidential and privileged info.

**15.     All emails delivered to or sent from the email address LO-LegalReview@mcmcg.com or LOLegalReview@mcmcg.com containing the terms "Cohen", "Slamowitz", "CS["], "C & S". "C&S", "C and S", "C + S", or "C+S", or sent on behalf of or concerning C&S.**

Response:  C&S cannot fully comply with this request. Plaintiff seeks items "sent from" an email address domain outside of C&S's control and therefore it is impossible for C&S to identify "all" emails sent from that account.   As to the information sent "to" C&S from this account or received by C&S from this this account, C&S objects to this request as it seeks irrelevant information, is overbroad, harassing and seeks confidential and privileged info.

**16.     All emails delivered to or sent from the email address AccountsPayable@mcmcg.com containing the terms "Cohen", "Slamowitz", "CS["], "C & S". "C&S", "C and S", "C + S", or "C+S", or sent on behalf of or concerning C&S.**

12

Response:  C&S cannot fully comply with this request. Plaintiff seeks items "sent from" an email address domain outside of C&S's control and therefore it is impossible for C&S to identify "all" emails sent from that account.   As to the information sent "to" C&S from this account or received by C&S from this this account, C&S objects to this request as it seeks irrelevant information, is overbroad, harassing and seeks confidential and privileged info.

**17.      Any and all communications between C&S (or any of its agents) and anyone designated as C&S's "assigned paralegal," as that term is used in various sections of the MCM Firm Manual Standard Operating Procedure.**

Response:  Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  Response: Objection.  This request is overbroad, harassing and unduly burdensome and seeks irrelevant information and or privileged and confidential information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.   Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome. Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

Subject to and notwithstanding the foregoing objections, C&S has not designated a "assigned paralegal" and is unable to respond to this request.

13

**18.      Any communication, email, letter, analysis, memorandum, report or any other document evidencing a determination by Midland that C&S did or did not expend "unreasonable Court costs" within the meaning of section 3.4.2 of the Collection Agreement (copy attached to Plaintiff's Demand as Ex. I); or that evidence internal Midland or MCM deliberations as to whether C&S did or did not expend "unreasonable Court costs"; or that evidence any inquiry or investigation Midland made into whether C&S did or did not expend "unreasonable Court costs."**

Response:      Objection.  This request seeks irrelevant information, is overbroad and harassing, and seeks confidential and privileged information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  Plaintiff has not alleged that the costs C&S sought to collect were unreasonable but rather claims that it was impermissible before entry of judgment.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.   Further, this request would require C&S to individually review thousands of files to identify "any" of the items identified in this request regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome.  In addition, this request is more properly directed to Midland to extent it seeks internal deliberations by Midland or MCM.    Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.  Subject to and notwithstanding these objections, C&S is not aware of any instance where it was advised that it expended "unreasonable Court costs."

**19.     Any form prepared by C&S or its agents resembling, modeled after, or containing the types of information referred to in the Cost Budget Template, found in the MCM Firm Manual Training Manual (copy attached to Plaintiff's Demand as Ex. J).**

Response:      Objection.  This request seeks irrelevant information, is overbroad and harassing, and seeks confidential and privileged information.  The issue in this litigation stems from whether C&S was permitted under law or applicable agreement to recover a filing fee prior to entry of judgment against Plaintiff or the class members.  This request has no bearing whatsoever to the issues involved in this action and is therefore irrelevant and will not lead to the discovery of relevant information.    Further, this request would require C&S to individually review thousands of files to identify "any form" it prepared regardless of the issue involved in this action and is therefore harassing, overbroad and unduly burdensome.   Finally, the nature of this request seeks privileged and/or confidential information between an attorney and its client and is therefore improper.

**20.     All applications for credit relating to the accounts that you sought to collect from any members of the Class of 19,942.**

Response:  Objection.  It is not known what is meant by the term "application for credit" in this demand.  C&S further objects as this request is harassing, irrelevant, overbroad and imposes an undue burden on C&S as it would require an individual review of each of the 19,942 purported class member's file.  The 19,942 figure, which C&S assumes corresponds to spreadsheets produced regarding class members in this matter, reflects matters handled by C&S on behalf of Midland or other entities other than C&S.  In those matters, C&S was retained to collect the debt and did not purchase or otherwise own the debt and therefore would not have any contractual

15

relationship with the purported class members and therefore would not have any information responsive to this request.  C&S further objects to this request as the size of the class remains an issue to be determined in that the figure includes matters that were not limited to the New York State City Court filings and therefore is overbroad.

**21.     All assignment agreements, contracts and/or bills of sale permitting you to collect from any member of the Class of 19,942, beginning with the first assignment from the original creditor, and every subsequent assignment agreement.**

Response: Objection. This request is harassing, irrelevant, overbroad and imposes an undue burden on C&S as it would require an individual review of each of the 19,942 purported class member's file.  The 19,942 figure, which C&S assumes corresponds to spreadsheets produced regarding class members in this matter, reflects matters handled by C&S on behalf of Midland or other entities other than C&S.  In those matters, C&S was retained to collect the debt and did not purchase or otherwise own the debt and therefore would not have any contractual relationship with the purported class members and therefore would not have any information responsive to this request.  C&S further objects to this request as the size of the class remains an issue to be determined in that the figure includes matters that were not limited to the New York State City Court filings and therefore is overbroad.

**22.     All documents that you claim constitute contracts between you (or any of your clients, or any predecessors in interest to your clients) and any of the members of the class of 19,942.**

16

Response: Objection. This request is harassing, irrelevant, overbroad and imposes an undue burden on C&S as it would require an individual review of each of the 19,942 purported class member's file.  The 19,942 figure, which C&S assumes corresponds to spreadsheets produced regarding class members in this matter, reflects matters handled by C&S on behalf of Midland or other entities other than C&S.  In those matters, C&S was retained to collect the debt and did not purchase or otherwise own the debt and therefore would not have any contractual relationship with the purported class members and therefore would not have any information responsive to this request.  C&S further objects to this request as the size of the class remains an issue to be determined in that the figure includes matters that were not limited to the New York State City Court filings and therefore is overbroad.

**23.    All documents - including assignment agreements, contracts and/or bills of sale - that you claim give you (or any of your clients, or any predecessors in interest to your clients) the right to collect filing fees from any of the members of the Class of 19,942.**

Response: Objection. This request is harassing, irrelevant, overbroad and imposes an undue burden on C&S as it would require an individual review of each of the 19,942 purported class member's file.  The 19,942 figure, which C&S assumes corresponds to spreadsheets produced regarding class members in this matter, reflects matters handled by C&S on behalf of Midland or other entities other than C&S.  In those matters, C&S was retained to collect the debt and did not purchase or otherwise own the debt and therefore would not have any contractual relationship with the purported class members.  C&S further objects to this request as the size of the class remains an issue to be determined in that the figure includes matters that were not limited to the New York State City Court filings and therefore is overbroad.   Subject to and notwithstanding

17

these objections, C&S will review and produce a sample of credit agreements corresponding to each creditor contained within the 19,942 class member figure referenced above, to the extent the same are in its possession.

Dated:  August 7, 2014

*/s/ Andrew C. Sayles*_____

**ANDREW C. SAYLES (AS4022)**
**CONNELL FOLEY LLP**
85 Livingston Avenue
Roseland, New Jersey 07068
Phone:          (973) 535-0500
Facsimile:      (973) 535-9217
Email: asayles@connellfoley.com
Attorneys for Defendant
COHEN & SLAMOWITZ, LLC

To:

Brian L. Bromberg, Esq.
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Email: brian@bromberglawoffice.com

Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PPLC
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226
Email: sandrews@kennethhiller.com

Thomas A. Leghorn, Esq.
150 East 42nd Street
New York, NY 10017
Email: thomas.leghorn@wilsonelser.com

18

3192589-1

## VERIFICATION

State of New York        )

County of Nassau         )


I, David A. Cohen, being duly sworn, deposes and says, that I am a Partner for Cohen & Slamowitz, LLP, in the within action; that I have read the foregoing Responses to Plaintiff's Fourth Set of Discovery Demands and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

_____
David A. Cohen, Esq., an authorized
representative of Cohen & Slamowitz, LLP


Subscribed and sworn to before me this
7th day of August , 2014

_____
Notary Public

ELLEN LEVINE
Notary Public, State of New York
No. 4996192
Qualified in Nassau County
Commission Expires May 11, 2018

3192589-1