UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HALLMARK,
on behalf of himself and all others similarly situated,      **DECISION**
              **and**
           Plaintiff,      **ORDER**

    v.                    **11-CV-842W(F)**

COHEN & SLAMOWITZ, LLP,
MIDLAND FUNDING LLC,

           Defendants.
_____

APPEARANCES:    BROMBERG LAW OFFICE, P.C.
                 Attorneys for Plaintiff
                 BRIAN L. BROMBERG,
                 JONATHAN R. MILLER, of Counsel
                 40 Exchange Place, Suite 2010
                 New York, New York   10004

                 LAW OFFICES OF KENNETH R. HILLER, PPLC
                 Attorneys for Plaintiff
                 SETH ANDREWS, of Counsel
                 6000 North Bailey Avenue, Suite 1A
                 Amherst, New York   14226

                 CONNELL FOLEY LLP
                 Attorneys for Defendant Cohen & Slamowitz, LLP
                 ANDREW C. SAYLES, of Counsel
                 85 Livingston Avenue
                 Roseland, New Jersey 09068

                 WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
                 Attorneys for Defendant Midland Funding, LLC
                 THOMAS A. LEGHORN,
                 JOSEPH L. FRANCOEUR, of Counsel
                 150 East 42nd Street
                 New York, New York   10017

      In this class action Plaintiff alleges violations of the FDCPA based on

Defendants' attempted and actual collection of court filing fees prior to Defendants'

incurring by payment of such costs.  By papers filed September 21 , 2015 (Dkt. 286),

Plaintiff moves for sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(A) including, inter alia,

contempt and an order directing that Defendant Cohen & Slamowitz's ("C&S") net worth

be deemed $50 million thus allowing the maximum damages allowed under 15 U.S.C. §

1692k(a)(2)(B) ("§ 1692k(a)(2)(B)") capping FDCPA class action damages at the lesser

of $500,000 or 1% of a defendant's net worth.[1]  Plaintiff also requests permission to

serve a 26th interrogatory to C&S requesting information to aid in identifying all FDPCA

cases between 2006 and 2015 in which depositions of C&S employees were taken.

Plaintiff's motion is based on this court's Decision and Order filed January 8, 2015 ("the

D&O"), *Hallmark v. Cohen & Slamowitz*, 304 F.R.D. 165, 170 (W.D.N.Y. 2015), in which

the court directed Defendants to produce deposition transcripts in Defendants'

possession as relevant to the issue of the extent of Defendant Midland's control over

C&S as a potential for imputed liability, the question of C&S's net worth as limited by §

1692k(b)(2), and potential evidence of Defendants' repetitive and intentional violations

of the FDCPA.  *Hallmark*, 304 F.R.D. at 170.  Defendants failed to comply immediately,

serving responses to the D&O on July 24, 2015, stating that neither Defendant had in its

possession any depositions responsive to Plaintiff's request and the court's direction.

Following extensive research, Plaintiff determined that law firms which had represented

Defendant C&S in other FDCPA cases had in their custody six depositions within the

scope of the D&O.  Plaintiff also asserts it has evidence that Defendant Midland had

possession, custody or control of at least seven responsive depositions. Plaintiff further

alleges that Midland directed its law firms to withhold depositions responsive to

---

[1]  Co-Defendant, Midland Funding, LLC ("Midland") has previously conceded it is subject to the maximum damages available under § 1692k(a)(2)(B).

Plaintiff's non-party subpoenas issued pursuant to Fed.R.Civ.P. 45 and that Midland's

principal attorney in this action, Thomas A. Leghorn ("Leghorn" or "Mr. Leghorn"),

violated the New York State Rules of Professional Responsibility, particularly Rule

3.4(a)(1) which prohibits suppression of evidence which a lawyer is required to produce

("Rule 3.4(a)(1)"), Dkt. 287 at 1, by advising another attorney who had represented

Midland in an unrelated action to destroy a responsive deposition of a Midland

employee, in a FDCPA case involving Midland, and that Midland had directed two law

firms, including Wilson, Elser, counsel to Midland in this action and which had

represented Midland in unrelated actions, to withhold deposition transcripts responsive

to Plaintiff's subpoenas.

As Defendants point out, the underlying flaw in Plaintiff's premise for Plaintiff's

sanctions request is that the deposition transcripts Plaintiff discovered through Plaintiff's

Rule 45 practice were not in possession of Defendants; rather they were in the

possession of Plaintiff's attorneys in unrelated FDCPA actions, and the D&O's direction

to produce by its terms was directed to only transcripts in Defendant's "possession."

*Hallmark*, 304 F.R.D. at 170 (finding the requested deposition transcripts to be relevant

"to the extent available in Defendant's possession").  Thus, although Fed.R.Civ.P. 34(a)

authorizes production of documents within a party's "possession, custody or control,"

and a party's control includes the legal entitlement to or practical ability to obtain

production from a party's agent, such as an attorney, *see Gross v. Lunduski*, 304 F.R.D.

136, 142 (W.D.N.Y. 2014); *Polanco v. NCO Portfolio Mgmt., Inc.*, 2013 WL 3733391 , at

*2 (S.D.N.Y. July 15, 2013), here, the court's direction by its terms limited itself to

transcripts in Defendants' possession only.

It is basic that to apply sanctions, including contempt, pursuant to Rule 37(b)(2)(A), the accused party's willful failure to comply must be based on an unambiguous order.  *See Ceglia v. Zuckerberg*, 2012 WL 95364, at *8 (W.D.N.Y. Jan. 10, 2012) (citing caselaw).  Here, Defendants complied strictly with the court's direction, as stated in the D&O, and Plaintiff did not request either reconsideration or clarification to extend Defendants' required production to transcripts within their respective custody or control as well as those in their possession.  In these circumstances, Defendants' failure to produce transcripts in the possession of Defendants' attorneys does not constitute willful non-compliance with an unambiguous court order warranting contempt or other sanctions pursuant to Rule 37(b)(2)(A) as Plaintiff requests.  By the same token even assuming Midland failed to produce transcripts relating to Defendants' involvement in prior FDCPA cases as Plaintiff contends, Dkt. 290 at 11-15, the D&O by its terms limited Midland's production requirement to transcripts relevant to Midland's control over C&S's collection activity to collect Midland's accounts in support of Plaintiff's claim that Midland is vicariously liable for C&S's FDCPA violations in this case.  *See Hallmark*, 304 F.R.D. at 170 ("to the extent available in Defendants' possession, such transcripts, may produce testimony relevant to the degree of Midland's control over C&S's collection actions directed to the class . . .").  The court's review of the several deposition transcripts involving Defendant Midland obtained by Plaintiff through Rule 45 practice, included as exhibits to Plaintiff's motion discussed in detail in Plaintiff's Memorandum, see Dkt. 287 at 13-15, fails to locate any transcripts which identified C&S as a party.  That being the case, it follows that such transcripts could not be within the scope of the D&O's direction limited as it was to transcripts including testimony relevant

to Midland's control over C&S's collection practices.  Accordingly, contrary to Plaintiff's assertions, this evidence provides no ground for sanctions against Midland as Plaintiff requests.

Although the *Coble* case, also relied on by Plaintiff as a ground for sanctions based on Leghorn's alleged attempt to order the destruction of responsive transcripts in the possession of the plaintiff's attorney in that case, was a case that involved C&S, Mr. Leghorn has persuasively explained, Leghorn Declaration, Dkt. 292 ¶ 11, that his communication with the recipient of Plaintiff's subpoena, Daniel Schlanger, Esq. ("Mr. Schlanger"), plaintiff's counsel in the *Coble* case, contains no suggestion that Schlanger destroy deposition transcripts subject to Plaintiff's subpoena; rather, fairly read, it merely references that as a settled matter, any confidential material in that case, held by plaintiff's attorney, Mr. Schlanger, should have been destroyed or returned earlier in accordance with the settlement agreement in that case.  *See* Dkt. 290 (quoting Leghorn's e-mail to Schlanger regarding this issue).  Plaintiff does not dispute the *Coble* case was subject to the settlement agreement referenced in Leghorn's e-mail to Schlanger.  Accordingly, there is no evidence to support Plaintiff's accusation that Leghorn engaged in sanctionable misconduct.  Although Plaintiff also relies on Midland's contact with the Marshall Dennehey firm, Dkt. 287 at 20-21, in an attempt to demonstrate Midland obstructed compliance by the firm with Plaintiff's subpoena, the basis for Plaintiff's assertion of misconduct against Mr. Leghorn ̶ is simply too ambiguous as a ground upon which to find such alleged obstruction.  If Plaintiff genuinely believed such obstruction in fact occurred, Plaintiff could have attempted to depose Marshall Dennehey to learn the specifics of its contact with Leghorn.  Nor does

the record include any indication that the *Coble* case transcripts in that case are outside the scope of the D&O's direction and do not support Plaintiff's motion.

Further, Plaintiff's argument that the court's statement that Plaintiff's motion was granted, thereby requiring production within Defendants' custody and control and not limited to transcript only within Defendants' possession, fails to consider the possibility that by limiting Defendants' production to transcripts within Defendants' possession the court intended thereby to avoid imposing any unfair burdens on Defendants to locate and produce responsive transcripts in the possession of non-parties.  It therefore does not follow, as Plaintiff contends, that by granting Plaintiff's motion with respect to seeking the depositions the court intended that Defendants' production requirement extended to depositions within the possession of Defendants' outside attorneys who may be subject to Defendants' control.  Accordingly, Defendants' failure to produce such depositions cannot be found to be a clear and convincing violation of an unambiguous court order sufficient to support Plaintiff's motion for contempt and sanctions.

Finally, as to Plaintiff's request for permission to serve an interrogatory seeking a listing of all FDCPA actions between 2006 to 2015 in which C&S employees have been deposed, the court declines to do so.  In light of the absence of any evidence relevant to the issue of Midland's control over C&S's collection activities to be found upon the court's review in any deposition transcripts obtained by Plaintiff in other FDCPA cases involving C&S and Midland, granting Plaintiff permission to serve the requested additional interrogatory and the ensuring Rule 45 practice that is likely to be pursued by Plaintiff, will result in further and unnecessary delay in concluding discovery in this

6

already overextended case.  Plaintiff could have earlier requested the court to enlarge the scope of discovery on the control and net worth issues relevant to Defendants' liability but did not.  To authorize, in effect, potential non-party discovery and thereby expand the time frame for completing paper discovery and deposition practice in this case, asks the court to authorize Plaintiff to search for the proverbial 'smoking gun,' absent a tangible reason to think it exists.  *See In re Worldcom, Inc. Securities Litigation*, 2003 WL 22953645, at *8 (S.D.N.Y. Dec. 16, 2003) (declining to grant additional discovery where defendants failed to establish information sought was so critical to defense as to warrant significant delay).

In sum, the D&O was limited to production of deposition transcripts within Defendants' possession and did not extend to Defendants' law firms and therefore the deposition transcripts which were obtained through Plaintiff's research and subpoenas from Midland's law firms do not support Plaintiff's request for sanctions.  Further, Plaintiff's evidence of Midland's alleged obstruction and suppression of evidence asserted by Plaintiff against Mr. Leghorn in violation of Rule 3.4(a)(1) is insufficient to warrant sanctions, and granting Plaintiff's request for additional interrogatory practice is without sufficient justification.

## CONCLUSION

Based on the foregoing, Plaintiff's motion, Dkt. 286, is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 23, 2016
         Buffalo, New York