

**CONNELL FOLEY**
A TRADITION OF LEGAL EXCELLENCE SINCE 1938

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
P 973.535.0500  F 973.535.9217

**Andrew C. Sayles**
Partner
ASayles@connellfoley.com

June 22, 2018

**VIA FIRST CLASS MAIL**
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC, 20530-0001

New York Attorney General
Office of the Attorney General
The Capitol
Albany, New York 12224-0341

Re:   **Notice Under the Class Action Fairness Act**
**Hallmakr v. Cohen & Slamowitz, LLP et al.**
**Case No.: 1:11-cv-00842-EAW-LFG**

Dear Sir or Madam:

Pursuant to 28 U.S.C. §1715(b), we are writing on behalf of Cohen & Slamowitz, LLP, now known as Selip & Stylinou, LLP ("C&S") to provide notice of a proposed class settlement in this lawsuit, which is pending in the United States District Court, Western District of New York before District Court Judge Elizabeth A. Wolford (the "Court").

As required by Section 1715(b), please find enclosed the following items:

(1)  A copy of the Complaint filed on October 6, 2011; copy of the First Amended Complaint filed on July 2, 2012; and a copy of the Second Amended Complaint filed on September 18, 2013.  See Exhibit A.

(2)  A copy of the Motion for Preliminary Approval of the parties' proposed class settlement with the parties' Class Action Settlement Agreement.  See Exhibit B.

(3)  A copy of the Court's Order of Preliminary Approval of Class Action Settlement issued on June 8, 2018 with approved Notice of Class Settlement.  See Exhibit C.

The Court has scheduled a Settlement Hearing for November 27, 2018, at 3:00 p.m. in the Courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 100 State Street, Rochester, New York 14614.

On September 16, 2013, the Court certified the following class:

United States Attorney General
NYS Attorney General
June 22, 2018
Page 2

     All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Cohen & Slamowitz, LLP, in a form materially identical or substantially similar to the letter attached to the Amended Complaint as Exhibit B sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

     To the best of the parties' knowledge, the Class size is approximately 27,110 and all Class members reside in New York and will receive 100% of the settlement.  It is not feasible to provide the names of each of the 27,110 class members due to the large Class size.  However, if you require a copy of the Class list, kindly advise us and we will provide a copy to you.

     Should you have any questions regarding the terms of the settlement, please Bromberg Law Office, P.C. (212) 248-7906; Law Offices of Kenneth Hiller (716) 564-3288 or Johnathan R. Miller (336) 837-4437 (Class Counsel); Connell Foley LLP (973) 535-0500, attention Andrew Sayles, Esq. (Counsel for Defendant Cohen & Slamowitz, LLP) or Hinshaw & Culbertson, LLP (212) 471-6200 (Counsel for Defendant Midland).

Very truly yours,

Andrew C. Sayles

ACS/jlb

cc.    Brian Bromberg, Esq. / Bromberg Law Office, P.C. (without encls)
        Kenneth Hiller, Esq. / Law Offices of Kenneth Hiller (without encls)
        Johnathan R. Miller, Esq. / Salem Community Law Office  (without encls)
        Ellen Silverman, Esq., / Hinshaw & Culbertson LLP (without encls)

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL HALLMARK,

                                        Plaintiff,

    v.                               Civil Action No. _____

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC

                                        Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Michael Hallmark, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Cohen & Slamowitz, LLC ("Cohen"), is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC ("Midland"), is a foreign registered limited liability partnership organized

and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

10. That at all times relevant herein, Cohen acted as agent for Midland.

11. That all of the acts of Cohen alleged herein were done within the scope of their agency relationship with Midland.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a debt to HSBC Bank Nevada, N.A. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff thereafter defaulted on the subject debt.

15. That upon information and belief Defendant Cohen was employed by the current holder of the account, Midland to collect on the subject debt.

16. That on or about August 1, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was $1,835.31.

17. That on or about August 17, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was now$1,982.89; $147.58 more than the balance indicated 16 days prior.

18. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. §1692e(2) by misrepresenting the amount of the debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

22. That Defendant R.A.B. is liable for all of the acts of Defendant Cohen as alleged in this complaint pursuant to the laws of agency.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendants for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 5, 2011

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK, on behalf of
himself and all others similarly situated

                                      Plaintiff,

    v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC
                               Defendants.

No. 11-cv-0842(WMS)(LGF)

CLASS ACTION
JURY DEMAND

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### *Introduction*

1.    This is a consumer class action brought on behalf of consumers subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

### *Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the plaintiff resides in this district, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

.

*Parties*

4.    Plaintiff, Michael Hallmark, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Cohen & Slamowitz, LLC ("Cohen"), is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC ("Midland"), is a foreign registered limited liability partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

*Factual Allegations*

7.    That Plaintiff incurred a debt to HSBC Bank Nevada, N.A.  This debt will be referred to as "the subject debt."

8.    That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.    That Plaintiff thereafter defaulted on the subject debt.

10.    That upon information and belief Defendant Cohen was employed by the current holder of the account, Midland, to collect on the subject debt.

2

11.     That on or about August 1, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was $1,835.31. The letter also stated:

> "We are authorized to offer you an 80% settlement of the above referenced debt. Your balance due is currently $1,835.31. Our client will accept the reduced sum of $1,468.25 if you pay on or before August 29, 2011."

A copy of this letter is attached as <u>Exhibit A</u>.

12.     That on or about August 17, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was now $1,982.89, $147.58 more than the balance indicated 16 days prior. The letter also stated that their client had authorized the commencement of a lawsuit against him. A copy of this letter is attached as <u>Exhibit B</u>.

13.     That on or about August 17, 2011, Defendant Cohen mailed a summons, complaint and a check for $140.00 to the Buffalo City Court for the purpose of filing a lawsuit against Plaintiff on the subject debt.

14.     That the $140.00 mailed to the Buffalo City Court was to pay the filing fee required to file a lawsuit with that Court.

15.     That Defendant Cohen's August 17, 2011 letter did not disclose to Plaintiff that they had included a $140.00 charge to his account for reimbursement of court filing fees.

16.     That the Buffalo City Court did not negotiate Cohen's check or file the summons and complaint until August 24, 2011 or shortly thereafter.

17.     Upon information and belief, <u>Exhibit A</u> and <u>Exhibit B</u> are form letters.

18.     Upon information and belief, Defendant Cohen sends form letters containing language substantially similar or materially identical to that contained in <u>Exhibit A</u> and <u>Exhibit B</u> to hundreds, if not thousands, of consumers in New York State.

19.     Upon information and belief, Defendant Cohen sends letters to debtors adding the court filing fees to the balance allegedly due on the debt they are collecting before the filing fee is actually paid by Defendant and before a judgment is entered.

### *Class Action Allegations*

20.     Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letters at the heart of this litigation are mass mailed form letters, the class is so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions presented by this case are whether the letter sent by Defendant (Exhibit B) violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e,  § 1692e(2)(A), § 1692e(10), § 1692f, and § 1692f(1).

    c.    The only individual issues is the identification of the consumers who received the letters (i.e. the class members), and those class members who paid Defendant Cohen court filing fees prior to them actually incurring the expense. These issues are matters capable of ministerial determination from Defendant's records.

    d.    Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories.

      e.     Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

22.    The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

23.    Prosecution of separate actions by individual members of the class would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

24.    If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

<u>COUNT I</u>
Violations of Sections 1692e, e(2)(A), e(5), e(10), and f
of the Fair Debt Collection Practices Act

25.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

26.    This Count is brought by Plaintiff, individually and on behalf of a class consisting of consumers with New York addresses, who:

      a.  within one year before the filing of Plaintiff's Motion to Amend in this action;

b. were sent a debt collection letter by Defendant in a form materially identical or substantially similar to the letter attached as <u>Exhibit B</u> sent to the Plaintiff; or

c. were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or

d. were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and

e. the letter was not returned by the postal service as undelivered.

27.      Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28.      Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt.

29.      Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

30.      Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

31.    In addition, Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

32.    In addition, Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

33.    By sending the August 17, 2011 letter, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f and f(1).

34.    The August 17, 2011 letter violates 15 U.S.C. § 1692e(2)(A) by stating $1,982.89 was due on the plaintiff's account. This amount included a $140.00 court filing fee that Defendant Cohen had not yet incurred and, therefore, was not legally entitled to charge. As such, this statement falsely represents the amount of the debt. This is also a false and deceptive act under 15 U.S.C. § 1692e(10), and an unfair and unconscionable act under 15 U.S.C. § 1692f.

35.    The letter also violates 15 U.S.C. § 1692e(2)(A) because it does not disclose to the plaintiff that the amount due on his account includes the $140.00 City Court filing fee.

36.    The letter also violates 15 U.S.C. § 1692f(1), because it sought to charge plaintiff for an expense that it had not yet incurred and was not legally entitled to until entry of judgment. For the same reasons, the letter was also a false

37.   Defendant Cohen's August 1, 2011 letter informed the plaintiff that he could pay off the account by tendering the sum of $1,468.25, if that sum was paid on or before August 29, 2011. But, Defendant Cohen's August 17, 2011 letter informed the debtor that 1) $1,982.89 was due, and 2) that they had been authorized to commence a lawsuit against him. These two letters thus provided confusing, contradictory, deceptive, and misleading information regarding the amount necessary to pay off the debt. In the former letter, Defendant Cohen was offering to accept a lower amount, whereas in the later letter, Defendant was demanding full payment plus filing fees within the forbearance period and ignored the forbearance period by filing suit. In these ways, Defendant violated FDCPA §§ 1692e, e(2)(A), e(5), e(10), f, and f(1) by engaging in deceptive, misleading, unfair, and unconscionable behavior. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render them liable to Plaintiff and the members of the class.

38.   As a result of Defendant Cohen's deceptive and unfair debt collection practices, it is liable to the Plaintiff and the members of the class.

39.   That Defendant Midland is vicariously liable for the acts of Defendant Cohen described herein and, as such, is also liable to Plaintiff and the members of the class.

### Demand for Jury Trial

40.   Plaintiff demands a trial by Jury.

*Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in

her favor, and on behalf of the class, and that judgment be entered against the

Defendants, and each of them, for the following:

(A)   Statutory damages as provided by § 1692k of the FDCPA;

(B)   Actual damages;

(C)   Attorneys' fees, litigation expenses and costs;

(C)   A declaration that Defendant Cohen's form letters, represented by the forms sent to the Plaintiff on or about August 1, 2011 and August 17, 2011, violate the FDCPA; and

(D)   Any other relief that this Court deems appropriate under the circumstances.

Dated: Amherst, New York
      March 5, 2012

                       Respectfully submitted,

                       By:   /s/ Kenneth R. Hiller
                              Kenneth R. Hiller
                              One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Kenneth R. Hiller
Law Offices of Kenneth Hiller
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
(716) 564-3288
khiller@kennethhiller.com

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005

(212) 248-7906
brian@bromberglawoffice.com

# Exhibit A

WOODBURY, NY 11797-9012

73432

**LAW OFFICES OF**

# Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax (516) 908-7993
NYC DCA LICENSE No 1160860

August 01, 2011



31442-02**AUTO**SCH 3-DIGIT 140
Michael Hallmark                     260 73432
PO Box 642
Buffalo, NY 14224-0642

RE:
Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc Dba In New
York As Midland Funding Of De
Laware Llc
Account:
C&S File
Balance Due As Of August 01, 2011: $1,835.31

Dear Michael Hallmark:

We are authorized to offer you an **80% settlement** of the above referenced debt. Your balance due is currently $1,835.31. Our client will accept the **reduced sum of $1,468.25** if you pay on **or before August 29, 2011** Upon receipt and clearance of your payment, your account will be deemed **settled in full** by our client.

We urge you to take advantage of this opportunity to settle your account for pennies on the dollar. Please contact your account representative at the telephone number set forth above as this offer may not be available to you after **August 29, 2011**. Kindly note that this offer to settle is void if you are refinancing or selling your house, or we have restrained your bank account.

Very Truly Yours,

Cohen & Slamowitz, LLP

ALL CHECKS SHOULD BE FORWARDED DIRECTLY TO THIS OFFICE AND MADE PAYABLE TO MIDLAND FUNDING, LLC. OUR OFFICE ALSO ACCEPTS WESTERN UNION, MONEY-GRAM, MASTERCARD, VISA, DISCOVER CARD, AND CHECKS VIA TELEPHONE, OR VISIT OUR WEBSITE AT **WWW.CSLAWLLP.COM** TO MAKE PAYMENTS ONLINE.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Please detach and return this portion with your payment

| Credit Card Used For Payment | |
|---|---|
| ☐ Visa      ☐ MasterCard   ☐ Discover | |
| Card Number | Amount |
| Signature | Exp. Date |

Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc Dba In New
York As Midland Funding Of De
Laware Llc
Account:
C&S File

Michael Hallmark
PO Box 642
Buffalo, NY 14224-0642

COHEN & SLAMOWITZ, LLP
P.O. BOX 9001
WOODBURY, NY 11797-9001

**TOTAL DUE:** $1,835.31
**DUE DATE:** August 29, 2011
**SETTLEMENT AMOUNT:** $1,468.25

AMOUNT ENCLOSED $_____

# Exhibit B

## Law Office of
## Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax (516) 908-7993
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

August 17, 2011

MICHAEL HALLMARK
350 SENECA CREEK RD
WEST SENECA NY 14224

Re:   Original Creditor: HSBC BANK NEVADA, N.A.
      Creditor: MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND
      FUNDING OF DE LAWARE LLC
      Account No
      C&S File N
      Balance Due as of August 17, 2011: $1,982.89

Dear MICHAEL HALLMARK:

Our client has authorized us to commence a lawsuit against you.

Should you wish to discuss this matter with us, kindly call us at the telephone number set forth
above.

Very truly yours,

Cohen & Slamowitz

P.S. All checks should be forwarded directly to our office and made payable to MIDLAND FUNDING
LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DE LAWARE LLC . Our office also accepts
Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at
www.cslawllp.com to make payments online.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK,

                                        No. 11-cv-0842(WMS)(LGF)
                        Plaintiff,

        v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC

                        Defendants.

---

## CERTIFICATE OF SERVICE

I, Kenneth Hiller, certify that I am and at all times during service of process was not a party to the above matter nor less than 18 years of age. I further certify that on July 2, 2012, I served a true copy of Plaintiff's Amended Complaint, together with all exhibits annexed thereto using the CM/ECF system, which sent notification of such filing to the email address designated by the following for that purpose to:

        Daniel R. Ryan
        Smith, Sovik, Kendrick & Sugnet, P.C.
        250 S. Clinton Street
        Suite 600
        Syracuse, NY 13202
        Email: dryan@smithsovik.com

        Thomas A. Leghorn
        150 East 42nd Street
        New York, NY 10017
        Email: thomas.leghorn@wilsonelser.com

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: July 2, 2012

                        /s/Kenneth Hiller
                        Kenneth Hiller, Esq.
                        Law Offices of Kenneth Hiller
                        *Attorneys for Plaintiff*
                        6000 North Bailey Avenue, Ste. 1A
                        Amherst, NY 14226
                        Telephone: (716) 564-3288

Email: khiller@kennethhiller.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK, on behalf of
himself and all others similarly situated

                                  Plaintiff,

    v.

COHEN & SLAMOWITZ, LLP,
and MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC
                            Defendants.

No. 11-cv-0842(WMS)(LGF)

**CLASS ACTION**
**JURY DEMAND**

---

## PLAINTIFF'S SECOND AMENDED COMPLAINT

### *Introduction*

1.    This is a consumer class action brought on behalf of consumers subjected to Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive, unfair, and illegal collection practices.

### *Jurisdiction and Venue*

2.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b), because the plaintiff resides in this district, and the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Parties*

4.      Plaintiff, Michael Hallmark, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Cohen & Slamowitz, LLC ("Cohen"), is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Midland Funding LLC, doing business as in New York as Midland Funding of Delaware LLC ("Midland"), is a foreign registered limited liability partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

*Factual Allegations*

7.      That Plaintiff incurred a debt to HSBC Bank Nevada, N.A.  This debt will be referred to as "the subject debt."

8.      That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.      That Plaintiff thereafter defaulted on the subject debt.

2

10.   That upon information and belief Defendant Cohen was employed by the current holder of the account, Midland Funding LLC, to collect on the subject debt.

11.   That on or about August 1, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was $1,835.31. The letter also stated:

> "We are authorized to offer you an 80% settlement of the above referenced debt.  Your balance due is currently $1,835.31.  Our client will accept the reduced sum of $1,468.25 if you pay on or before August 29, 2011."

A copy of this letter is attached as Exhibit A.

12.   That on or about August 17, 2011, Defendant Cohen mailed Plaintiff correspondence indicating the balance of the subject debt was now $1,982.89, $147.58 more than the balance indicated 16 days prior. The letter also stated that their client had authorized the commencement of a lawsuit against him. A copy of this letter is attached as Exhibit B.

13.   That on or about August 17, 2011, Defendant Cohen mailed a summons, complaint and a check for $140.00 to the Buffalo City Court for the purpose of filing a lawsuit against Plaintiff on the subject debt.

14.   That the $140.00 mailed to the Buffalo City Court was to pay the filing fee required to file a lawsuit with that Court.

15.   That Defendant Cohen's August 17, 2011 letter did not disclose to Plaintiff that they had included a $140.00 charge to his account for reimbursement of court filing fees.

3

16.    That the Buffalo City Court did not negotiate Cohen's check or file the summons and complaint until August 24, 2011 or shortly thereafter.

17.    Upon information and belief, Exhibit A and Exhibit B are form letters.

18.    Within one year of March 9, 2012 Defendant Cohen sent form letters containing language substantially similar or materially identical to that contained in Exhibit A and Exhibit B to approximately 38,125 consumers in New York State.

19.    Within one year of March 9, 2012 Defendant Cohen sent form letters in connection with debts allegedly owed to Defendant Midland Funding, LLC containing language substantially similar or materially identical to that contained in Exhibit A and Exhibit B to approximately 17,475 consumers in New York State.

20.    Defendant Cohen sends letters to debtors adding the court filing fees to the balance allegedly due on the debt they are collecting before the filing fee is actually paid by Defendant and before a judgment is entered.

*Class Action Allegations*

21.    Under Federal Rules of Civil Procedure 23, a class action is appropriate and preferable in this case because:

  a. Based on the fact that the collection letters at the heart of this litigation are mass mailed form letters, the classes are so numerous that joinder of all members is impractical.

  b. There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal questions presented by this case are whether the letter sent by Defendant (Exhibit B) violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e, § 1692e(2)(A) and (B), § 1692e(10), § 1692f, and § 1692f(1).

4

     c.    The only individual issues is the identification of the consumers who received the letters (i.e. the class members), and those class members who paid Defendant Cohen court filing fees prior to them actually incurring the expense. These issues are matters capable of ministerial determination from Defendant's records.

     d.    Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

     e.    Plaintiff will fairly and adequately represent the class members' interests and has retained counsel experienced in bringing class actions and collection abuse claims.

22.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

23.    The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

24.    Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent and varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

25.    If the facts are discovered to be appropriate, Plaintiff will seek to certify two classes, Class A and Class B, under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

<div align="center">

**COUNT I**
**Violations of Sections 1692e, e(2)(A) and (B), e(5), e(10), f, and g**
**of the Fair Debt Collection Practices Act**

</div>

26.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

27.     This Count is brought by Plaintiff, individually and on behalf of two

classes consisting of consumers with New York State addresses, as follows:

Class A: All consumers with New York addresses, who: (a) within one year of
March 9, 2012; (b) were sent a debt collection letter by Defendant Cohen in a
form materially identical or substantially similar to the letter attached to
Plaintiff's Second Amended Complaint as Exhibit B sent to the Plaintiff; or
(c) were sent a debt collection letter demanding City Court filing fees that
had not yet been paid, incurred, or reduced to judgment; or (d) were sent a
debt collection letter that failed to disclose that the balance demanded
included filing fees that had not yet been paid, incurred, or reduced to
judgment; and (e) the letter was not returned by the postal service as
undelivered.

Class B: All consumers with New York addresses, who: (a) within one year of
March 9, 2012; and (b) who Defendant Cohen claimed owed a debt to
Defendant Midland Funding, LLC; (c) were sent a debt collection letter by
Defendant Cohen regarding a debt allegedly owed to Defendant Midland
Funding LLC in a form materially identical or substantially similar to the
letter attached to Plaintiff's Second Amended Complaint as Exhibit B sent to
the Plaintiff; or (d) were sent a debt collection letter demanding City Court
filing fees that had not yet been paid, incurred, or reduced to judgment; or (e)
were sent a debt collection letter that failed to disclose that the balance
demanded included filing fees that had not yet been paid, incurred, or
reduced to judgment; and (f) the letter was not returned by the postal service
as undelivered.

28.     Collection letters, such as those sent by Defendant, are to be evaluated

by the objective standard of the hypothetical "least sophisticated consumer."

29.     Section 1692e of the FDCPA prohibits a debt collector from using any

false, deceptive, or misleading representations in connection with the collection of

any debt.

30.     Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot

make a "false representation of the character, amount, or legal status of any debt."

FDCPA § 1692e(2)(B) states that a debt collector cannot make a "false

representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." FDCPA § 1692e(5) prohibits a collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

31.    Furthermore, FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

32.    In addition, Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

33.    In addition, Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

34.    Finally, Section 1692g(a)(3) of the FDCPA requires that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

35.     By sending the August 17, 2011 letter, Defendants violated numerous provisions of the FDCPA, including 15 U.S.C. §§ 1692e, e(2)(A) and (B), e(5), e(10), f, f(1), and g(a)(3).

36.     The August 17, 2011 letter violates 15 U.S.C. § 1692e(2)(A) and (B) by stating $1,982.89 was due on the plaintiff's account. This amount included a $140.00 court filing fee that Defendant Cohen had not yet incurred and, therefore, was not legally entitled to charge. As such, this statement falsely represents the amount of the debt. This is also a false and deceptive act under 15 U.S.C. § 1692e(10), and an unfair and unconscionable act under 15 U.S.C. § 1692f.

37.     The letter also violates 15 U.S.C. § 1692e(2)(A) and (B) because it does not disclose to the plaintiff that the amount due on his account includes the $140.00 City Court filing fee.

38.     The letter also violates 15 U.S.C. § 1692f(1), because it sought to charge plaintiff for an expense that it had not yet incurred and was not legally entitled to until entry of judgment. For the same reasons, the letter was also a false and deceptive act under 15 U.S.C. §§ 1692e and e(10), and an unfair and unconscionable act under 15 U.S.C. § 1692f.

39.     The August 17, 2011 letter also violates 15 U.S.C. § 1692g(a), because it added the collection costs – the $140.00 City Court filing fee – to the alleged debt without giving Plaintiff a new validation notice within five days as required by FDCPA § 1692g(a)(3). *See Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004).

40.    Defendant Cohen's August 1, 2011 letter informed the plaintiff that he could pay off the account by tendering the sum of $1,468.25, if that sum was paid on or before August 29, 2011. But, Defendant Cohen's August 17, 2011 letter informed the debtor that 1) $1,982.89 was due, and 2) that they had been authorized to commence a lawsuit against him. These two letters thus provided confusing, contradictory, deceptive, and misleading information regarding the amount necessary to pay off the debt. In the former letter, Defendant Cohen was offering to accept a lower amount, whereas in the later letter, Defendant was demanding full payment plus filing fees within the forbearance period and ignored the forbearance period by filing suit. In these ways, Defendant violated FDCPA §§ 1692e, e(2)(A), e(5), e(10), f, and f(1) by engaging in deceptive, misleading, unfair, and unconscionable behavior. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render them liable to Plaintiff and the members of the class.

41.    As a result of Defendant Cohen's deceptive and unfair debt collection practices, it is liable to the Plaintiff and the members of the classes.

42.    That Defendant Midland Funding LLC is vicariously liable for the acts of Defendant Cohen described herein and, as such, is also liable to Plaintiff and the members of the classes.

### *Demand for Jury Trial*

43.    Plaintiff demands a trial by Jury.

*Prayer for Relief*

WHEREFORE, Plaintiff prays that this Court grant the following relief in

her favor, and on behalf of the classes, and that judgment be entered against the

Defendants, and each of them, for the following:

(A)   Statutory damages as provided by § 1692k of the FDCPA;

(B)   Actual damages;

(C)   Attorneys' fees, litigation expenses and costs;

(C)   A declaration that Defendant Cohen's form letters, represented by the forms sent to the Plaintiff on or about August 1, 2011 and August 17, 2011, violate the FDCPA; and

(D)   Any other relief that this Court deems appropriate under the circumstances.

Dated: New York, New York
      September 18, 2013

                            Respectfully submitted,

                    By:   /s/ Brian L. Bromberg
                           Brian L. Bromberg
                           One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Kenneth R. Hiller
Seth Andrews
Law Offices of Kenneth Hiller
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
(716) 564-3288

WOODBURY, NY 11797-9012

73432

508C46621B

## Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6008 ext. 8981
Fax (516) 908-7993
NYC DCA LICENSE No 1160860

August 01, 2011

31442-02**AUTO**SCH 3-DIGIT 140
Michael Hallmark                250 73432
PO Box 642
Buffalo, NY 14224-0642

RE:
Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc Dba In New
     York As Midland Funding Of De
     Laware Llc
Account:
C&S File
Balance Due As Of August 01, 2011: $1,835.31

Dear Michael Hallmark:

We are authorized to offer you an **80% settlement** of the above referenced debt. Your balance due is currently $1,835.31. Our client will accept the **reduced sum of $1,468.25** if you pay **on or before August 29, 2011**. Upon receipt and clearance of your payment, your account will be deemed **settled in full** by our client.

We urge you to take advantage of this opportunity to settle your account for pennies on the dollar. Please contact your account representative at the telephone number set forth above as this offer may not be available to you after **August 29, 2011**. Kindly note that this offer to settle is void if you are refinancing or selling your house, or we have restrained your bank account.

Very Truly Yours,

Cohen & Slamowitz, LLP

ALL CHECKS SHOULD BE FORWARDED DIRECTLY TO THIS OFFICE AND MADE PAYABLE TO MIDLAND FUNDING, LLC. OUR OFFICE ALSO ACCEPTS WESTERN UNION, MONEY GRAM, MASTERCARD, VISA, DISCOVER CARD, AND CHECKS VIA TELEPHONE, OR VISIT OUR WEBSITE AT **WWW.CSLAWLLP.COM** TO MAKE PAYMENTS ONLINE.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please detach and return this portion with your payment

| Credit Card Used For Payment | | |
|---|---|---|
| ❏ Visa  ❏ MasterCard  ❏ Discover | | |
| Card Number | | Amount |
| Signature | | Exp. Date |

Original Creditor: Hsbc Bank Nevada, N.A
Creditor: Midland Funding Llc Dba In New
     York As Midland Funding Of De
     Laware Llc
Account:
C&S File

Michael Hallmark
PO Box 642
Buffalo, NY 14224-0642

COHEN & SLAMOWITZ, LLP
P.O. BOX 9001
WOODBURY, NY 11797-9001

**TOTAL DUE:** $1,835.31
**DUE DATE:** August 29, 2011
**SETTLEMENT AMOUNT:** $1,468.25

AMOUNT ENCLOSED $_____

# Law Office of
# Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax (516) 908-7993
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

August 17, 2011

MICHAEL HALLMARK
350 SENECA CREEK RD
WEST SENECA NY 14224

Re:   Original Creditor: HSBC BANK NEVADA, N.A.
Creditor: MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND
FUNDING OF DE LAWARE LLC
Account No
C&S File N
Balance Due as of August 17, 2011: $1,982.89

Dear MICHAEL HALLMARK:

Our client has authorized us to commence a lawsuit against you.

Should you wish to discuss this matter with us, kindly call us at the telephone number set forth
above.

Very truly yours,

Cohen & Slamowitz

P.S. All checks should be forwarded directly to our office and made payable to MIDLAND FUNDING
LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DE LAWARE LLC . Our office also accepts
Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at
www.cslawllp.com to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT**

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

                                  **Plaintiff,**

       vs.

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

                              **Defendants.**

No. 11-CV-842(EAW)(LGF)

**CLASS ACTION**

### Plaintiff's Consent Motion for Preliminary Approval of
### Class Action Settlement and Appointment of Additional Class Counsel

PLEASE TAKE NOTICE, that upon the accompanying Declarations, upon the accompanying Memorandum of Law, and upon all of the other papers and proceedings had herein, Plaintiff, with the consent of all Defendants will move this Court, under Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the proposed class action settlement and appointing Jonathan R. Miller as additional class counsel, together with such other and further relief as the Court may deem just and equitable.

Dated: Winston-Salem, N.C.
      May 4, 2018

                              PLAINTIFF MICHAEL HALLMARK,
                              individually and on behalf of the Class.

                              /s/ Jonathan R. Miller
                              Jonathan R. Miller
                              Salem Community Law Office
                              301 N. Main St., 24th Floor

Winston-Salem, NC 27101
Tel: (336) 837-4437
Fax: (336) 837-4436
jmiller@salemcommunitylaw.com

/s/ Brian L. Bromberg
Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
brian@bromberglawoffice.com

/s/ Kenneth R. Hiller
Kenneth R. Hiller
Seth Andrews
Law Offices of Kenneth Hiller, PLLC
6000 N. Bailey Ave., Suite 1A
Buffalo, NY 14226
Tel: (716) 564-3288
Fax: (716) 332-1884
khiller@kennethhiller.com
sandrews@kennethhiller.com

*ATTORNEYS FOR PLAINTIFF
AND THE CLASS*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

       No. 11-CV-842(EAW)(LGF)

      Plaintiff,

       **CLASS ACTION**

   vs.

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

      Defendants.

---

**Plaintiff's Memorandum of Law in Support of Consent Motion for Preliminary
Approval of Class Action Settlement and Appointment of Additional Class Counsel**

Respectfully Submitted,

PLAINTIFF MICHAEL HALLMARK,
individually and on behalf of the Class.

Jonathan R. Miller
Law Office of Jonathan R. Miller,
PLLC
d/b/a Salem Community Law Office
301 N. Main St., 24th Floor
Winston-Salem, NC 27101
Tel: (336) 837-4437
Fax: (336) 837-4436
jmiller@salemcommunitylaw.com

Kenneth R. Hiller
Seth Andrews
Law Offices of Kenneth Hiller, PLLC
6000 N. Bailey Ave., Suite 1A
Buffalo, NY 14226
Tel: (716) 564-3288
Fax: (716) 332-1884
khiller@kennethhiller.com
sandrews@kennethhiller.com

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
brian@bromberglawoffice.com

# Table of Contents

Table of Authorities.................................................................................................. ii

A.  Proposed Settlement................................................................................. 3

   1.  Notification Process............................................................................ 4

   2.  Entry of Appearance, Exclusions and Objections. ................................ 5

   3.  Settlement Consideration.................................................................... 6

      a.  Class Representative Service Award. ............................................ 6

      b.  Class Monetary Relief. ............................................................... 6

      c.  *Cy Pres* Award........................................................................ 7

      d.  Attorney Fees, Costs, and Expenses. ........................................... 7

B.  The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23..... 8

   1.  The Fed. R. Civ. P. 23(a) Requirements are Satisfied. ......................... 9

   2.  The Fed. R. Civ. P. 23(b)(3) Requirements Are Satisfied...................... 10

   3.  Notice and Exclusions........................................................................ 11

   4.  The Fed. R. Civ. P. 23(e) Requirements Are Satisfied. ........................ 11

C.  Jonathan Miller Is Qualified to Represent the Class, and Will Adequately
Represent the Interests of the Class. ........................................................... 14

Conclusion ...................................................................................................... 16

i

# Table of Authorities

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor,*
     521 U.S. 591 (1997) ................................................................................. 8, 10

*City of Detroit v. Grinnell Corp.,*
     495 F.2d 448 (2d Cir. 1974) ......................................................................... 14

*Covarrubias v. Capt. Charlie's Seafood, Inc.,*
     2011 WL 2690531 (E.D.N.C. July 6, 2011) .................................................... 8

*Denney v. Jenkins Gilchrist,*
     230 F.R.D. 317 (S.D.N.Y. 2005) *aff'd in part and vacated in part,*
     443 F.3d 253 (2d Cir. 2006) ......................................................................... 11

*Elkins v. Equitable Life Ins. of Iowa,*
     1998 WL 133741 (M.D. Fla. Jan. 27, 1998) .................................................... 11

*In re Fine Paper Antitrust Litigation,*
     617 F.2d 22 (3d Cir. 1980) ............................................................................ 15

*Fymbo v. State Farm Fire and Casualty Co.,*
     213 F.3d 1320 (10th Cir. 2000) ..................................................................... 15

*Gen. Tel. Co. of SW. v. Falcon,*
     457 U.S. 147 (1982) ....................................................................................... 8

*Hallmark v. Cohen & Slamowitz, LLP,*
     2015 U.S. Dist. 98875 (W.D.N.Y. July 22, 2015) ............................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
     2016 U.S. Dist. LEXIS 37841 (W.D.N.Y. Mar. 23, 2016) ................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
     2016 U.S. Dist. LEXIS 37949 (W.D.N.Y. Mar. 23, 2016) ................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
     2016 U.S. Dist. LEXIS 37952 (W.D.N.Y. Mar. 23, 2016) ................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
     293 F.R.D. 410 (W.D.N.Y. 2013) ................................................................ 2, 5

*Hallmark v. Cohen & Slamowitz, LLP,*
   300 F.R.D. 110 (W.D.N.Y. 2014) ............................................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
   302 F.R.D. 295 (W.D.N.Y. 2014) ............................................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
   304 F.R.D. 165 (W.D.N.Y. 2015) ............................................................ 2

*Hallmark v. Cohen & Slamowitz, LLP,*
   307 F.R.D. 102 (W.D.N.Y. 2015) ............................................................ 2

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ............................................................. 15

*In re Indep. Energy Holdings,*
   210 F.R.D. 476 (S.D.N.Y. 2002) ........................................................... 9

*In re Initial Public Offering Securities Litigation ("In re IPO Litig."),*
   226 F.R.D. 186 (S.D.N.Y. 2005) ..................................................... 12, 13

*In re Luxottica Group S.p.A. Sec. Litig. (In re Luxottica Group Litig.),*
   233 F.R.D. 306 (E.D.N.Y., Weinstein, J. 2006) .................................... 12

*Murray v. Auslander,*
   244 F.3d 807 (11th Cir. 2001) ............................................................. 9

*In re Nasdaq Market-Makers Antitrust Litig.,*
   176 F.R.D. 99 (S.D.N.Y. 1997) ..................................................... 12, 14

## Statutes

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ............................. *passim*

## Other Authorities

Fed. R. Civ. P. 23 ......................................................................... *passim*

Plaintiff Michael Hallmark, through counsel and under Fed. R. Civ. P. 23, moves this Court for preliminary approval of the proposed class action settlement of the above-captioned matters. In addition, Plaintiff moves for the appointment of Jonathan R. Miller as additional class counsel. Mr. Miller has represented Plaintiff in this action for approximately four-and-a-half years as an associate for the Bromberg Law Office, P.C., but last year, he started his own law practice and is therefore seeking to be formally appointed as class counsel so as to ensure compliance with Fed. R. Civ. P. 23(g). Plaintiff hereby submits the following memorandum in support of these motions.

The history of this case and the settlement are as follows. Mr. Hallmark filed this case on October 6, 2011, on behalf of himself and a class of similarly situated New York consumers. In his complaint, Hallmark alleged that Defendant Cohen & Slamowitz, LLP ("C&S") sent him a letter (the "Letter") that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in that it incorrectly stated Hallmark's amount due on a debt owed to Defendant Midland Funding, LLC ("Midland"). Specifically, Plaintiff alleged, the amount listed in the Letter was too high because it included a state-court filing fee before the filing fee had actually been incurred. A true and accurate copy of the Letter C&S sent to Hallmark is attached hereto as **Exhibit A**.

Hallmark moved to certify the class on December 3, 2012, while C&S moved for judgment on the pleadings on January 10, 2013 and Midland moved to dismiss on January 25, 2013. While the Court partially granted Defendants' motions,

1

Hallmark's core FDCPA claim survived, and the Court granted Hallmark's motion for class certification, certifying the following class:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Cohen & Slamowitz, LLP, in a form materially identical or substantially similar to the letter attached to the Amended Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

*Hallmark v. Cohen & Slamowitz, LLP*, 293 F.R.D. 410 (W.D.N.Y. 2013). Extensive discovery, as well as discovery-related motion practice, followed. *See Hallmark v. Cohen & Slamowitz, LLP*, 300 F.R.D. 110 (W.D.N.Y. 2014); *Hallmark v. Cohen & Slamowitz, LLP*, 302 F.R.D. 295 (W.D.N.Y. 2014); *Hallmark v. Cohen & Slamowitz, LLP*, 304 F.R.D. 165 (W.D.N.Y. 2015); *Hallmark v. Cohen & Slamowitz, LLP*, 307 F.R.D. 102 (W.D.N.Y. 2015); *Hallmark v. Cohen & Slamowitz, LLP*, 2015 U.S. Dist. 98875 (W.D.N.Y. July 22, 2015); *Hallmark v. Cohen & Slamowitz, LLP*, 2016 U.S. Dist. LEXIS 37841 (W.D.N.Y. Mar. 23, 2016); *Hallmark v. Cohen & Slamowitz, LLP*, 2016 U.S. Dist. LEXIS 37949 (W.D.N.Y. Mar. 23, 2016); *Hallmark v. Cohen & Slamowitz, LLP*, 2016 U.S. Dist. LEXIS 37952 (W.D.N.Y. Mar. 23, 2016).

On November 8, 2017, the parties engaged in an all-day mediation before Hugh Russ, Esq. as part of the Western District of New York's Settlement Week. The parties agreed to the broad outlines of a class settlement on that date and have

2

been hammering out the details since then. The final result of these discussions has been memorialized in a Class Action Settlement Agreement and Release (the "Agreement"), attached hereto as **Exhibit B**.

In summary, the parties have agreed to a fund of $225,000 for a statewide class settlement to compensate the certified class of 25,000-30,000 individuals (the "Class"). From this settlement fund, the parties will deduct: all settlement costs, including the cost of notice, distribution, and the payment of the Settlement Administrator; and the amount going to the class representative Michael Hallmark. The Settlement Administrator will then distribute the remainder to Class members who submit timely claim forms.

Attorney fees and costs for class counsel will *not* be deducted from the amount of the settlement fund. Under the Agreement, Class Counsel will petition this Court for an award of attorney fees and costs not to exceed $400,000; Defendants reserve the right to object to Class Counsel's fee petition.

Under Fed. R. Civ. P. 23(e), Plaintiffs – with Defendants' consent – now seek class certification and preliminary approval of the proposed class action settlement. Since the parties have reached a settlement, Plaintiffs request that this Court preliminarily approve the proposed Agreement by entering the Preliminary Approval Order attached to the Agreement as **Exhibit B**.

A. **Proposed Settlement.**

The significant terms of the proposed Agreement are as follows.

## 1. Notification Process

Under Fed. R. Civ. P. 23(c)(2)(B), the parties are required to provide notice of the settlement to the Class members and allow the Settlement Class members the opportunity to exclude themselves from the settlement. The parties, therefore, propose the following notification process.

Within 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), Defendants shall provide a final list of Class members to the Settlement Administrator. The Settlement Administrator shall, as expeditiously as possible, but not to exceed 30 days from receiving the final list of Class members, send by U.S. mail a written notice of the proposed class action settlement, with a Claim Form, to each Class member. The proposed Notice of Class Action Settlement and Class Member Claim Form ("Notice") is attached to the Agreement as **Exhibit A**. The Settlement Administrator will send each Class member the notice via direct mail to the most recent mailing address as reflected in the reasonably available computerized account records of Defendants as of the date of the Preliminary Approval Order, as reflected in the final Class member list. Defendants' obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices, regardless of whether any notice is returned as undelivered or for any other reason, except that the Settlement Administrator will forward any notices that are returned with a forwarding address and update the Class member address list with all forwarding addresses. Ex. B. at § 20.

4

2. **Entry of Appearance, Exclusions and Objections.**

Fed. R. Civ. P. 23(c)(2)(B) also requires that the Class members have an opportunity to enter an appearance, object to, or exclude themselves from the class settlement. Accordingly, the parties propose that any Class member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 120 days after the date of the Preliminary Approval Order. *Id.* at § 21.

A Class member's exclusion form must: (i) be signed by the Class Member who requests exclusion; (ii) include the full name and address of the Class Member requesting exclusion; and (iii) include language substantially similar to the following statement: "I/we request to be excluded from the settlement in the *Hallmark* action." *Id.* Any Class member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement. *Id.* at § III(K).

Under Fed. R. Civ. P. 23(e)(5), the Class members must also have the opportunity to object to the proposed settlement. Any Class member who intends to object to the fairness of this settlement must file a written objection with the Court within one hundred twenty (120) days after the date of the Preliminary Approval Order and provide a copy to Class Counsel; Class Counsel will then be responsible for forwarding copies of any objections to counsel for Defendants. *Id.* at § 28.

In the written objection, the Class member must: (a) attach documents establishing – or provide information sufficient to allow the parties to confirm – that the objector is a Class member; (b) include a statement of such Class member's specific objections; and (c) state the grounds for objection, as well as identify any documents that such objector desires the Court to consider.  Class members will also be notified that they may object in person at the final fairness hearing.  Any Class member who does not file a valid and timely objection to the settlement shall not be allowed to seek review of the settlement by appeal.  Under Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, the Class members shall be notified that they may enter an appearance through an attorney at their own expense if they so desire.

### 3. Settlement Consideration.

The proposed settlement is a Rule 23(b)(3) settlement, and, therefore, the settlement consideration is as follows:

### a. Class Representative Service Award.

The Class Representative award will be paid out of the settlement fund. Plaintiff Michael Hallmark requests $25,000 for alleged damages and in recognition of his services as the Class Representative. *Id.* at § 10(a).

### b. Class Monetary Relief.

Defendants will establish a $225,000 settlement fund. *Id.* at § 10. From this settlement fund, the parties shall deduct the cost of class notice and administration, and the individual award to the Class Representative.  The

remaining balance shall be distributed to each of the Class members who timely return a claim form. *See* Ex. B.

Within 30 days after the date the Court enters the Final Approval Order ("the Effective Date"), the Settlement Administrator shall send via U.S. mail a settlement check to each Settlement Class member who timely submits a valid claim. *Id.* at § 13. Defendants' obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed. *Id.* Each settlement check will be negotiable for 90 days after it is mailed. *Id.* All costs and expenses of sending notice and distributing checks to the Settlement Class members and the cost of administration shall be paid from the Settlement Fund. *Id.* at § 10(e).

c. *Cy Pres* **Award.**

Any funds from settlement checks un-cashed (*i.e.*, checks not cashed 90 days after the check date) or other undistributed funds shall be awarded to the Western New York Law Center. *Id.* at § 14. There shall be no reversion of any funds to Defendants. *See Id.*

d. **Attorney Fees, Costs, and Expenses.**

Class Counsel's attorney fees will not be taken from the Settlement Fund; rather, Class Counsel will petition for a separate award of fees and costs at the time Plaintiff moves for entry of a Final Approval Order. Class Counsel have agreed to seek not more than $400,000, representing reasonable attorney fees,

costs, and expenses in this matter. *Id.* at § 12(a). The parties and their counsel

represent and agree that the consideration to be provided to the Class members is

not contingent on the attorneys' fees to be awarded.  The amount of attorney fees,

expenses and costs are to be considered by the Court separately from the Court's

consideration of the fairness, reasonableness, and adequacy of the settlement.

### B. The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23.

"The class-action device was designed as 'an exception to the usual rule that

litigation is conducted by and on behalf of the individual named parties only.'" *Gen.*

*Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 155 (1982) (*quoting Califano v. Yamasaki*,

442 U.S. 682, 700-01 (1979)). "Class relief is 'peculiarly appropriate' when the

'issues involved are common to the class as a whole' and when they 'turn on

questions of law applicable in the same manner to each member of the class.'" *Id.*

"For in such cases, 'the class-action device saves the resources of both the courts and

the parties by permitting an issue potentially affecting every [Settlement Class

member] to be litigated in an economical fashion under Rule 23.'" *Id.*

"There is a strong judicial policy in favor of settlement, in order to conserve

scarce resources that would otherwise be devoted to protracted litigation."

*Covarrubias v. Capt. Charlie's Seafood, Inc.*, 2011 WL 2690531, *2 (E.D.N.C. July

6, 2011) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)).

Proposed settlements must, nevertheless, satisfy the requirements of Rule 23. *See*

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997).

8

Here, the settlement provides for the interests of New York state consumers nationwide who received the Letter.  By creating a fund to compensate consumers who received the Letter from Defendants from March 10, 2011, to the present, the settlement offers recovery for consumers across the state who received the Letter, commensurate with Congress's purpose in enacting the FDCPA.

### 1. The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

"In order to obtain class certification, [the parties] first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a)." *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001).  The parties must show: "(1) the class is so numerous that joinder of all members is impracticable [*i.e.*, numerosity]; (2) there are questions of law or fact common to the class [*i.e.*, commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [*i.e.*, typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [*i.e.*, adequacy of representation]." Fed. R. Civ. P. 23(a).

All of these matters have been briefed at length in the 2012 Motion for Class Certification, and this Court has already determined that all of the Rule 23(a) requirements have been met, and no evidence to the contrary has emerged since. Numerosity is satisfied as the parties identified approximately 25,000 Class members who were sent a letter identical or substantially similar to the Letter. Courts in this circuit generally "find a class sufficiently numerous when it comprises forty or more members." *In re Indep. Energy Holdings*, 210 F.R.D. 476,

9

479 (S.D.N.Y. 2002) (*citing Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)).

The Class satisfies the commonality and typicality requirements because Plaintiff's

claims and the claims of the Class members are legally and factually identical, and

Plaintiff's interests are aligned with the interests of the Class. Plaintiffs and the

Class members' claims stem from alleged court costs demanded in the Letters,

which Plaintiff claims were not in fact due and owing. Finally, Plaintiff has no

interest antagonistic to the Class members, and there is no potential for conflicting

interests in this action.

## 2. The Fed. R. Civ. P. 23(b)(3) Requirements Are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class

certification must show that the action is maintainable under Rule 23(b)(1), (2), or

(3)." *Amchem Prods., Inc.*, 521 U.S. at 614. To qualify for certification under Rule

23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites:

"Common questions must 'predominate over any questions affecting only individual

members'; and class resolution must be 'superior to other available methods for the

fair and efficient adjudication of the controversy.'" *Id.* at 615.

Again, the proposed Class satisfies the predominance and superiority

requirements. Class-wide claims predominate over any individual claims and the

class action procedure is the appropriate and superior method to resolve the case.

Plaintiffs and the Class members' claims are identical, and all issues are subject to

the same proof. Proof of the class claims will leave nothing for Plaintiffs to prove

individually.

### 3. Notice and Exclusions.

Rule 23(c)(2)(B) further provides that any member of a Rule 23(b)(3) class may request exclusion, and that the "court must direct to [Class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort[.]" Fed. R. Civ. P. 23(c)(1)(B) (emphasis added). "Notice of a proposed class action settlement is adequate when it is the best notice practicable and reasonably calculated, under the circumstances, to reach absent class members." *Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741, *2 (M.D. Fla. Jan. 27, 1998).

Here, the parties propose sending individual mailed notice to each of the Class members. Individual notice is the best notice practicable. Each Class member will receive actual notice of the settlement and an opportunity to exclude himself or herself from the settlement.

### 4. The Fed. R. Civ. P. 23(e) Requirements Are Satisfied.

Because the settlement class meets the requirements for certification, Plaintiff now turns to the merits of the proposed settlement. Public policy favors the settlement of class actions. *See Denney v. Jenkins Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y. 2005) ("There is a 'strong judicial policy in favor of settlements, particularly in the class action context.' 'The compromise of complex litigation is encouraged by the courts and favored by public policy.'") (footnotes and citations omitted) *aff'd in part and vacated in part,* 443 F.3d 253 (2d Cir. 2006). "Class action suits readily lend themselves to compromise because of the difficulties of proof, the

uncertainties of the outcome, and the typical length of the litigation. There is a strong public interest in quieting any litigation; this is 'particularly true in class actions.'" *In re Luxottica Group S.p.A. Sec. Litig. (In re Luxottica Group Litig.)*, 233 F.R.D. 306, 310 (E.D.N.Y., Weinstein, J. 2006) (citations omitted).

Final approval of any proposed class settlement requires "careful balancing," *In re Luxottica Group Litig.*, 233 F.R.D. at 310, of the three Rule 23(e) factors, "fair[ness], reasonable[ness], and adequa[cy]." Fed. R. Civ. P. 23(e)(1)(C). Part of Rule 23(e)'s "fairness, reasonableness, and adequacy" inquiry requires first determining whether the proposed settlement terms warrant "preliminary approval." *See* Fed. R. Civ. P. 23(e)(1)(B)-(C). Preliminary approval is a two-step process. *See In re Initial Public Offering Securities Litigation ("In re IPO Litig.")*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005); *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing Fed.R.Civ.P. 23(e); *Manual for Complex Litigation (Third)* § 30.41 (1995)). First, the court "make[s] a preliminary evaluation of the fairness of the settlement." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. at 102. Thus, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Id.* (*citing* Manual for Complex Litigation (Third) § 30.41 (1995)); *accord In re IPO Litig.*, 226 F.R.D. at 191. Upon preliminary approval, the court "must direct the preparation of notice of the certification of the settlement

class, the proposed settlement and the date of the final fairness hearing." *In re IPO Litig.*, 226 F.R.D. at 191. At the fairness hearing, "[c]lass members (and non-settling defendants whose rights may be affected by the proposed settlement) then have an opportunity to present their views of the proposed settlement, and the parties may present arguments and evidence for and against the terms, before the court makes a final determination as to whether the proposed settlement is 'fair reasonable, and adequate.'" *Id.* (*citing* Manual for Complex Litigation (Fourth) § 21.632-21.635 (2004)).

Under the terms of the proposed settlement, Defendants are establishing a total settlement fund of $225,000 (the "Settlement Fund"). This fund represents, in the aggregate, about 45% of the $500,000 maximum recovery in statutory damages recovery allowable for FDCPA class actions. *See* 15 U.S.C. § 1692k(a)(2)(B)(ii). (Here, Plaintiff alleges that Defendant Midland is vicariously liable for Defendant C&S's actions; courts have not yet determined whether, in such a situation, a class may recover a maximum of $500,000 in statutory damages from *each* Defendant for a total of $1,000,000, or $500,000 total from *both* Defendants combined.)

More importantly, this sum represents a payment to each class member for damages that may be difficult to prove. The Class members have the opportunity to opt out of the Settlement Fund. In the event that any part of the fund is not dispensed from un-cashed, expired Settlement Checks, a *cy pres* award in the remaining amount would be paid 50-50 to a regional non-profit legal services organization. Therefore, none of the money will revert back to the Defendants.

Because the class members are recovering about 45% of the maximum class damages recovery, the proposed settlement terms are fair – that is, they fall within "the reasonable range of approval." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. at 102 (citation omitted). In addition, each individual class member will be receiving this amount without running any of the risks associated with engaging in complex, expensive, and lengthy litigation, or of maintaining a class action through trial, and without facing any of the difficulties of establishing liability and damages. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Finally, the parties settled only after extensive arm's-length settlement negotiations, which stretched out over more than a year. Thus, there is no indication that the settlement was the product of collusion. Nor are there any "obvious deficiencies" warranting denial of preliminary approval status. Finally, no evidence exists that the proposed settlement accords the class representative or any portion of the class "improper[ ] ... preferential treatment." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. at 102. Accordingly, the proposed settlement should be preliminarily approved.

### C. Jonathan Miller Is Qualified to Represent the Class, and Will Adequately Represent the Interests of the Class.

The Court appointed attorneys Brian L. Bromberg, Seth Andrews, and Kenneth R. Hiller as Class Counsel in 2013, and they will continue to do so until a Final Approval Order is entered. But Plaintiff now moves to appoint attorney Jonathan R. Miller as additional Class Counsel.

Any party seeking class certification must show that "the representative

14

parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4). Meeting this "adequacy" requirement requires establishing two elements:

"(1) the representative plaintiffs' attorneys must be qualified, experienced, and

generally able to conduct the litigation, and (2) the plaintiffs' interests must not be

antagonistic to those of the remainder of the class." *Reade-Alvarez*, 237 F.R.D. at 32

(*citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.

1992)).

Moreover, under Rule 23(g), the Court should consider the following in

appointing class counsel:

- the work counsel has done in identifying or investigating potential
  claims in the action,

- counsel's experience in handling class actions, other complex litigation,
  and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

These requirements are similar to those employed in determining whether counsel

is adequate under Rule 23(a)(4). Therefore, the standards developed by that case

law, [1] *see, e.g., Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1320-21

(10th Cir. 2000) (Rule 23(a)(4) prevents non-attorney from serving as pro se

representative; plaintiff's pleadings were also evidence of lack of competence);

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998) (Rule 23(a)(4)

requires evaluation of counsel's ability; also, in settlement class, court must also

examine rationale for not pursuing further litigation"); *In re Fine Paper Antitrust*

15

*Litigation*, 617 F.2d 22, 27 (3d Cir. 1980) (trial judge has "constant duty" to monitor

"professional competency and behavior of class counsel"), have been incorporated

almost in their entirety into new Rule 23(g).

Here, Plaintiff did not move to appoint Mr. Miller as Class Counsel because,

when he filed his Motion for Class Certification in 2012, Mr. Miller did not yet work

at Mr. Bromberg's Office. From July 2013 through June 2017, as an associate

attorney at Bromberg Law Office, P.C., Mr. Miller contributed significant time and

effort to representing Mr. Hallmark in this action by, among other things, writing

several briefs, engaging in oral argument, drafting discovery requests, analyzing

Defendants' discovery responses, and negotiating discovery disputes with opposing

counsel.

Moreover, Mr. Miller is qualified to serve as Class Counsel, particularly here,

where the Class is also represented by three other attorneys experienced in

consumer class-action litigation. as demonstrated in his accompanying Declaration.

The accompanying Declaration of Attorney Jonathan R. Miller attests to his

experience in consumer-protection litigation, in general, and class-action litigation,

in particular.

## Conclusion

For the reasons set forth above, and under Fed. R. Civ. P. 23(e) and 23(g),

Plaintiff respectfully requests that the Court approve the proposed settlement by

entering the attached Preliminary Approval Order (Ex. B to the Agreement) and

by appointing attorney Jonathan R. Miller as additional Class Counsel, and

award such other relief as this Court deems proper.

Dated: Winston-Salem, N.C.
     May 4, 2018

<div style="margin-left:40%">

PLAINTIFF MICHAEL HALLMARK,
individually and on behalf of the Class.

/s/ Jonathan R. Miller
Jonathan R. Miller
Salem Community Law Office
301 N. Main St., 24th Floor
Winston-Salem, NC 27101
Tel: (336) 837-4437
Fax: (336) 837-4436
jmiller@salemcommunitylaw.com

/s/ Brian L. Bromberg
Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
brian@bromberglawoffice.com

/s/ Kenneth R. Hiller
Kenneth R. Hiller
Seth Andrews
Law Offices of Kenneth Hiller, PLLC
6000 N. Bailey Ave., Suite 1A
Buffalo, NY 14226
Tel: (716) 564-3288
Fax: (716) 332-1884
khiller@kennethhiller.com
sandrews@kennethhiller.com

*ATTORNEYS FOR PLAINTIFF
AND THE CLASS*

</div>

# Exhibit A

## Law Office of
## Cohen & Slamowitz, LLP

(516) 686-8981
(800) 293-6006 ext. 8981
Fax (516) 908-7993
Firm Representative: SHANA HUSSAIN

199 Crossways Park Drive
P.O. Box 9004
Woodbury, NY 11797-9004
NYC DCA License No. 1160860

August 17, 2011

MICHAEL HALLMARK
350 SENECA CREEK RD
WEST SENECA NY 14224

Re:   Original Creditor: HSBC BANK NEVADA, N.A.
      Creditor: MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND
      FUNDING OF DELAWARE LLC
      Account No.
      C&S File No:
      Balance Due as of August 17, 2011: $1,982.89

Dear MICHAEL HALLMARK:

Our client has authorized us to commence a lawsuit against you.

Should you wish to discuss this matter with us, kindly call us at the telephone number set forth above.

Very truly yours,

Cohen & Slamowitz

P.S. All checks should be forwarded directly to our office and made payable to MIDLAND FUNDING LLC DBA IN NEW YORK AS MIDLAND FUNDING OF DELAWARE LLC . Our office also accepts Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at www.cslawllp.com to make payments online.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT

# Exhibit B

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

No. 11-CV-842(EAW)(LGF)

Plaintiff,

vs.

CLASS ACTION

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,
        Defendants.

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.  **Parties.**  The parties to this Class Settlement Agreement

("Agreement") are Cohen & Slamowitz, LLP (now known as Selip & Stylianou, LLP)

("Cohen & Slamowitz") and Midland Funding LLC d/b/a Midland Funding of

Delaware LLC ( "Midland Funding")  (collectively, "Defendants"), on the one hand,

and Michael Hallmark ("Plaintiff" or "Hallmark"), and the class of persons as

defined in ¶ 9 below, on the other hand.

2.  **Nature of litigation.** Hallmark filed his case against Defendants on

behalf of himself and a class of similarly situated individuals in the United States

District Court for the Western District of New York (the "Action"), against

Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"),

1

15 U.S.C. §1692, *et seq.*, and other consumer-protection statutes. In the Action,
Plaintiff alleged that Defendants violated the FDCPA, because Cohen & Slamowitz
sent collection letters on behalf of various debt holders, some of which related to
Midland Funding accounts. In those letters, Plaintiff alleges that Defendants
attempted to collect court filing fees before the summonses and complaints had been
actually filed with the courts. Plaintiff Hallmark alleged that these actions violated
sections of the FDCPA, and these claims survived a motion for judgment on the
pleadings under Fed. R. Civ. P. 12(c), and the Court has already certified a class
and appointed class counsel. Defendants dispute that any court filing fees were
improperly assessed and maintain that the court filing fees were recoverable and
authorized.

     3.    <u>Liability</u>. Defendants deny any and all liability to Plaintiffs and to the
class members. In order to resolve the Action, and in order to avoid further expense
and burdensome, protracted litigation, and to put to rest all claims, known or
unknown, that have been or might be asserted by Plaintiff or the class (as defined
below in ¶9) against Defendants, arising out of demands for court filing fees before
the filing fees had been submitted to the state courts, Defendants have agreed to
settle the Action on the terms and conditions set forth in this Agreement.

     4.    <u>Class Counsel</u>. In this Agreement, "Class Counsel" shall refer to the
Bromberg Law Office, P.C., the Law Offices of Kenneth Hiller, PLLC, and the Law
Office of Jonathan R. Miller, PLLC d/b/a Salem Community Law Office. As part of

<div align="center">2</div>

this settlement, the Law Office of Jonathan R. Miller, PLLC will be moving to be appointed class counsel now that Mr. Miller no longer works for the Bromberg Law Office, P.C.

5.    **Opinion of Class Counsel**.  Class Counsel have investigated the facts available to them and the applicable law, including the holdings in this Action by the District Court. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the class members, Class Counsel consider it to be in the best interest of the class members to enter into this Agreement.

6.    **Stipulation**.  In consideration of the foregoing and other good and valuable consideration, Plaintiff and Defendants stipulate and agree that the claims of the named Plaintiff and the class members, against Defendants should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

7.    **Settlement.**  While Defendants continue to deny any and all liability, the parties have agreed to settle the Action under this Agreement, and without trial or adjudication of any issue of fact or law in the Action. This Agreement, including the exhibits hereto, shall not constitute any evidence against or any admissions by any party with respect to any issue raised in this matter and agree that it shall not be used by any party to estop any other party from asserting any claims or defenses in this proceeding or in any other proceeding whatsoever, other than to enforce this Agreement.

3

4227764-2

## TERMS

8.   **Effective Date.** This Agreement shall become effective (the "Effective Date") upon the Court's entry of a final order approving this Agreement as fair, reasonable and adequate; finding that this Agreement is fair and made in good faith, dismissing the claims of Plaintiff and the class members against Defendant without prejudice, subject to becoming a dismissal with prejudice upon completion of the terms of the Agreement ("Final Order"); and  the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement in their entirety, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

9.   **Certification of Class.** A class (the "Class") has already been certified in the Action, as follows:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Cohen & Slamowitz, LLP, in a form materially identical or substantially similar to the letter attached to the Amended Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet

4

been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

*See* ECF No. 110, p.11.

The parties further agree that the class definition set forth in this Agreement can be simplified for purposes of providing notice to the class members, to the extent it is consistent with the class certified by the Court.

10.  **Relief to Plaintiff and the Class.**  Defendants agree to pay the sum of $225,000, to settle the claims of the Class.

(a)  Plaintiff Hallmark will petition the Court for an award of $25,000 to be paid from the Settlement Fund, as his damages and as an incentive award in recognition of his services as Class representative. Defendants agree not to oppose Plaintiffs' requests for an award in the amount set forth in this Paragraph. Defendants shall only issue a 1099-MISC to Plaintiff Hallmark for any incentive award ordered by the Court.

(b)  As set forth in ¶ 12 below, Class Counsel will petition the Court for approval of payment of attorney fees and costs of not to exceed $400,000. Defendants reserve the right to object to Class Counsel's petition to the Court. Defendants shall pay the amount approved by the Court, in addition to the Settlement Fund, subject to the agreement that in no event shall the amount of fees and costs paid by Defendants exceed $400,000.

(c)  The costs of notice and settlement distribution shall also be paid out of

<div align="center">5</div>

the Settlement Fund.

(d)    After the deduction of the Plaintiff's incentive award, the costs of notice and distribution as delineated above, the remaining Settlement Fund will be distributed to the members of the Class who are located (where Class notice is not returned as undeliverable with no forwarding address available) and who submit a timely claim form requesting participation in the Settlement Fund and who do not exclude themselves from the lawsuit and Agreement.

(e)    After deducting the costs of sending notice and distributing settlement checks, the balance of the Settlement Fund will be distributed on a pro rata basis, to those Settlement class members who submit a timely claim form. If any money is left in the Settlement Fund after distribution to the Settlement class members, Class Counsel may apply for an order that the resulting funds be given to the Western New York Law Center. Payment to the participating class members will be by check, and checks will be sent no later than 28 days after the effective date. Checks to participating class members will be void 90 days after issuance. Nothing contained in this Agreement shall affect the collectability of each class members' other underlying debts with Defendants, if any.

11.    **Entitlement**. The estates of deceased class members are eligible to share in the Settlement Fund upon submission to the class administrator of a death certificate. In the event that a class member entitled to a check is deceased, the class administrator shall send or cause to be sent, a check to the person(s)

6

reasonably believed to be the person(s) entitled thereto, and the release in ¶ 15 of

this Agreement shall be effective as to such class member(s), notwithstanding any

failure to comply with laws relating to probate or marital property.

12.   <u>**Attorney Fees, Notice Costs and Related Matters**</u>.

(a)   Class Counsel will request approval of payment of reasonable

attorney fees and costs not to exceed $400,000 as provided under 15 U.S.C. § 1692k.

For purposes of the award of attorney fees and costs, Defendants stipulate and

agree that Plaintiff and the Class are the prevailing party under 15 U.S.C. § 1692k.

Class Counsel will not request additional fees or costs from Defendants or the Class.

Defendants reserve the right to object to Class Counsel's petition to the Court.  To

the extent that Court determines that attorney's fees and costs recoverable are less

than the $400,000, it shall reduce the amount to be paid by Defendants and will not

be added to the Settlement Fund, which is separate from the court costs and

reasonable attorney's fee payment. No portion of the Settlement Fund will revert to

Defendants.

(b)   The costs of notice and settlement distribution, described in ¶ 10,

shall be paid out of the Settlement Fund. The parties may destroy documents

generated in the administration of notice to the Class one year after the void date

on class members' checks.

13.   <u>**Payment**</u>. On or within 30 days of the entry of the Effective Date,

Defendants, via the class administrator, shall distribute all monies set forth in this

7

4227764-2

Agreement.

14. **Cy Pres**. If any portion of the Settlement Fund remains after the void

date on the class members' checks, these remaining funds will be donated in the

form of a *cy pres* award to the Western New York Law Center.

15. **Release**. Plaintiffs and the Class will grant Defendants the following

release:

Plaintiffs and each class member, their assigns, heirs, successors and personal

representatives, not opting out, as of the Effective Date of the Agreement, do hereby

release and forever discharge each of the Defendants, and their present or former

parents, officers, directors, partners, members, principals, insurers, insureds,

representatives, employees, agents, attorneys, servants, predecessors, successors,

subsidiaries, affiliates, shareholders, and assigns ("Released Parties") of and from

any and all actual or potential claims, actions, causes of action, suits, counterclaims,

cross claims, third party claims, and any demands for any and all debts, obligations,

liabilities, damages (whether actual, compensatory, treble, punitive, exemplary,

statutory, or otherwise), restitution, or disgorgement, of any type whatever,

whether known or unknown, suspected or unsuspected, contingent or non-

contingent, or discovered or undiscovered, whether asserted in federal court, state

court, arbitration or otherwise, and whether triable before a judge or jury or

otherwise and regardless of whether the claims are brought by persons in their

individual capacity, arising out of the sending of the letters attached to the

8

Amended Complaint as <u>Exhibit B</u> (the "Released Claims"). This release shall also extend to the benefit of alleged debt-holders for whom Cohen & Slamowitz, LLP, issued letters on behalf of arising from the actions of Cohen & Slamowitz, LLP.

Notwithstanding anything to the contrary herein, nothing contained herein shall impair or limit any right or cause of action by Plaintiff or the Class Members to dispute the underlying debt or amount allegedly owed to Defendants or their clients, nor will anything contained herein affect or impair any defenses Plaintiff or the Class Members may have to the underlying loans or alleged debts.

This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

16. **<u>Agreement Not Approved</u>**. If this Agreement is not approved by the Court or for any reason does not become effective, or if any portion of this Agreement is modified or declared invalid by a court on appeal, the entire Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17. **<u>Court Required Changes to Settlement Agreement or Attachments at Preliminary or Final Approval Stage</u>**. In the event that the Court conditions its preliminary or final approval of the settlement on certain changes to the Agreement (including changes to the attachments thereof), the Parties shall in good faith consider such changes and consent to such changes if they do not substantively

9

alter the obligation of the party. A change shall be deemed to substantively change the obligation of a party if it affects (a) the monetary payments such party is to pay or receive, (b) the scope of the release to be granted, (c) the definition of the Class or class members subject to the Agreement and final judgment or order, or (d) a provision expressly noted as material in this Agreement. A change shall not be deemed to substantively change the obligation of a party of if it merely alters the wording or appearance of any notice or order or if it reasonably modifies the timing of any contemplated event.

18.   **Settlement Administrator.**  Class Counsel shall retain Analytics Consulting LLC, 18675 Lake Drive East, Chanhassen, MN 55317, to administer the settlement ("Settlement Administrator"). All costs associated with providing notice to the Settlement Class under this Agreement and all costs of administering the class settlement shall be paid from the Settlement Fund.

19.   **Notice.**   The Settlement Administrator will cause notice to be provided to the Class by U.S. Mail. Defendants shall, within 30 days of entry of the Preliminary Approval Order provide a class list to the Settlement Administrator. Within 30 days after, the Settlement Administrator shall cause actual notice and Claim Forms, in the form of Exhibit A, to be sent to the last known addresses of the members of the Class, according to Defendants' records. Defendants shall also provide Plaintiff's counsel or the Settlement Administrator with the costs of providing notice and tracking claim forms, neither of which shall be reimbursed if

10

the settlement is not finally approved, although Defendants shall be entitled to recovery any unused portion of such costs. Once notified of the costs, Defendants shall make payment within thirty days. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall forward any such returned notice to the address provided to the third-party class administrator within four days of receipt. The Class List, as updated to reflect the address to which notice was forwarded, will be maintained by the parties, in electronic form, until a date two years following the Effective Date.

20.   **Claim Form, Opt-Out, and Objection Date.** Members of the Class will have 120 days from the date of the entry of the preliminary approval order to submit claim forms, requests for exclusion, and objections to the settlement. Claim forms postmarked by the due date shall be considered timely.

21.   **Preliminary Approval.** As soon as practicable after execution of this Agreement, the parties shall make application to the court for an order which:

a.   Preliminarily approves this Agreement.

b.   Schedules a hearing for final approval of this Agreement by the court.

c.   Approves the form of notices to the Class, to be directed to the last known address of the members of the Class as shown on Defendant's records.

11

4227764-2

    d.    Finds that mailing of the notice to the Class and the other measures specified in ¶21 is the only notice required and that such notice satisfies the requirements of due process and Rule 23.

    e.    Sets deadlines for exclusions, and objections to the Agreement.

    f.    Preliminarily certifies the classes for settlement purposes.

22.    **Agreed Forms.**  The parties agree to request the form of notice and Claim Form attached hereto as _Exhibit A_ and propose the form of preliminary and final approval orders attached hereto as _Exhibits B & C_.  The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

23.    **Release of Attorneys' Lien.**  In consideration of this Agreement, Class Counsel, hereby waive, discharge and release the "Released Parties" and "Released Claims" as defined in ¶ 15 above of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case. Class Counsel further represent and certify that they will pay any amounts due for attorney fees pursuant to any agreement with referring counsel.

24.    **Procedure if Settlement Not Approved or Appealed.**  In the event that the Court does not approve the settlement as set forth in this Agreement, the

Agreement shall be null and void unless the Parties jointly agree to appeal the

order.  In the event that the Court approves the settlement as set forth in this

Agreement but the final judgment or order is appealed and that order is reversed on

appeal, the Agreement is null and void.  If the Agreement becomes null and void,

the Action shall be reinstated and continue, and any and all orders entered

pursuant to this Agreement shall be vacated.

25.   **Cooperation**.  The parties and their attorneys agree to cooperate fully

with one another in seeking court approval of this Agreement, and to use their best

efforts to effect the consummation of this Agreement and the settlement provided

for herein.

26.   **No Admission**.  This Agreement is for settlement purposes only.

Therefore, whether or not this Agreement is consummated and effectuated, it is

expressly agreed and understood that this Agreement and its exhibits do not

constitute and in no event be construed as, or deemed to be, an admission or

concession on the part of any party of any liability or wrongdoing, or any lack of

liability or wrongdoing whatsoever.

27.   **Objections**.  Any notices of objections or requests for exclusion to this

Agreement shall be sent to:

Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, New York 10004
(Counsel for Plaintiff)

13

Counsel for Plaintiff shall be responsible for providing copies of any

objections within 7 days of receipt to Counsel for the Defendants:

Ellen B. Silverman
HINSHAW & CULBERTSON, LLP
800 Third Avenue, 13th Floor
New York, NY 10022
(Counsel for Midland Funding LLC)


Andrew C. Sayles
CONNELL FOLEY LLP
56 Livingston Ave.
Roseland, New Jersey 07068
(Counsel for Cohen & Slamowitz, LLP, now known as Selip & Stylianou, LLP)

The persons and addresses designated in this paragraph may be changed by

any signatory hereto by written notice to the other signatories hereto.

28.   **Right of Exclusion**.  Any class member may seek to be excluded from

this Agreement and from the Class within the time and manner provided by the

Court.  To be valid, a request for opt-out must be in writing and personally signed

by the Class Member who seeks to be excluded and sent to the Class Administrator,

and it must include: (1) the name and address of the Class Member and (2) a

statement to the effect that the Class Member wishes to be excluded from the Class.

Any class member so excluded shall not be bound by the terms of this Agreement

nor entitled to any of its benefits.

29.   **"Opt Out" Threshold**.  Defendants represent and warrant that the

class size approximately 29,922. In the event that the class size is greater than

14

31,000, Plaintiff may, by notifying the opposing Counsel in writing, unilaterally void and terminate this settlement.

30.   **Final Approval**

At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Class Counsel and Defendants shall request that the Court enter a Final Order in the form of <u>Exhibit C</u> (a) approving the terms of this Agreement as fair, reasonable and adequate, (b) providing for the implementation of those terms and provisions, (c) certifying the class for settlement purposes, (d) finding that the Notice given to the class members satisfies the requirements of due process and Rule 23, (e) finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, (f) dismissing the claims of the Plaintiff and the Class with prejudice and without costs, (g) retaining jurisdiction to enforce this Agreement, (h) permanently enjoining all class members who did not timely and validly exclude themselves from the Class from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating in any way to the facts alleged in the Action; (i) directing the Settlement Administrator, after all money has been distributed pursuant to this settlement, and no later than 30 days after the void date, to file a notice apprising the court that the terms of the Agreement have been complied with and providing the Court with an accounting of

15

how all settlement moneys were distributed and (j) directing that ten (10) days after

the filing of the notice contemplated in paragraph 31(i) above, the dismissal of the

claims of the Plaintiffs and the classes shall become with prejudice and without

costs, absent a timely motion by either Plaintiffs or Defendants.

31.    **Entire Agreement.**  The foregoing constitutes the entire Agreement

between the parties with regard to the subject matter hereof and supersedes all

prior written or oral agreements and may not be modified or amended except in

writing, signed by all parties hereto, and approved by the Court.

32.    **Counterparts.**  This Agreement may be executed in counterparts, in

which case the various counterparts shall be said to constitute one instrument for

all purposes.  The several signature pages may be collected and annexed to one or

more documents to form a complete counterpart.  Photocopies or facsimiles of

executed copies of this Agreement may be treated as originals.

33.    **Binding on Successors and Assigns.**  Each and every term of this

Agreement shall be binding upon and inure to the benefit of the Plaintiff and the

members of the Class, and any of their successors and personal representatives, and

shall bind and shall inure to the benefit of the Released Parties, all of which persons

and entities are intended to be beneficiaries of this Agreement.

34.    **Destruction of Case-Related Documents.**  The Settlement

Administrator may destroy documents generated in the administration of the

settlement one year after the settlement checks become void.

<div align="center">16</div>

35.   <u>**Confidential Material and Disclosure Material.**</u>  Counsel shall continue to abide by the Stipulation of Confidentiality agreed to and filed in this matter on May 8, 2014 as it relates to the use and maintenance of material produced subject to the Stipulation of Confidentiality.  *See* ECF No. 193.   For purposes of establishing a time for compliance with the return or destruction provisions of paragraph 14 of the Stipulation of Confidentiality, "final termination" under that Stipulation shall occur 45 days after the Court enters an order dismissing all claims by Plaintiffs and the class with prejudice as provided for in paragraph 31(j), *supra*.

36.   <u>**Governing Law**</u>.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____, 2018.

## [SIGNATURES ON PAGE TO FOLLOW]

17

[***** Note: Must Finish Signature Block]

For Plaintiffs and the Class

_____
Michael Hallmark

For Class Counsel with respect to the release of attorney's lien:

_____
Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Tel: (212) 248-7906

_____
Kenneth R Hiller
Seth J. Andrews
LAW OFFICES OF KENNETH HILLER, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716) 564-3288

_____
Jonathan R. Miller
LAW OFFICE OF JONATHAN R. MILLER, PLLC
(d/b/a Salem Community Law Office)
301 North Main Street, Suite 2415
Winston-Salem, NC 27101
Tel: (336) 837-4437

18

4227764-2

For Cohen & Slamowitz, LLP
Now Known as Selip & Stylianou, LLP


By: _____


For Midland Funding LLC


By: _____


Approved as to form:


_____
Andrew C. Sayles
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland NJ 07068
Tel: (973) 840-2449

(Counsel for Defendant Cohen & Slamowitz, LLP,
now known as Selip & Stylianou, LLP)


_____
~~Ellen B. Silverman~~ HAN SHENG BEH
HINSHAW & CULBERTSON LLP
800 Third Ave, 13th Floor
New York NY 10022
Tel: (973) 840-2449

(Counsel for Defendant Midland Funding LLC)

19

4227764-2

For Cohen & Slamowitz, LLP
Now Known as Selip & Stylianou, LLP

By: _____, for the firm
    Mitchel Selp

For Midland Funding LLC

By: _____

Approved as to form:

_____
Andrew C. Sayles
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland NJ 07068
Tel: (973) 840-2449  535-0500

(Counsel for Defendant Cohen & Slamowitz, LLP,
now known as Selip & Stylianou, LLP)

_____
Ellen B. Silverman
HINSHAW & CULBERTSON LLP
800 Third Ave, 13th Floor
New York NY 10022
Tel: (973) 840-2449

(Counsel for Defendant Midland Funding LLC)

19

# Exhibit A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*Hallmark v. Cohen & Slamowitz, LLP, and Midland Funding LLC*
### Case No. 11-CV-842 (EAW)(LGF)

### Notice of Class Settlement

**If you were sent a letter attempting to collect an alleged debt by Cohen & Slamowitz, LLP, on behalf of various alleged debt holders, including but not limited to Midland Funding LLC to collect an alleged debt between _____ and _____, 2017, you could receive between $_____ and $_____**

*A Federal court authorized this notice - This is not a solicitation from a lawyer.*

### THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.
### THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.

### YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT. PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY _____, 2017** | By returning a completed claim form by _____, **2017,** you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY _____, 2017** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT BY _____, 2017** | Write to the Court about why you do not like the settlement. You must remain in the Settlement Class to object to the settlement. |
| **GO TO A HEARING ON _____, 2017** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will *not* receive a share of the settlement fund. |

| WHAT THIS NOTICE CONTAINS |
| --- |

NO TABLE OF CONTENTS ENTRIES FOUND.

4227763-1

## 1. Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Cohen & Slamowitz, LLP, acting on behalf of various alleged debt holders, including but not limited to Midland Funding LLC (Cohen & Slamowitz, LLP and Midland Funding LLC are hereafter collectively referred to as, "the Defendants"), sent a debt-collection letter allegedly attempting to collect court filing fees before the filing fees were actually paid to the court between _____ and _____, 2017.

## 2. What is this lawsuit about?

This lawsuit alleges that the Defendants violated a federal law, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by attempting to collect filing fees without first filing the summonses and complaints with the New York state courts. Defendants deny that they committed any violations of the FDCPA or any other law and maintain that at that time any court filing fees were assessed the same were recoverable.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Hallmark) sue on behalf of a group (or a "Class") of people who have similar claims. In this case, the Class Representative filed a lawsuit alleging that Defendants' debt-collection letters violated the FDCPA.

## 4. Why is there a Settlement?

The Court has not decided which side is right or wrong in this case. Instead, both sides have agreed to a settlement to avoid the costs, risks, and delay of a lengthy trial and appeals process.

## 5. How do I know if I am a part of the Settlement?

For settlement purposes, the Court has certified classes that include all people who meet the following definition:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Defendant in a form materially identical or substantially similar to the letter attached to the Amended Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not

-2-
IF "1" = "1" "4227763-1" ""

returned by the postal service as undelivered.

According to Defendants' records, there are _____ people in the Class. *According to Defendants' records you are a Class Member and, therefore, entitled to recover between $_____ and $_____ by filing a claim form as described below.*

## THE SETTLEMENT BENEFITS

Defendants have agreed to pay the total cash sum of $_____ to Plaintiff and the Class and as full and complete settlement of this lawsuit. This sum shall be used to make all payments, including notice and administration costs and attorney fees and costs approved by the Court under this Settlement, and also including all payments to the Class Representatives and to Class Members such as yourself (See Question 6). If you submit a timely claim form and the Court approves the settlement, you will receive a portion of the settlement funds.

### 6. What can I get from the settlement?

If you postmark and return the enclosed claim form by _____**, 2018** to **[the Settlement Administrator]** you will be entitled to a share of $_____ (the amount left after payment to the Class Representatives and after payment of administrative and notice costs and after payment of attorney fees and costs to Class Counsel). If all _____ Class members return a claim form, which is highly unlikely, each claimant will receive about $_____. Assuming 10% of Class members return such a claim form, each claimant will receive approximately $_____. No Class member is eligible to receive more than one check for their share of the Class Recovery.

### 7. I want to be a part of the Settlement. What do I do?

If you would like to receive a payment you must postmark and return the enclosed claim form by _____**, 2018** to [**the Settlement Administrator].**

### 8. What am I giving up if I remain in the Settlement?

By staying in the Class and not excluding yourself from the Settlement, you will be considered a member of the Class. This means that you give up your right to sue or file a lawsuit against Defendants, its corporate affiliates, subsidiaries, principals, and agents for anything related to Defendants' letter to you allegedly attempting to collect filing fees before the filing of a state court summons and complaint against you.

### 9. How much will the Class Representative receive?

For his claims under the FDCPA and for his service as Class Representatives, Plaintiff Hallmark is asking to receive $25,000. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the Settlement, but you want to keep your legal claims against Defendants, then you must take steps to exclude yourself from the Class.

## 10. How do I get out of or exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a written request by mail stating that you want to be excluded from the Class in the case, *Hallmark v. Cohen & Slamowitz, LLP*, Case No. 11-CV-842.

To be valid, a written request for exclusion must be signed by you or your attorney and must include: (1) your name and address, and (2) a sentence stating that you want to exclude yourself from the Class.

You must mail your exclusion request so that it is postmarked **no later than** _____**, 2018,** to the Class Administrator:

[name and address of administrator]

You may not exclude any other person within the Class from the Settlement.

## 11. If I exclude myself, what happens?

If you exclude yourself from the Class, you will not receive anything resulting from the Settlement. You will have the right to sue Defendants relating to the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (the "statute of limitations") will begin to run again. You will have the same number of days in which to file a lawsuit that you had when Plaintiff moved to amend this case to have it proceed as a class action on _____.

## THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in this case?

The Court has named the Bromberg Law Office, P.C., the Law Offices of Kenneth Hiller, PLLC, and the Law Office of Jonathan R. Miller, PLLC as lawyers to represent the Class ("Class Counsel"). You will not be charged for these lawyers' services; however, they will receive a payment as part of the Settlement in an amount not to exceed $400,000, subject to the Court's approval. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____, 2018.

## 13. How will the lawyers be paid?

From the start of the lawsuit in 2011 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses. When they ask the Court to approve the settlement, they will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $400,000. The amount of attorneys' fees and costs awarded by the Court will be paid by Defendants. Class Members do not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 14. Is this a fair settlement?

Class Counsel believes this settlement is fair. Mr. Hallmark claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA is a federal law that provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (1) any actual damages suffered (such as out-of-pocket expenses or emotional distress); and (2) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible combined recovery under the FDCPA is (1) any actual damages suffered by the class members; and (2) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything between zero and the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit also may recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

Class Counsel believes that in light of the risks of losing the case, the Settlement is fair and reasonable. Depending on the number of Class Members who submit claim forms, you could recover at a minimum $_____ and at most $_____. Class Counsel believes this is ample compensation for the violations of the law alleged in the Lawsuit.

### 15. What is the Defendants' view of this Settlement?

Defendants deny that they violated the FDCPA and maintain that any and all court filing fees assessed were incurred and permitted. Nonetheless, Defendants desire to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to the debt-collection letters concerning alleged debts sent to the Class Members between _____ and _____, 2017.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the Settlement in writing and/or by attending the Fairness Hearing. In order to object to the Settlement in writing, you must send a letter or legal brief stating that you object and the reasons why you think the Court should not approve the Settlement. Specifically, your objection must include: (1) your name and address; (2) the name and number of the case: *Hallmark v. Cohen & Slamowitz, LLP*, Case No. 11-CV-842 (WMS)(LGF); and (3) the factual basis and legal grounds for your objection to the Settlement. You must mail your objection so that it is postmarked no later than _____, **2018** to:

> Clerk of the Court
> United States District Court for the Western District of New York
> 2 Niagara Square
> Buffalo NY 14202

You must also send a copy of your objection by U.S. Mail and/or facsimile, with any such mailing or facsimile postmark/time-stamped no later than that same date to:

Class Counsel:

Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Facsimile:  (212) 248-7908
E-Mail: brian@bromberglawoffice.com

*-- AND –*

Counsel for Defendants:
Andrew C. Sayles
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland NJ 07068
Facsimile: (973) 840-2449
Email: asayles@connellfoley.com
Counsel for Cohen & Slamowitz, LLP

Ellen B. Silverman
HINSHAW & CULBERTSON LLP
800 Third Avenue
13th Floor
New York, New York 10022
Facsimile:  (212) 935-1136
Email:  esilverman@hinshawlaw.com
Counsel for Midland Funding, LLC

Instead of, or in addition to, your written objection, you can come to the Fairness Hearing and express your objection orally to the Court.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend the hearing if you wish, but you are not required to do so.

**17. Where and when is the Fairness Hearing?**

The Court will hold a Fairness Hearing on _____, **2018 at** _____ **a.m/p.m** in the courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 2 Niagara Square, Courtroom ____, Buffalo, New York 14202. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. It is not known how long the Court will take to make its decision. In addition, the Court may continue or reschedule the hearing at any time without further notice to you.

## 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. You are <u>not</u> required to attend the Fairness Hearing to be included in the Settlement.

## 19. Where can I get additional information?

To obtain additional information, you may call contact Class Counsel. You can contact Brian L. Bromberg either in writing or by telephone at the addresses and telephone numbers below:

> Brian L. Bromberg
> BROMBERG LAW OFFICE, P.C.
> 26 Broadway, 21st Floor
> New York, New York 10004
> Telephone: (212) 248-7906
> Facsimile: (212) 248-7908
> E-Mail: brian@bromberglawoffice.com

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION</u>**

**<u>TO THE CLERK OF THE COURT, THE JUDGE, OR TO THE DEFENDANTS OR THEIR</u>**

**<u>COUNSEL.</u>**

**<u>THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.</u>**

# PROOF OF CLAIM FORM

**RE:** *Hallmark v. Cohen & Slamowitz, LLP,* WDNY Case No. 11-CV-842 (EAW)(LGF)

### I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
### IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE
### _____ , 2018 AND MAILED TO THE FOLLOWING ADDRESS:

### [NAME AND ADDRESS OF ADMINISTRATOR]

### PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:

**NAME:** _____

**MAILING ADDRESS:** _____

_____

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

_____

_____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE EXPLAIN IN DETAIL WHY YOU SHOULD RECEIVE A SHARE OF THE SETTLEMENT INSTEAD OF THE PERSON TO WHOM THE NOTICE WAS ADDRESSED:

_____

_____

_____

### SIGNATURE: _____

4227763-1

# Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

                    Plaintiff,

          vs.

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

                    Defendants.

No. 11-CV-842(EAW)(LGF)

CLASS ACTION

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Plaintiff Michael

Hallmark ("Plaintiff" or "Class Representative"), and Cohen & Slamowitz, LLP ("C&S") and

Midland Funding LLC ("Midland") (collectively, "Defendants"), through their respective

counsel, have agreed, subject to Court approval following notice to the settlement class members

and a final approval hearing, to settle the above-captioned action (the "Action") upon the terms

and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement"),

which has been filed with the Court.

NOW, THEREFORE, based upon the Settlement Agreement, and it appearing to the

Court upon preliminary examination that the Settlement Agreement is fair, reasonable, and

adequate, and a hearing should and will be held after notice to absent settlement class members

to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine

whether a Final Order and Judgment should be entered in these Actions.

**IT IS HEREBY ORDERED:**

1.       The Court has jurisdiction over the subject matter of this Action and over the

parties thereto.

1

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,

Defendants will serve written notice of the proposed class action settlement ("Class Notice") on

the appropriate state and federal officials.

3.      <u>Class Members</u>.   On September 16, 2013, pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure, this Court certified the following class (the "Class") with

respect to the claims asserted in the Action:

> All consumers with New York addresses, who: (a) within one year
> before March 9, 2012, the date of filing of Plaintiff's Motion to
> Amend in this action; (b) were sent a debt collection letter by
> Cohen & Slamowitz, LLP, in a form materially identical or
> substantially similar to the letter attached to the Amended
> Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt
> collection letter demanding City Court filing fees that had not yet
> been paid, incurred, or reduced to judgment; or (d) were sent a debt
> collection letter that failed to disclose that the balance demanded
> included filing fees that had not yet been paid, incurred, or reduced
> to judgment; and (e) the letter was not returned by the postal
> service as undelivered.

4.      <u>Appointment of Class Representative and Class Counsel</u>.   On September 16,

2013, this Court, and in accordance with Rule 23, this Court certified Plaintiff as the Class

Representative, and appointed Brian L. Bromberg of the BROMBERG LAW OFFICE, P.C. and

Kenneth R. Hiller and Seth Andrews of the LAW OFFICE OF KENNETH HILLER, P.L.L.C. as Class

Counsel. The Court now further appoints Jonathan R. Miller of the LAW OFFICE OF JONATHAN R.

MILLER, PLLC, d/b/a SALEM COMMUNITY LAW OFFICE as additional Class Counsel.

5.      <u>Class Certification</u>.   The Court has previously found that the Class satisfies the

applicable prerequisites for class action treatment under Rule 23, namely:

a.      The Class members are so numerous that joinder of all of them is

reasonably impracticable;

b.      There are questions of law and fact common to the Class members, which

2

predominate over any individual questions;

c.      The claims of Plaintiff are typical of the claims of the Class members;

d.      Plaintiff and Class Counsel will fairly and adequately represented and protected the interests of all of the Class members; and

e.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

6.      The Court finds that the proposed settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of: the benefits to the Class members; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the Class.

7.      Notice. The Court approves the form and substance of the Class Notice described in the Settlement Agreement and attached to the Settlement Agreement as Exhibit G. The proposed form and method for notifying the Settlement Class members of the settlement and its terms and conditions meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds the proposed notice is clearly designed to advise the Class members of their rights. In accordance with the Settlement Agreement, the parties are authorized to retain Analytics Consulting, LLC as the settlement

administrator ("Settlement Administrator").  Defendants shall provide a final updated list of

Class members to the Settlement Administrator within 30 calendar days of this Order. The

Settlement Administrator shall then cause the completed Class Notices to be mailed to the

Settlement Class members as expeditiously as possible, but no later than 30 calendar days after

receiving from Defendants the final updated list of Class members ("Notice Deadline").

8.     Exclusions.  Any Class Member who wishes to be excluded from the class must

send a written request for exclusion to Class Counsel with a postmark date no later than 120 days

after the Notice Deadline.  To be effective, a Settlement Class member's written request for

exclusion must:  (i) be signed by the Class Member who requests exclusion; (ii) include the full

name and address of the Class Member requesting exclusion; and (iii) include language

substantially similar to the following statement:  "I/we request to be excluded from the

settlement in the *Hallmark* action."  Any Class member who submits a valid and timely request

for exclusion shall not be bound by the terms of the Settlement Agreement.

9.     Objections.  Any Class member who intends to object to the fairness of this

settlement must file a written objection with the Court, at the U.S. District Court, Western

District of New York, 2 Niagara Square, Buffalo, NY 14202, within one hundred twenty (120)

days after the Notice Deadline ("Objection Deadline").  Further, any such Class member must,

within the same time period, provide a copy of the written objection to Class Counsel, Attention:

Brian L. Bromberg, at the address below, and to counsel for Defendants, Andrew C. Sayles and

Ellen B. Silverman, at the addresses below.  In the objection, the Class member must:  (a) attach

documents establishing, or provide information sufficient to allow the Parties to confirm, that the

objector is a Class Member; (b) include a statement of such Class Member's specific objections;

and (c) state the grounds for objection, as well as identify any documents that such objector

4

desires the Court to consider.

10. <u>Deadline for Submitting Claim Forms</u>. Class members who wish to receive their monetary share of the settlement distribution must send in a claim form, which must be postmarked no later than 120 days after the date of this Order (_____, 2018).

11. <u>Final Approval</u>. The Court shall conduct a hearing (hereinafter "Settlement Hearing") on _____, 2018, in the courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 2 Niagara Square, Courtroom _____, Buffalo, NY 14202, commencing at _____ ___.m., to review and rule upon the following issues:

     a.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

     b.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class members and should be approved by the Court;

     c.     Whether the Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Actions with prejudice and releasing the Released Claims and the Released Parties; and

     d.     To discuss and review any other issues as the Court deems appropriate.

12. Within thirty (30) days after the Objection Deadline, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the settlement and/or any petition for attorney fees.

13. This Settlement Agreement and this Order shall be null and void if any of the following occur:

    a.    The Settlement Agreement is terminated by any of the parties, or any specified condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the parties;

    b.    The Court rejects, in any material aspect, the Final Order and Judgment substantially in the form and content attached to the Settlement Agreement and/or the parties fail to consent to the entry of another form of order in lieu thereof;

    c.    The Court rejects any component of the Settlement Agreement, including any amendment thereto approved by the parties; or

    d.    The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by the lapse of time or otherwise.

14.    If the Settlement Agreement and/or this Order are voided as described in Paragraph 12 above, then the Settlement Agreement shall be of no force and effect and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this Order never entered.

15.    Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the propriety of any certification for any class for purposes of litigation, nor shall they be offered in evidence in this or any proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

IT IS SO ORDERED this _____ day of _____, 2018.


_____
Elizabeth A. Wolford
United States District Judge

7

# Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

Plaintiff,

vs.

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

Defendants.

No. 11-CV-842(EAW)(LGF)

CLASS ACTION

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the parties to this action, Plaintiff Michael Hallmark ("Plaintiff" or "Class

Representative"), and Cohen & Slamowitz, LLP ("C&S") and Midland Funding LLC

("Midland") (collectively, "Defendants"), through their respective counsel, have agreed, subject

to Court approval following notice to the settlement class members and a final approval hearing,

to settle the above-captioned action (the "Action") upon the terms and conditions set forth in the

Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the

Court.  Defendants deny any and all liability alleged in the Actions.

On March 6, 2018, Plaintiff filed the Settlement Agreement, along with a Motion for

Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion").  ECF No.

___.  In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*,

Defendants served written notice of the proposed class action settlement on the appropriate state

and federal officials.  On _____, 2018, upon consideration of the Settlement Agreement and

the Preliminary Approval Motion, the Court entered an Order of Preliminary Approval of Class

Action Settlement ("Preliminary Approval Order").  ECF No. __.  Under the Preliminary

Approval Order, the Court, among other things, (i) preliminarily approved the proposed

1

Settlement Agreement; (ii) approved the form and content of the Class Notice; and (v) set the date and time of the Final Fairness Hearing.

On _____, 2018, the Plaintiff filed a Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), requesting final certification of the settlement class under Rule 23(b)(3) and final approval of the class action settlement. ECF No. __. On _____, 2018, a final fairness hearing was held pursuant to Rule 23 to determine whether the Class satisfies the applicable requirements for class action treatment and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class members and should be approved by the Court.

The Court has read and considered the Settlement Agreement, the Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of these Actions and over the parties thereto.

2.      Class Members.   On September 16, 2013, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Court certified the following class (the "Class") with respect to the claims asserted in the Action:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Cohen & Slamowitz, LLP, in a form materially identical or substantially similar to the letter attached to the Amended Complaint as Exhibit B sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

2

3.    <u>Notice</u>.  Pursuant to the Court's Preliminary Approval Order, the approved

Notices were mailed to the Class members.  The form and method for notifying the Class

Members of the settlement and its terms and conditions was in conformity with the Court's

Preliminary Approval Order, satisfied the requirements of Rule 23(c)(2)(B) and due process, and

constituted the best notice practicable under the circumstances.  The Court further finds that the

Notices were clearly designed to advise the Class Members of their rights.

4.    Plaintiff and Class Counsel have fairly and adequately represented and protected

the interests of all of the Class members.

5.    The Court finds that the settlement of the Action, on the terms and conditions set

forth in the Settlement Agreement, is in all respects fair, reasonable, adequate, and in the best

interest of the Settlement Class members, especially in light of:  the benefits to the Settlement

Class members; the strength of Plaintiffs' case; the complexity, expense, and probable duration

of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any

judgment obtained on behalf of the class; and the limited amount of any potential total recovery

for Settlement Class members if litigation continued.

6.    <u>Settlement Terms</u>.  The proposed settlement and Settlement Agreement, which is

filed with the Court (ECF No. __), shall be deemed incorporated herein, are finally approved and

shall be consummated in accordance with the terms and provisions thereof, except as amended

by any order issued by this Court.  The parties are hereby directed to perform the terms of the

Settlement Agreement.

7.    <u>Objections and Exclusions</u>.  The Class members were given an opportunity to

object to the Settlement.  ___ Class member(s) timely objected to the Settlement.  The Court has

carefully considered the objection(s) and finds that it/they is/are without merit.

3

_____ Settlement Class members made valid and timely requests for exclusion and are excluded from the Settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in **Exhibit A**, attached hereto.

8.      Claim Forms. As of _____, the settlement administrator received _____ claim forms. Each of these _____ Class Members who submitted a claim form and did not opt-out of the Settlement will receive $_____.

9.      This Final Order and Judgment is binding on all Class members, except those individuals identified in **Exhibit A** hereto, who validly and timely excluded themselves from the class.

10.     Release of Claims and Dismissal of Actions. Plaintiff, the Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the "Released Claims" against the "Released Parties," as set forth in the Settlement Agreement. ECF No. __ at § III(G). Under the Settlement Agreement, the Released Claims are compromised, settled, released, discharged and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment. Nothing contained herein shall impair or limit any right or cause of action by any Class members to dispute the underlying debt or amount allegedly owed by them.

11.     This Final Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

12.     The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Final Order and Judgment.

4

13.     The Court awards to Class Counsel, attorney fees, costs, and expenses in the

amount of $_____, after reviewing Class Counsel's declarations for fees submitted to the

Court. Defendants are ordered to pay this award to Class Counsel, by payment to the "Bromberg

Law Office, P.C., as attorney," within 30 days of the date of this Order (that is, on or before

_____, 2018).

14.     The Settlement Administrator is ordered to distribute checks to all class members

who have timely returned a claim form within 30 days of the date of this Order (that is, on or

before _____, 2018). Within 120 days of the date of Order, the Settlement

Administrator is directed to file a notice apprising the Court that the terms of the Agreement

have been complied with and providing the Court with an accounting of how all settlement

moneys were distributed.

15.     This Final Order and Judgment hereby dismisses the Action, in their entirety. Ten

days after the filing of the notice and accounting contemplated in paragraph 14, this dismissal

shall become with prejudice and without costs, absent a timely motion by any party.


IT IS SO ORDERED this ____ day of _____, 2018.



_____
Elizabeth A. Wolford
United States District Judge

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL HALLMARK,<br>on behalf of himself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COHEN & SLAMOWITZ, LLP<br>MIDLAND FUNDING LLC d/b/a<br>MIDLAND FUNDING OF DELAWARE LLC,<br><br>Defendants. | )<br>)<br>) No. 11-CV-842 (EAW)(LGF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Declaration of Plaintiff's Attorney Jonathan R. Miller in
Support of Motion for Preliminary Approval and Appointment as Class Counsel**

Under 28 U.S.C. § 1746, I, Jonathan R. Miller, do hereby declare under

penalty of perjury, that the following is true and correct:

1.    I am a principal of the Law Office of Jonathan R. Miller, PLLC d/b/a

Salem Community Law Office.

2.    I am submitting this Declaration in support of Plaintiff Michael

Hallmark's motion for class certification, motion for preliminary approval of a

proposed class settlement, and request for appointment of additional class counsel.

**My Credentials to Serve as Class Counsel**

3.    My credentials to serve as class counsel are as follows:

4.    I graduated from Greenville College with a B.A. in Communication in

2002.

1

5.     I graduated from Loyola University Chicago with a M.A. in Theology in

2007.

6.     I earned my J.D. from Harvard Law School in 2011.

7.     I am a member in good standing of the bars of the following state

courts:

> The Missouri Bar
> September 2011
>
> New York State Bar (Appellate Division, Third Department)
> October 2012
>
> North Carolina State Bar
> September 2014

7.     I am a member in good standing of the following federal courts:

> U.S. District Court for the Southern District of New York
> August 6, 2013
>
> U.S. District Court for the Eastern District of New York
> August 6, 2013
>
> U.S. District Court for the Western District of New York
> October 22, 2013
>
> United States Court of Appeals for the Second Circuit
> March 25, 2014
>
> U.S. District Court for the Northern District of New York
> May 14, 2014
>
> United States Court of Appeals for the Fourth Circuit
> February 21, 2017
>
> U.S. District Court for the Northern District of North Carolina
> March 22, 2017
>
> U.S. District Court for the Eastern District of Missouri
> April 13, 2017

U.S. District Court for the Western District of North Carolina
April 19, 2017

U.S. District Court for the Eastern District of North Carolina
April 25, 2017

U.S. District Court for the Northern District of Ohio
December 8, 2017

## Background and Qualifications

8.     From 2011 to 2012, I clerked for the Hon. William Ray Price, Jr. of the Supreme Court of Missouri.

9.     From 2012 to 2013, I worked as a consumer debt legal associate in Start Small Think Big, Inc., a non-profit in The Bronx. This position was funded by a Harvard Law School Irving R. Kaufman Public Interest Fellowship.

10.    From 2013 to 2017, I was employed by Bromberg Law Office, P.C. in New York, New York.

11.    In 2017, I started my own practice, Law Office of Jonathan R. Miller, PLLC d/b/a Salem Community Law Office, concentrating in the field of consumer protection law.

12.    I have experience in the fields of bankruptcy and civil rights law. I now focus my practice on representation of consumers in consumer rights litigation, including class actions.

13.    I am a member of the following professional organizations:

National Association of Consumer Advocates
North Carolina Bar Association
North Carolina Advocates for Justice

14.   I am experienced in trial and appellate court litigation and have the following reported cases, among others:

*Franco v. A Better Way Wholesale Autos, Inc.*, 690 Fed. Appx. 741 (2d Cir. 2017).

*Wendel v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 689 Fed. Appx. 45 (2d Cir. 2017) (upholding district court's dismissal of Plaintiff's FDCPA claims).

*Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75 (S.D.N.Y. 2017).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2017 U.S. Dist. LEXIS 161260 (E.D.N.Y. Sept. 29, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 U.S. Dist. LEXIS 94019 (S.D.N.Y. June 19, 2017).

*Schwartz v. HSBC Bank USA, N.A.*, 14 Civ. 9525 (KPF), 2017 WL 95118 (S.D.N.Y. Jan. 9, 2017).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 11-CV-0764(EAW), 2017 WL 77109 (W.D.N.Y. Jan. 9. 2017).

*Strubel v. Comenity Bank*, 842 F.3d 181 (2d. Cir. 2016).

*Eades v. Kennedy, PC Law Offices*, 12-CV-6680-DGL-JWF, 2016 WL 6988913 (W.D.N.Y. Nov. 22, 2016).

*McCrobie v. Palisades Acquisition XVI, LLC*, 664 Fed. Appx. 81 (2d Cir. 2016).

*Dixon v. A Better Way Wholesale Autos, Inc.*, 692 Fed. Appx. 664 (2d Cir. 2016)

*Strubel v. Capital One Bank (USA), N.A.*, 179 F. Supp. 3d 320, (S.D.N.Y. 2016).

*Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666 (S.D.N.Y. 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, 177 F. Supp. 3d 803, (W.D.N.Y. 2016).

*Jackson v. Lowe's Cos.*, 15-cv-4167 (ADS)(ARL), 2016 U.S. Dist. LEXIS 146159 (E.D.N.Y. Oct. 21, 2016).

*Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, No. 14-CV-7539 (MKB), 2016 WL 1274541 (E.D.N.Y. Mar. 31, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127800 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1127799 (W.D.N.Y. Mar. 23, 2016).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842W(F), 2016 WL 1128494 (W.D.N.Y. Mar. 23, 2016).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-cv-5291 (KBF), 2016 WL 884667 (S.D.N.Y. Mar. 8, 2016).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-764 (EAW), 2015 WL 9434228 (W.D.N.Y. Dec. 22, 2015).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr), 2015 WL 5784908 (W.D.N.Y. Sept. 30, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842 (EAW), 2015 WL 4483959 (W.D.N.Y. July 22, 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 739 (E.D. Va. 2015).

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015) (reversing district court's order dismissing complaint).

*Hallmark v. Cohen & Slamowitz, LLP*, 307 F.R.D. 102 (W.D.N.Y. 2015).

*Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529 (E.D. Va. 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 304 F.R.D. 165 (W.D.N.Y. 2015).

*DeJesus v. City of New York*, No. 13-CV-8366 (JPO), 2015 WL 1925391 (S.D.N.Y. Apr. 28, 2015).

*Schwartz v. Comenity Capital Bank*, No. 13 Civ. 4896(JGK), 2015 WL 410321 (S.D.N.Y. Feb. 2, 2015).

*Strubel v. Comenity Bank*, No. 13-cv-4462 (PKC), 2015 WL 321859 (S.D.N.Y. Jan. 23, 2015).

*Hallmark v. Cohen & Slamowitz, LLP*, 302 F.R.D. 295 (W.D.N.Y. 2014).

*Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014).

*Clarke v. Hudson Valley Fed. Credit Union*, No. 14-CV-5291(VB), 2014 WL 6791184 (S.D.N.Y. Dec. 2 2014).

*Godson v. Eltman, Eltman & Cooper, P.C.*, No. 11-CV-0764S(Sr)., 2014 WL 4627216 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-00842S(F), 2014 WL 2028426 (W.D.N.Y. Sept. 15, 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 299 F.R.D. 407 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, 300 F.R.D. 110 (W.D.N.Y. 2014).

*Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842S(F), 2014 WL 51322 (W.D.N.Y. Jan. 8, 2014).

*DeJesus v. City of New York*, 55 F. Supp. 3d 520 (S.D.N.Y. 2014).

15.     I am also experienced in consumer fraud class action litigation and have participated in the following filed cases, among others:

*Jasper v. Account Control Technology, Inc.*, E.D.Virginia, Case No. 13-CV-296 (FDCPA settlement class certification; settlement approved)

*Milo v. Barneys, Inc.*, SDNY, Case No. 10-cv-3133 (TILA settlement class certification of 1,500 class members; settlement approved)

*Morris v. CACH, LLC*, D.Nev., 13-CV-270 (statewide Nevada FDCPA settlement class certification of over 1,000 members; settlement approved)

*Hallmark v. Cohen & Slamowitz, LLP*, WDNY, Case No. 11-CV-842 (statewide New York FDCPA class certification of approximately 30,000 members; class settlement pending court review)

*Biber v. Pioneer Credit Recovery, Inc.*, EDVA, Case No. 16-CV-804 (nationwide settlement class and settlement approved)

16.     I currently serve on the National Association of Consumer Advocates Legislative Policy Committee, and I have lobbied Congress concerning consumer-protection issues as part of NACA's Lobby Day in 2013 and 2017.

17.     I have been an adjunct instructor at Wake Forest University School of Divinity, where I have taught a course on theological issues related to consumer debt, and a course on the intersection of law and religion.

Under 28 U.S.C. § 1746, I, Jonathan R. Miller, do hereby certify under penalties of perjury, that the above statements are true and correct to the extent they reflect my personal knowledge and otherwise are based upon my information and belief.

Dated: Winston-Salem, N.C.
     May 4, 2018

                              /s/ Jonathan R. Miller
                              Jonathan R. Miller

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

COHEN & SLAMOWITZ, LLP
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

Defendants.

Civil Action No.
No. 11-CV-842(EAW)(LGF)

CLASS ACTION

### Certificate of Service

I, Jonathan R. Miller, an attorney, hereby certify that on May 4, 2018, the foregoing

documents were filed with the Clerk of the Court and served in accordance with the Federal

Rules of Civil Procedure, and/or the Western District's Local Rules, and/or the Western

District's Rules on Electronic Service upon the following parties and participants:

| Kenneth R. Hiller | Seth Andrews | Brian L. Bromberg |
| Andrew C. Sayles | Steven A. Kroll | |
| Ellen B. Silverman | Han Sheng Beh | |

Dated: May 4, 2018

/s/ Jonathan R. Miller
Jonathan R. Miller

EXHIBIT C

FILED
JUN 0 8 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL HALLMARK on behalf of
himself and all others similarly situated,

       Plaintiff,

  v.

COHEN & SLAMOWITZ, LLP, and
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE LLC,

      Defendants.

No. 11-CV-842(EAW)(LGF)

CLASS ACTION

---

### ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

  WHEREAS, the Court has been advised that the parties to this action, Plaintiff Michael

Hallmark ("Plaintiff" or "Class Representative"), and Cohen & Slamowitz, LLP ("C&S") and

Midland Funding LLC ("Midland") (collectively, "Defendants"), through their respective

counsel, have agreed, subject to Court approval following notice to the settlement class members

and a final approval hearing, to settle the above-captioned action (the "Action") upon the terms

and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement"),

which has been filed with the Court.

  NOW, THEREFORE, based upon the Settlement Agreement, and it appearing to the

Court upon preliminary examination that the Settlement Agreement is fair, reasonable, and

adequate, and a hearing should and will be held after notice to absent settlement class members

to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine

whether a Final Order and Judgment should be entered in these Actions.

  **IT IS HEREBY ORDERED:**

  1.  The Court has jurisdiction over the subject matter of this Action and over the

parties thereto.

2.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,

Defendants will serve written notice of the proposed class action settlement ("Class Notice") on

the appropriate state and federal officials.

3.     <u>Class Members</u>.   On September 16, 2013, pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure, this Court certified the following class (the "Class") with

respect to the claims asserted in the Action:

> All consumers with New York addresses, who: (a) within one year
> before March 9, 2012, the date of filing of Plaintiff's Motion to
> Amend in this action; (b) were sent a debt collection letter by
> Cohen & Slamowitz, LLP, in a form materially identical or
> substantially similar to the letter attached to the Amended
> Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt
> collection letter demanding City Court filing fees that had not yet
> been paid, incurred, or reduced to judgment; or (d) were sent a debt
> collection letter that failed to disclose that the balance demanded
> included filing fees that had not yet been paid, incurred, or reduced
> to judgment; and (e) the letter was not returned by the postal
> service as undelivered.

4.     <u>Appointment of Class Representative and Class Counsel</u>.   On September 16,

2013, this Court, and in accordance with Rule 23, this Court certified Plaintiff as the Class

Representative, and appointed Brian L. Bromberg of the BROMBERG LAW OFFICE, P.C. and

Kenneth R. Hiller and Seth Andrews of the LAW OFFICE OF KENNETH HILLER, P.L.L.C. as Class

Counsel. The Court now further appoints Jonathan R. Miller of the LAW OFFICE OF JONATHAN R.

MILLER, PLLC, d/b/a SALEM COMMUNITY LAW OFFICE as additional Class Counsel.

5.     <u>Class Certification</u>. The Court has previously found that the Class satisfies the

applicable prerequisites for class action treatment under Rule 23, namely:

a.     The Class members are so numerous that joinder of all of them is

reasonably impracticable;

b.     There are questions of law and fact common to the Class members, which

2

predominate over any individual questions;

c.    The claims of Plaintiff are typical of the claims of the Class members;

d.    Plaintiff and Class Counsel will fairly and adequately represent and
      protect the interests of all of the Class members; and

e.    Class treatment of these claims will be efficient and manageable, thereby
      achieving an appreciable measure of judicial economy, and a class action
      is superior to the other available methods for a fair an efficient
      adjudication of this controversy.

6.    The Court finds that the proposed settlement of the Action, on the terms and
conditions set forth in the Settlement Agreement, appears preliminarily in all respects
fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially
in light of: the benefits to the Class members; the strength of the Plaintiff's case; the complexity,
expense and probable duration of further litigation; the risk and delay inherent in possible
appeals: the risk of collecting any judgment obtained on behalf of the class; and the limited
amount of any potential total recovery for the Class.

7.    Notice. The Court approves the form and substance of the Class Notice described
in the Settlement Agreement and attached to the Settlement Agreement as Exhibit G. The
proposed form and method for notifying the Settlement Class members of the settlement and its
terms and conditions meets the requirements of Rule 23(c)(2)(B) and due process, constitutes the
best notice practicable under the circumstances, and shall constitute due and sufficient notice to
all persons and entities entitled to the notice. The Court finds the proposed notice is clearly
designed to advise the Class members of their rights. In accordance with the Settlement
Agreement, the parties are authorized to retain Analytics Consulting, LLC as the settlement

3

administrator ("Settlement Administrator").  Defendants shall provide a final updated list of

Class members to the Settlement Administrator by June 15, 2018. The Settlement Administrator

shall then cause the completed Class Notices to be mailed to the Settlement Class members as

expeditiously as possible, but no later than June 29, 2018 (the "Notice Deadline").

      8.    Exclusions.  Any Class Member who wishes to be excluded from the class must

send a written request for exclusion to Class Counsel with a postmark date no later than October

5, 2018.  To be effective, a Settlement Class member's written request for exclusion must:  (i) be

signed by the Class Member who requests exclusion; (ii) include the full name and address of the

Class Member requesting exclusion; and (iii) include language substantially similar to the

following statement:  "I/we request to be excluded from the settlement in the *Hallmark* action."

Any Class member who submits a valid and timely request for exclusion shall not be bound by

the terms of the Settlement Agreement.

      9.    Objections.  Any Class member who intends to object to the fairness of this

settlement must file a written objection with the Court, at the U.S. District Court, Western

District of New York, 2 Niagara Square, Buffalo, NY 14202, no later than October 5, 2018 (the

"Objection Deadline").  Further, any such Class member must, within the same time period,

provide a copy of the written objection to Class Counsel, Attention: Brian L. Bromberg, at the

address below, and to counsel for Defendants, Andrew C. Sayles and Ellen B. Silverman, at the

addresses below.  In the objection, the Class member must:  (a) attach documents establishing, or

provide information sufficient to allow the Parties to confirm, that the objector is a Class

Member; (b) include a statement of such Class Member's specific objections; and (c) state the

grounds for objection, as well as identify any documents that such objector desires the Court to

consider.

10.     _Deadline for Submitting Claim Forms._ Class members who wish to receive their

monetary share of the settlement distribution must send in a claim form, which must be

postmarked no later than October 5, 2018.

11.     _Final Approval._  The Court shall conduct a hearing (hereinafter "Settlement

Hearing") on November 27, 2018, in the courtroom of the Honorable Elizabeth A. Wolford,

United States District Judge, 100 State Street, Rochester, NY 14614, commencing at 3:00 p.m.,

to review and rule upon the following issues:

        a.      Whether this action satisfies the applicable prerequisites for class action

                treatment for settlement purposes under Rule 23;

        b.      Whether the proposed settlement is fundamentally fair, reasonable,

                adequate, and in the best interests of the Class members and should be

                approved by the Court;

        c.      Whether the Final Order and Judgment, as provided under the Settlement

                Agreement. should be entered, dismissing the Actions with prejudice and

                releasing the Released Claims and the Released Parties; and

        d.      To discuss and review any other issues as the Court deems appropriate.

12.     No later than November 20, 2018, Class Counsel shall file with the Court any

memoranda or other materials in support of final approval of the settlement and/or any petition

for attorney fees.

13.     This Settlement Agreement and this Order shall be null and void if any of the

following occur:

        a.      The Settlement Agreement is terminated by any of the parties, or any

                specified condition to the settlement set forth in the Settlement Agreement

is not satisfied and the satisfaction of such condition is not waived in

writing by the parties;

b.    The Court rejects, in any material aspect, the Final Order and Judgment

substantially in the form and content attached to the Settlement Agreement

and/or the parties fail to consent to the entry of another form of order in

lieu thereof;

c.    The Court rejects any component of the Settlement Agreement, including

any amendment thereto approved by the parties; or

d.    The Court approves the Settlement Agreement, including any amendment

thereto approved by the Parties, but such approval is reversed on appeal

and such reversal becomes final by the lapse of time or otherwise.

14.    If the Settlement Agreement and/or this Order are voided as described in

Paragraph 12 above, then the Settlement Agreement shall be of no force and effect and the

parties' rights and defenses shall be restored, without prejudice, to their respective positions as if

the Settlement Agreement had never been executed and this Order never entered.

15.    Neither this Order nor the Settlement Agreement shall constitute any evidence or

admission of liability by Defendants, or an admission regarding the propriety of any certification

for any class for purposes of litigation, nor shall they be offered in evidence in this or any

proceeding except to consummate or enforce the Settlement Agreement or the terms of this

Order.

16.    The Settlement Hearing is scheduled for November 27, 2018, at 3:00 p.m.

in the Courtroom of the Honorable Elizabeth A. Wolford, United States District Judge, 100 State

Street, Rochester, New York 14614.

6

17.     Class Notice shall be mailed by the Settlement Administrator selected by the parties, Analytics Consulting, LLC, on or before June 29, 2018.

18.     Requests for exclusion from the settlement must be postmarked on or before October 5, 2018.

19.     Claim forms must be postmarked on or before October 5, 2018.

20.     Objections to the settlement must be filed with the Court postmarked on or before October 5, 2018 and a copy of said objections must be served on class counsel and counsel for defendants in accordance with paragraph 9

IT IS SO ORDERED this 8th day of _____, 2018.

Elizabeth A. Wolford
United States District Judge

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*Hallmark v. Cohen & Slamowitz, LLP, and Midland Funding LLC*
Case No. 11-CV-842 (EAW)(LGF)

### Notice of Class Settlement

If you were sent a letter attempting to collect an alleged debt by Cohen & Slamowitz, LLP, on behalf of various alleged debt holders, including but not limited to Midland Funding LLC to collect an alleged debt between March 9, 2011 and March 9, 2012.

*A Federal court authorized this notice - This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A CLASS ACTION LAWSUIT.**
**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT. PLEASE READ THIS NOTICE CAREFULLY. IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY October 5, 2018** | By returning a completed claim form by <u>October 5, 2018,</u> you will remain in the Class and you will be entitled to receive a settlement check from the settlement fund. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY October 5, 2018** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT BY October 5, 2018** | Write to the Court about why you do not like the settlement. You must remain in the Settlement Class to object to the settlement. |
| **GO TO A HEARING ON November 27, 2018** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement but will *not* receive a share of the settlement fund. |

## WHAT THIS NOTICE CONTAINS

### 1. Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Cohen & Slamowitz, LLP, acting on behalf of various alleged debt holders, including but not limited to Midland Funding LLC (Cohen & Slamowitz, LLP and Midland Funding LLC are hereafter collectively referred to as, "the Defendants"), sent a debt-collection letter, between March 9, 2011 and March 9, 2012, allegedly attempting to collect court filing fees before the filing fees were actually paid to the court.

### 2. What is this lawsuit about?

This lawsuit alleges that the Defendants violated a federal law, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by attempting to collect filing fees without first filing the summonses and complaints with the New York state courts. Defendants deny that they committed any violations of the FDCPA or any other law and maintain that at that time any court filing fees were assessed the same were recoverable.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Hallmark) sue on behalf of a group (or a "Class") of people who have similar claims. In this case, the Class Representative filed a lawsuit alleging that Defendants' debt-collection letters violated the FDCPA.

### 4. Why is there a Settlement?

The Court has not decided which side is right or wrong in this case. Instead, both sides have agreed to a settlement to avoid the costs, risks, and delay of a lengthy trial and appeals process.

### 5. How do I know if I am a part of the Settlement?

For settlement purposes, the Court has certified classes that include all people who meet the following definition:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Defendant in a form materially identical or substantially similar to the letter attached to the Amended Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

According to Defendants' records, there are 29,922 people in the Class. *According to Defendants' records you are a Class Member and, therefore, entitled to recover by filing a claim form as described below.*

## THE SETTLEMENT BENEFITS

Defendants have agreed to pay the total cash sum of $225,000 to Plaintiff and the Class and as full and complete settlement of this lawsuit. This sum shall be used to make all payments, including notice and administration costs and attorney fees and costs approved by the Court under this Settlement, and also including all payments to the Class Representatives and to Class Members such as yourself (See Question 6). If you submit a timely claim form and the Court approves the settlement, you will receive a portion of the settlement funds.

### 6. What can I get from the settlement?

If you postmark and return the enclosed claim form by **October 5, 2018** to Analytics Consulting, LLC, you will be entitled to a share of $160,000 (the estimated amount left after payment to the Class Representative and after payment of administrative and notice costs). If all 29,922 Class members return a claim form, which is highly unlikely, each claimant will receive about $5.34. Assuming 10% of Class members return such a claim form, each claimant will receive approximately $53.47. No Class member is eligible to receive more than one check for their share of the Class Recovery.

### 7. I want to be a part of the Settlement. What do I do?

If you would like to receive a payment you must postmark and return the enclosed claim form by **October 5, 2018** to Analytics Consulting, LLC.

### 8. What am I giving up if I remain in the Settlement?

By staying in the Class and not excluding yourself from the Settlement, you will be considered a member of the Class. This means that you give up your right to sue or file a lawsuit against Defendants, its corporate affiliates, subsidiaries, principals, and agents for anything related to Defendants' letter to you allegedly attempting to collect filing fees before the filing of a state court summons and complaint against you.

### 9. How much will the Class Representative receive?

For his claims under the FDCPA and for his service as Class Representatives, Plaintiff Hallmark is asking to receive $25,000. This payment is subject to the Court's approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the Settlement, but you want to keep your legal claims against Defendants, then you must take steps to exclude yourself from the Class.

## 10. How do I get out of or exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a written request by mail stating that you want to be excluded from the Class in the case, *Hallmark v. Cohen & Slamowitz, LLP*, Case No. 11-CV-842.

To be valid, a written request for exclusion must be signed by you or your attorney and must include: (1) your name and address, and (2) a sentence stating that you want to exclude yourself from the Class.

You must mail your exclusion request so that it is postmarked **no later than October 5, 2018,** to the Class Administrator:

<div align="center">

Analytics Consulting, LLC
18675 Lake Dr E,
Eden Prairie, MN 55347
[include necessary reference information, if any]

</div>

You may not exclude any other person within the Class from the Settlement.

## 11. If I exclude myself, what happens?

If you exclude yourself from the Class, you will not receive anything resulting from the Settlement. You will have the right to sue Defendants relating to the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (the "statute of limitations") will begin to run again. You will have the same number of days in which to file a lawsuit that you had when Plaintiff moved to amend this case to have it proceed as a class action on March 9, 2012.

<div align="center">

**THE LAWYERS REPRESENTING YOU**

</div>

## 12. Do I have a lawyer in this case?

The Court has named the Bromberg Law Office, P.C., the Law Offices of Kenneth Hiller, PLLC, and the Law Office of Jonathan R. Miller, PLLC as lawyers to represent the Class ("Class Counsel"). You will not be charged for these lawyers' services; however, they will receive a payment as part of the Settlement in an amount not to exceed $400,000, subject to the Court's approval. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13. How will the lawyers be paid?

From the start of the lawsuit in 2011 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses. When they ask the Court to approve the settlement, they will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $400,000. The amount of attorneys' fees and costs awarded by the Court will be paid by Defendants. Class Members do not have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the settlement on behalf of all Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

### 14. Is this a fair settlement?

Class Counsel believes this settlement is fair. Mr. Hallmark claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA is a federal law that provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (1) any actual damages suffered (such as out-of-pocket expenses or emotional distress); and (2) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible combined recovery under the FDCPA is (1) any actual damages suffered by the class members; and (2) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything between zero and the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit also may recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

Class Counsel believes that in light of the risks of losing the case, the Settlement is fair and reasonable. Depending on the number of Class Members who submit claim forms, you could recover at a minimum $5.34, if not considerably more. Class Counsel believes this is ample compensation for the violations of the law alleged in the Lawsuit.

### 15. What is the Defendants' view of this Settlement?

Defendants deny that they violated the FDCPA and maintain that any and all court filing fees assessed were incurred and permitted. Nonetheless, Defendants desire to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to the debt-collection letters concerning alleged debts sent to the Class Members between March 9, 2011 and March 9, 2012.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the Settlement in writing and/or by attending the Fairness Hearing. In order to object to the Settlement in writing, you must send a letter or legal brief stating that you object and the reasons why you think the Court should not approve the Settlement. Specifically, your objection must include: (1) your name and address; (2) the name and number of the case: *Hallmark v. Cohen & Slamowitz, LLP*, Case No. 11-CV-842 (EAW)(LGF); and (3) the factual basis and legal grounds for your objection to the Settlement. You must mail your objection so that it is postmarked no later than **October 5, 2018** to:

Clerk of the Court
United States District Court for the Western District of New York
2 Niagara Square
Buffalo NY 14202

You must also send a copy of your objection by U.S. Mail and/or facsimile. with any such mailing or facsimile postmark/time-stamped no later than that same date to:

Class Counsel:

Brian L. Bromberg
BROMBERG LAW OFFICE, P.C.
26 Broadway. 21st Floor
New York, New York 10004
Facsimile:  (212) 248-7908
E-Mail:  brian@bromberglawoffice.com

-- AND –

Counsel for Defendants:
Andrew C. Sayles
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland NJ 07068
Facsimile: (973) 840-2449
Email: asayles@connellfoley.com
Counsel for Cohen & Slamowitz, LLP

Ellen B. Silverman
HINSHAW & CULBERTSON LLP
800 Third Avenue
13th Floor
New York, New York 10022
Facsimile:  (212) 935-1136
Email:  esilverman@hinshawlaw.com
Counsel for Midland Funding LLC


Instead of, or in addition to, your written objection, you can come to the Fairness Hearing and express
your objection orally to the Court.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend the hearing if
you wish, but you are not required to do so.

### 17. Where and when is the Fairness Hearing?

The Court will hold a Fairness Hearing on **November 27, 2018 at 3:00 p.m.,** in the courtroom of the
Honorable Elizabeth A. Wolford, United States District Judge, 100 State Street, Rochester, New York
14614. The purpose of the hearing will be for the Court to determine whether the proposed settlement is
fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate
amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any
objections and arguments concerning the fairness of the proposed settlement. It is not known how long
the Court will take to make its decision. In addition, the Court may continue or reschedule the hearing at
any time without further notice to you.

## 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer questions the Court may have, but you are welcome to come at your own expense. If you send a written objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. You are **not** required to attend the Fairness Hearing to be included in the Settlement.

## 19. Where can I get additional information?

To obtain additional information, you may contact Class Counsel. You can contact Brian L. Bromberg either in writing or by telephone at the addresses and telephone numbers below:

> Brian L. Bromberg
> BROMBERG LAW OFFICE, P.C.
> 26 Broadway, 21st Floor
> New York, New York 10004
> Telephone: (212) 248-7906
> Facsimile: (212) 248-7908
> E-Mail: brian@bromberglawoffice.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, OR TO THE DEFENDANTS OR THEIR COUNSEL.**

**THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

# PROOF OF CLAIM FORM

**RE:** *Hallmark v. Cohen & Slamowitz, LLP,* WDNY Case No. 11-CV-842 (EAW)(LGF)

### I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
### IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE <u>OCTOBER 5, 2018</u> AND MAILED TO THE FOLLOWING ADDRESS:

## [NAME AND ADDRESS OF ADMINISTRATOR]

## PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:

<u>NAME:</u> _____

<u>MAILING ADDRESS:</u> _____

_____

## IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:

_____

_____

IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE EXPLAIN IN DETAIL WHY YOU SHOULD RECEIVE A SHARE OF THE SETTLEMENT INSTEAD OF THE PERSON TO WHOM THE NOTICE WAS ADDRESSED:

_____

_____

_____

## SIGNATURE: _____

-8-