UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MICHAEL HALLMARK, on behalf of himself
and others similarly situated,

        Plaintiff,

v.

COHEN & SLAMOWITZ, LLP and
MIDLAND FUNDING LLC d/b/a
MIDLAND FUNDING OF DELAWARE, LLC,

        Defendants.

**DECISION AND ORDER**

1:11-CV-0842 EAW

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The parties to this action, plaintiff Michael Hallmark ("Plaintiff" or "Class Representative") and defendants Cohen & Slamowitz, LLP ("C&S") and Midland Funding LLC ("Midland") (collectively, "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the settlement class members and a final approval hearing, to settle the above-captioned action (the "Action") upon the terms and conditions set forth in the Settlement Agreement and Release ("Settlement Agreement") (Dkt. 373-3), which has been filed with the Court.

On March 6, 2018, Plaintiff filed the Settlement Agreement, along with a Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). (Dkt. 373). In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711, *et seq.*, Defendants served written notice of the proposed class action settlement on the

- 1 -

appropriate state and federal officials. On June 8, 2018, upon consideration of the Settlement Agreement and the Preliminary Approval Motion, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). (Dkt. 376). Under the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed Settlement Agreement; (ii) approved the form and content of the Class Notice; and (v) set the date and time of the Final Fairness Hearing. (*Id.*).

On November 21, 2018, Plaintiff filed a Motion for Final Approval of Class Action Settlement ("Final Approval Motion"), requesting final certification of the settlement class under Rule 23(b)(3) and final approval of the class action settlement. (Dkt. 382). On November 27, 2018, a final fairness hearing was held pursuant to Rule 23 to determine whether the Class satisfies the applicable requirements for class action treatment and whether the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class members and should be approved by the Court. (Dkt. 384).

The Court has read and considered the Settlement Agreement, the Final Approval Motion, and the record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action and over the parties thereto.

2. <u>Class Members</u>. On September 16, 2013, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Court certified the following class (the "Class") with respect to the claims asserted in the Action:

> All consumers with New York addresses, who: (a) within one year before March 9, 2012, the date of filing of Plaintiff's Motion to Amend in this action; (b) were sent a debt collection letter by Cohen & Slamowitz, LLP, in a form materially identical or substantially similar to the letter attached to the Amended Complaint as <u>Exhibit B</u> sent to the Plaintiff; or (c) were sent a debt collection letter demanding City Court filing fees that had not yet been paid, incurred, or reduced to judgment; or (d) were sent a debt collection letter that failed to disclose that the balance demanded included filing fees that had not yet been paid, incurred, or reduced to judgment; and (e) the letter was not returned by the postal service as undelivered.

(Dkt. 110). In particular, the Court found that the Class satisfied the requirements of Fed. R. Civ. P. 23(a) and (b)(3). (*Id.*). The Court reaffirms the findings set forth in its September 16, 2013 Order with respect to the appropriateness of maintaining this matter as a class action.

3. <u>Notice</u>. Pursuant to the Court's Preliminary Approval Order, the approved Notices were mailed to the members of the Class ("Class Members"). The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with the Court's Preliminary Approval Order, satisfied the requirements of Rule 23(c)(2)(B) and (e), comported with due process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notices were clearly designed to advise the Class Members of their rights.

4. <u>Fair and Adequate Representation</u>. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

5. <u>Final Approval of the Settlement</u>. The Court finds that the settlement of the Action on the terms and conditions set forth in the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Class Members, especially in light

of: the benefits to the Class Members; the strength of Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; the years of extensive and meaningful discovery that took place between experienced and capable counsel, who reached a settlement through arms'-length negotiations facilitated by an experienced mediator; the positive reaction of the class to the settlement; and the limited amount of any potential total recovery for the Class Members if litigation continued.

6. <u>Settlement Terms</u>. The proposed settlement and Settlement Agreement, which is filed with the Court (Dkt. 373-3), shall be deemed incorporated herein, are finally approved, and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The parties are hereby directed to perform the terms of the Settlement Agreement.

7. <u>Objections and Exclusions</u>. The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement, either prior to or at the final fairness hearing.

Five Class Members made valid and timely requests for exclusion and are excluded from the settlement and are not bound by this Final Order and Judgment. The identities of such persons are set forth in **Exhibit A**, attached hereto.

8. <u>Claim Forms</u>. As of November 21, 2018, the Settlement Administrator received 2,734 claim forms. Of these claim forms, 39 were untimely, 40 were unsigned, and 199 requested a name change without providing supporting documentation. For the reasons stated on the record during the final fairness hearing, the 39 untimely claim forms

and 40 unsigned claim forms will be treated as timely and valid. With respect to the 199 claim forms that requested unsupported names changes, the individuals who submitted those claim forms will receive checks issued in the legal name reflected in Defendants' records, along with a cover letter that (1) explains that the check has been issued in the legal name reflected in the relevant records and (2) affords the affected individuals an opportunity of not less than 30 days to submit additional documentation supporting the claimed name change and request a replacement check.

Each of the 2,734 Class Members who submitted a claim form and did not opt-out of the Settlement will receive approximately $59.45, depending on the final amount of the payment due to the Settlement Administrator.

9. <u>Class Members Bound</u>. This Final Order and Judgment is binding on all Class Members, except those individuals identified in Exhibit A hereto, who validly and timely excluded themselves from the Class.

10. <u>Release of Claims</u>. Plaintiff, the Class Members (except those individuals identified in Exhibit A), and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the "Released Claims" against the "Released Parties," as set forth in the Settlement Agreement. (Dkt. 373-3 at ¶ 15). Under the Settlement Agreement, the Released Claims are compromised, settled, released, discharged and dismissed with prejudice by virtue of these proceedings and this Final Order and Judgment. Nothing contained herein shall impair or limit any right or cause of action by any Class members to dispute the underlying debt or amount allegedly owed by them.

11. <u>No Admission of Liability</u>. This Final Order and Judgment is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding. Defendants deny any and all liability alleged in the Action.

12. <u>Retention of Jurisdiction</u>. The Court hereby retains continuing and exclusive jurisdiction over the parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement Agreement and this Final Order and Judgment.

13. <u>Attorneys' Fees and Costs</u>. Plaintiff has submitted, in connection with the Final Approval Motion, a request for $400,000.00 in attorneys' fees. For the reasons stated on the record at the final fairness hearing, the Court deems this request a separate motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d) and reserves decision on this motion pending additional briefing. In particular, Defendants shall have until January 14, 2019, to file any opposition papers to the request for attorneys' fees and costs. Plaintiff may file any reply by no later than February 15, 2019. The Court's reservation on the issue of attorneys' fees shall not delay the entry of judgment in this matter, nor shall any amendment of the judgment be required upon the Court's resolution of this issue. *See Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) (explaining that requests for attorneys' fees and costs under Rule 54(d) do not "imply a change in the judgment, but merely seek[] what is due because of the judgment" and therefore do not require a motion for amendment of the judgment (quotation omitted)).

14. <u>Distribution of Checks</u>. The Settlement Administrator is ordered to distribute

checks to all class members who have timely returned a claim form on or before December 31, 2018. Within 120 days of the date of this Final Order and Judgment, the Settlement Administrator is directed to file a notice apprising the Court that the terms of the Agreement have been complied with and providing the Court with an accounting of how all settlement moneys were distributed.

15. *Cy Pres* Award. Pursuant to the terms of the Settlement Agreement, any portion of the Settlement Fund that remains after the void date on the Class Members' checks will be donated to the Western New York Law Center. The Court finds that the Western New York Law Center is an appropriate *cy pres* designee and that a donation to the Western New York Law Center will achieve a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated

16. Incentive Award. The Court approves payment of an incentive award of $25,000.00 to Plaintiff for his services as Class Representative, consistent with the terms of the Settlement Agreement. The Court finds that special circumstances, including particularly Plaintiff's active and extensive involvement in the litigation of this matter, warrant the payment of this award.

17. Dismissal of Action. This Final Order and Judgment hereby dismisses the Action in its entirety. Ten days after the filing of the notice and accounting contemplated in paragraph 14 of this Final Order and Judgment, the dismissal shall become with prejudice and without costs, absent a timely motion by any party.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: November 30, 2018
       Rochester, New York

# EXHIBIT A
## INDIVIDUALS EXCLUDED FROM THE SETTLEMENT

1. Betty Lawrence
2. Carolyn D. Goldman
3. Michele R. Grippin
4. Nelly Lluberes
5. Jalajamma Krishnan